IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBIN D. BRUTON                                    *

      Plaintiff,                              *

    v.                                             *

GEORGETOWN UNIVERSITY                          *          Civil Action No.:  CV01874 RJL
37th and O Streets, NW
Washington, D.C.  20057                            *

    and                                          *

MEDSTAR HEALTH, INC.                           *
5565 Sterrett Place
Columbia, Maryland  21044                       *

    and                                          *

MEDSTAR-GEORGETOWN                            *
  MEDICAL CENTER
3800 Reservoir Road, NW                          *
Washington, D.C.  20007
                                                   *
    and                                          *

GEORGETOWN UNIVERSITY HOSPITAL                 *
3800 Reservoir Road, NW
Washington, D.C.  20007                          *

    and                                          *

AMY LU, M.D.                                    *
Georgetown University
3800 Reservoir Road, NW (4PHC)                  *
Washington, DC  20007                            *

| | |
|---|---|
| **and** | * |
| **LYNT JOHNSON, M.D.** | * |
| **Georgetown University** | |
| **3800 Reservoir Road, NW (4PHC)** | * |
| **Washington, DC  20007** | |
| | * |
| **Defendants.** | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION TO DISMISS OF DEFENDANTS, AMY LU, M.D., LYNT JOHNSON, M.D., GEORGETOWN UNIVERSITY, GEORGETOWN UNIVERSITY HOSPITAL, MEDSTAR GEORGETOWN MEDICAL CENTER, INC., AND MEDSTAR HEALTH, INC.

Defendants, Amy Lu, M.D., Lynt Johnson, M.D., Georgetown University, MedStar Georgetown Medical Center, Inc., Georgetown University Hospital, and MedStar Health, Inc. (collectively "Health Care Providers"), by and through their attorneys, Craig S. Brodsky and Goodell, DeVries, Leech & Dann, LLP, pursuant to the Federal Rules of Civil Procedure Rule 12(b)(1), respectfully move this Honorable Court for an Order dismissing this matter for lack of subject matter jurisdiction.

In the alternative, pursuant to the Federal Rules of Civil Procedure Rule 12(b)(6), the Health Care Providers respectfully move this Honorable Court for an Order dismissing MedStar Health, Inc. as a named Defendant in this matter.

In the alternative, pursuant to the Federal Rules of Civil Procedure Rule 12(b)(6), the Health Care Providers respectfully move this Honorable Court for an Order Dismissing Plaintiff's claim for Negligent Credentialing – a cause of action not recognized in the District of Columbia.

2

In support of their Motion, the Health Care Providers state as follows:

1.    The instant action is a claim for medical malpractice arising out of the alleged negligence of the Health Care Providers in the care and treatment of Robin D. Bruton ("Plaintiff"). In addition to the Health Care Providers, Plaintiff has asserted claims against twenty fictitious named defendants ("John Does 1-20").

2.    Jurisdiction in this matter is incorrectly predicated upon this Court's diversity jurisdiction conferred by 28 U.S.C. §1332. (See generally Complaint). Plaintiff is a citizen and resident of Maryland. (See Complaint ¶7). MedStar Health, Inc. is a non-profit corporation organized under the laws of Maryland with its principal place of business located in Maryland. (See Complaint ¶9). Because this matter is not a controversy between citizens of different states, this Court lacks subject matter jurisdiction. See 28 U.S.C. §1332. Therefore, this matter must be dismissed.

3.    Contrary to Plaintiff's Complaint, MedStar Health Inc. cannot be held liable for the alleged torts of the other Health Care Providers because Plaintiff fails to allege facts sufficient to pierce the corporate veil. For this reason, Plaintiff cannot state a claim against MedStar Health, Inc, and MedStar Health, Inc. must be dismissed from this action.

4.    Plaintiff's Complaint contains two (2) causes of action, both sounding in negligence. The first is a claim for medical malpractice, and the second rests on a theory of recovery not recognized in the District of Columbia – negligent credentialing.

Because the District of Columbia does not recognize a "negligent credentialing" cause of action, Plaintiff has failed to state a claim upon which relief can be granted. Therefore, Plaintiff's negligent credentialing must be dismissed.

5.    In further support of their Motion, this Court is respectfully referred to the accompanying Memorandum of Points and Authorities in support hereof.

WHEREFORE, the Health Care Providers respectfully requests that their Motion to Dismiss be granted.

Respectfully submitted,


_____/s/__ _Craig S. Brodsky_____
Craig S. Brodsky (Bar #454924)
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland  21202
(410) 783-4000
Attorneys for the Health Care Providers

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBIN D. BRUTON                          *

        Plaintiff,                    *

    v.                                    *

GEORGETOWN UNIVERSITY                    *       Civil Action No.:  CV01874 RJL
37th and O Streets, NW
Washington, D.C.  20057                  *

     and                              *

MEDSTAR HEALTH, INC.                     *
5565 Sterrett Place
Columbia, Maryland  21044                *

     and                              *

MEDSTAR-GEORGETOWN                       *
   MEDICAL CENTER
3800 Reservoir Road, NW                  *
Washington, D.C.  20007
                                         *

     and                              *

GEORGETOWN UNIVERSITY HOSPITAL
3800 Reservoir Road, NW                  *
Washington, D.C.  20007
                                         *

     and                              *

AMY LU, M.D.                             *
Georgetown University
3800 Reservoir Road, NW (4PHC)           *
Washington, DC  20007

**and**                                          *

**LYNT JOHNSON, M.D.**                            *
**Georgetown University**
**3800 Reservoir Road, NW (4PHC)**                *
**Washington, DC  20007**
                                                  *
      **Defendants.**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HEALTH CARE PROVIDER'S MOTION TO DISMISS

Defendants, Amy Lu, M.D., Lynt Johnson, M.D., Georgetown University, MedStar Georgetown Medical Center, Inc., Georgetown University Hospital, and MedStar Health, Inc. (collectively "Health Care Providers"), by and through their attorneys, Craig S. Brodsky and Goodell, DeVries, Leech & Dann, LLP, pursuant to the Federal Rules of Civil Procedure, respectfully submit the following Memorandum of Law in support of their Motion to Dismiss.

### INTRODUCTION

This is an action of alleged medical malpractice brought by Plaintiff against the Health Care Providers and twenty fictitious named defendants ("John Does 1-20"). Plaintiff's Complaint must be dismissed because this action does not involve a federal question, and because it is a civil action between citizens of Maryland.  As such, this court lacks subject matter jurisdiction.

In the alternative, MedStar Health, Inc. should be dismissed from this action because, under the facts alleged, MedStar Health, Inc. cannot be held liable for the alleged wrongdoing of its subsidiaries, their agents, servants and employees.[1]

In the alternative, Plaintiff's claim for negligent credentialing should be dismissed because the District of Columbia does not recognize such a cause of action. Furthermore, hospital credentialing actions have been deemed by the legislature to be confidential, not discoverable, and not admissible at trial. Therefore, public policy dictates that Plaintiff's cause of action for negligent credentialing must be dismissed.

## ARGUMENT

*I.    This Court does not have Subject Matter Jurisdiction based on diversity of citizenship, and this matter must be dismissed.*

Plaintiff claims diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (See generally Complaint). Plaintiff is a citizen and resident of Maryland. (See Complaint ¶7). MedStar Health, Inc. is a non-profit corporation organized under the laws of Maryland with its principal place of business located in Maryland. (See Complaint ¶9). Accordingly, this Court lacks subject matter jurisdiction over the present claim because this civil action is not between citizens of different states, and it does not involve a federal question.

---

[1]    In filing this Motion, the Health Care Providers preserve any and all defense that may be available, and the remaining Healthcare Providers' position that they are proper parties to this action shall not be construed to suggest that these defendants are in any way liable as alleged in the Complaint.

3

Jurisdiction pursuant to diversity of citizenship is set forth in 28 U.S.C. § 1332, which

provides, in relevant part:

> (a)    The district court shall have original jurisdiction of all
> civil actions where the matter in controversy exceeds the sum
> or value of $75,000, exclusive interest and costs, and is
> between -
>
> (1)    citizens of different States;
>
> (2)    citizens of a State and citizens or
> subjects of a foreign state;
>
> (3)    citizens of different States and in which citizens
> or subjects of a foreign state are additional parties; and
>
> (4)    a foreign state, defined in section 1603(a) of
> this title, as plaintiff and citizens of a State or of different
> States.

See 28 U.S.C. § 1332.

Since 1806, the Supreme Court has required complete diversity of citizenship for a

federal court to have jurisdiction. See Strawbridge v. Curtiss, 3 Cranch 267, 7 U.S. 267, 2

L.Ed. 435 (1806); see also Caterpillar, Inc. v. Louis, 519 U.S. 61, 62, 117 S. Ct. 467, 136 L.Ed.

2d 437 (1996); Allen v. Rehman, 132 F. Supp. 2d 27 (D. D.C.2000); Wagshall v. Rigler, 947

F.Supp. 10 (D.D.C.1996).

An individual is considered a citizen of the state in which she is domiciled. See

Vlandis v. Kline, 412 U.S. 441, 454, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973); McCann v.

Newman Irrevocable Trust, 458 F.3d 281 (3rd Cir. 2006) (noting that citizenship, for

purpose of diversity jurisdiction, is synonymous with domicile, and the domicile of an

4

individual is his true, fixed and permanent home and place of habitation).   In the instant case, Plaintiff is domiciled in Maryland.  Accordingly, for purposes of diversity jurisdiction, Plaintiff is a Maryland citizen.  (Complaint ¶7).

A corporation is deemed to be a citizen of any State in which it is incorporated and of the State where it has its principal place of business.  See 28 U.S.C. § 1332 (c) (1); see also Louisville, C. & C.R. Co. v. Letson, 43 U.S. 497, 555 (1844) ("A corporation created by, and transacting business in, a state, is to be deemed an inhabitant of the state, capable of being treated as a citizen for all purposes of suing and being sued…"). MedStar Health, Inc. is a Maryland corporation with its principal place of business in Maryland. (Complaint ¶9).  Accordingly, MedStar Health, Inc. is a Maryland citizen for purposes of diversity jurisdiction.

Because both Plaintiff and MedStar Health, Inc. are citizens of Maryland, the Health Care Providers respectfully requests that this Court issue an Order dismissing this action for it lacks subject matter jurisdiction.

II.     As a matter of law, Medstar Health, Inc. cannot be held liable for the acts alleged in Plaintiff's Complaint.  Therefore, Medstar Health, Inc. should be dismissed from this action.

Plaintiff alleges MedStar Health, Inc. is vicariously liable for the alleged wrongdoings of the other Health Care Providers.  However, under the theory of limited liability, MedStar Health, Inc. cannot be held liable for the acts of it subsidiary unless there are sufficient allegations to pierce the corporate veil.  See Johnson v. Flower Industries, 814

F.2d 978, 980 (4th Cir. 1987) (holding that the parent company had the same rights to limited liability as an individual shareholder). Courts will pierce the corporate veil if the parent company dominates the subsidiary to the "extent that the subservient corporations manifests no separate corporate interests of its own and functions solely to achieve the purposes of the dominant corporation." See Kivo Indus. Supply Co. v. National Distillers & Chem. Corp., 483 F.2d 1098, 1106 (5th Cir. 1973). Therefore, absent allegations of a sham corporation, the parent company cannot be held liable for its subsidiary's tortious conduct. See Id.; see also, Olympia Equipment Leasing Company v. Union Telegraph, 786 F.2d 794 (7th Cir.1986). [2]

The District of Columbia has yet to adopt a definitive test to apply when a party seeks to pierce the corporate veil. In those cases that have addressed the issue, however, certain elements have been required to pierce the corporate veil; courts have required that

---

[2]    The District of Columbia's law applies in the instant action. See Hercules & Co., 566 A.2d 31, 40 (D.C. 1989); Nwaoh v. Onyeoziri, 2006 WL 3361540 (D.D.C.2006). A federal court chooses the appropriate state law by using the choice of law rules of the jurisdiction in which it sits. Klaxon Co. v. Stenor Electric Manufacturing Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 1021-22, 85 L.Ed. 1477 (1941). The District of Columbia uses a "governmental interests" test in which the Court is to identify each jurisdiction's interest in having its substantive law applied and then choose which jurisdiction has the stronger interest. Kaiser-Georgetown Community Health Plan, Inc. v. Stutsman, 491 A.2d 502, 509 (D.C.1985).

In the instant action, the District has a stronger interest in applying its negligence laws to those who obtain medical care in the District, and ensuring that those corporations incorporated in the District are held accountable for their torts. See Id. at 509-11. In the instant case, the alleged injury occurred in the District, the alleged conduct causing injury took place in the District, and Plaintiff chose to sue in the District. Therefore, the District of Columbia has a stronger interest in applying its laws.

there be evidence of unity of ownership or interest, and some showing that the corporate form has been utilized to perpetrate a fraud or injustice. See Burrows Motor Co. v. Davis, 76 A.2d 163 (D.C. Mun. App. 1950) ("Before a corporate entity can be disregarded … it must appear that the … separateness of the persons and the corporation has ceased and … adherence to the fiction of the separate existence … would sanction a fraud or promote an injustice"); see also McAuliffe v. C and K Builders, Inc., 142 A.2d 605 (D.C. Mun. App. 1958) (stating that there must be affirmative proof that a unity of ownership and interest exists and that the corporation was created or used for the purpose of perpetrating fraud or wrong); Harris v. Wagshal, 343 A.2d 283 (D.C. App. 1975) (noting that where the corporate form is a mere sham and is used by those in control to work injustice, it will be disregarded); Securities Industry Ass'n v. Federal Home Loan Bank Bd., 588 F. Supp. 749, 754 (D.D.C. 1984) ("Except in unusual circumstances, courts will not disregard the separate identities of a parent and its subsidiary, even a wholly-owned subsidiary.").

In the instant case, there are no allegations that any of the corporate defendants were created or used for purposes of perpetrating a fraud or wrong. (See generally Complaint). Furthermore, there are no allegations that MedStar Health, Inc. disregarded corporate formalities or that the subsidiary functioned solely to achieve the purposes of the MedStar Health, Inc. Id.

At best, the only theory of recovery set forth in the Complaint is negligence for which Plaintiffs seeks to hold MedStar Health, Inc. liable as "owner" of MedStar

Georgetown Medical Center, Inc." (See e.g., Complaint ¶¶ 1, 35, 87, 88, 89, 93 and 95).

Contrary to Plaintiff's allegations, however, MedStar Health, Inc. cannot be held liable

for the alleged negligence of the remaining Health Care Providers simply because it holds

stock in the company. See Johnson, 814 F.2d at 980.

In cases identical to this case, MedStar Health, Inc. has previously been

determined not liable for the alleged wrongdoings of its subsidiaries.  See Javier Lopez

v. Medlantic Healthcare Group, Inc., et. al., Civil Action No.:  00-2739(JR); see also

Lettice McKenzie, et al. v. Medlantic Healthcare Group, Inc., et al., Civil Action No.:

001974-CA-99 (D.C. Superior Court).

In Javier Lopez v. Medlantic Healthcare Group, Inc., et. al., Judge James

Robertson of this Court granted MedStar Health, Inc.'s Motion to Dismiss and stated

"plaintiffs do not suggest that the defendants' corporate structure sanctions a fraud....

Nor do they invoke the classic reason for 'piercing the corporate veil,' which is to

foreclose one corporation from leaving liability in the lap of the alter ego that is judgment

proof."   This case is identical to Javier; Plaintiff does not allege facts sufficient to pierce

the corporate veil.  Therefore, as in Javier, MedStar Health, Inc. should be dismissed.

Judge Robertson's Memorandum Opinion is attached hereto as Exhibit 1.

Likewise, in Lettice McKenzie, et al. v. Medlantic Healthcare Group, Inc., et al.,

Judge Rafael Diaz of the Superior Court of the District of Columbia granted a Motion

similar to the instant Motion and held that MedStar Health, Inc. was not the proper party

to the lawsuit, and not liable for the torts of its subsidiary. A copy of Judge Diaz's Order

is attached hereto as Exhibit 2.

Accordingly, this Court should dismiss MedStar Health, Inc. as a named

Defendant.

III.      *Plaintiff has failed to state a claim for negligent credentialing because the District of Columbia does not recognize this cause of action, and because negligent credentialing claims are against public policy. Therefore, Plaintiff's claim must be dismissed.*

Plaintiff's final claim rests on a theory of negligent credentialing. In asserting his

claim, Plaintiff alleges the following:

> MedStar Health, Inc. failed to institute adequate supervision and control over the hospital ward, and failed to employ health care providers having the requisite skill to care for and treat the Plaintiff. (See Complaint ¶ 87).

> "[MedStar Health, Inc.] failed to investigate the qualifications, competence, capacity, abilities and capabilities of … [the health care providers] including but not limited to obtaining the following information: patient grievances, negative health care outcomes, incidents injurious to patients, medical malpractice actions commenced against said persons, including the outcome thereof, any history of association, privilege and/or practice at other institutions, any discontinuation of said association, employment, privilege and/or practice at said institution, and any pending professional misconduct proceedings in this State or another State, the substance of the allegations in such proceedings and any additional information concerning such proceedings and the findings of the proceedings … and … failed to make sufficient inquiry of the physicians, nurses and/or employees and institutions which should and did have information relevant to the capacity, capability, ability and competence of said persons rendering treatment." (See Complaint ¶93).

Although Plaintiff contends that the above allegations set forth a claim for negligent credentialing, the District of Columbia does not recognize such a claim, and public policy prohibits such a claim. [3]  Accordingly, Plaintiffs claim for negligent credentialing must be dismissed.

> A.   The District of Columbia has not recognized a cause of action for negligent credentialing.

Negligent credentialing is not a recognized cause of action in the District of Columbia.  The District of Columbia's courts have never issued an opinion establishing, sanctioning, or acknowledging a claim for negligent credentialing, and not a single statue can be cited that establishes the vitality of such a claim.

Despite the utter lack of authority or legal basis for this claim, Plaintiff seeks recovery for negligent credentialing.  However, absent judicial or legislative precedent from the District, it is beyond the province of this Court to establish a new cause of action in the District of Columbia. See Day and Zimmermann, Inc. v. Challoner, 423 U.S. 3, 4, 96 S.Ct. 167, 168, 46 L.Ed.2d 3 (1975) (As the Supreme Court has made clear, "[a] federal court in a diversity case is not free to engraft onto those state rules exceptions or modifications that may commend themselves to the federal court, but which have not commended

---

[3]   Plaintiff is correct in alleging that MedStar Georgetown Medical Center, Inc, (and not MedStar Health, Inc) extended privileges to the physicians in his case. (See Complaint ¶¶12, 13, and 14). MedStar Health, Inc., as the parent company, neither took part in the credentialing process nor the process in which privileges were issued. Therefore, absent allegations sufficient to pierce the corporate veil, MedStar Health, Inc. cannot be held liable for the acts of its subsidiary, including the credentialing process.

themselves to the State in which the federal court sits."); <u>see also</u> <u>Cantwell v. University</u> <u>of Massachusetts</u>, 551 F.2d 879, 880 (1st Cir.1977) (noting that federal courts take the law of the appropriate jurisdiction as they find it, and leave it undisturbed).

Therefore, absent some authoritative signal from the District of Columbia, there is no basis for this Court to even consider Plaintiff's negligent credentialing claim.

Accordingly, Plaintiff's negligent credentialing claim must be dismissed because the District of Columbia has not recognized a cause of action for negligent credentialing, and because this Court cannot establish a new cause of action in the District.

     B.    <u>The District of Columbia would never recognize negligent credentialing claims because public policy requires that such materials remain confidential, not discoverable and not admissible at trial.</u>

Plaintiff's negligent credentialing claim is in direct conflict with the District of Columbia's public policy of promoting the peer review process, a process that the District of Columbia has deemed crucial in providing competent medical care to its citizens. Therefore, the District's Courts would not recognize a claim for negligent credentialing. The peer review process enables hospitals and physicians to evaluate, discuss and improve upon their treatment of patients without fear or threat of litigation. <u>See</u> Report of the Committee on Consumer and Regulatory Affairs on Bill 9-355, The Health Care Peer Review Act of 1992 (October 27, 1992) (The committee report accompanying the act declared that the act was intended "to expand, strengthen and clarify the immunity and confidentiality provisions" of the existing peer review statute and to enhance "the

11

willingness of both health care providers and consumers to participate in the work of peer

review entities."). Id. note 6, at 2.

To further the peer review process, the District of Columbia Counsel enacted § 44-

801 *et seq*. Section 44-801 *et seq*. exists solely to promote candid and meaningful

discussion between health care providers by protecting medical peer review discussions

and materials from disclosure.    See D.C. Code §44-805(a). Section 44-805(a) provides

in relevant part:

> (1) the files, records, findings, opinions, recommendations,
> evaluations and reports of a *peer review body*, information
> provided to or obtained by a *peer review body*, the identity of
> persons providing information to a *peer review body*, and
> reports or information provided pursuant to Section 44-802 or
> federal District of Columbia law shall be confidential and
> shall neither be discoverable nor admissible into evidence and
> any civil, criminal, legislative or administrative proceedings.

See D.C. Code §44-805(a) (emphasis added).[4]

Under the above statute, the peer review committee's files are deemed confidential,

not discoverable and not admissible in a court of law or administrative proceeding. In order

for Plaintiff to establish his case in chief, however, it is essential that he have access to the

Health Care Providers' credentialing files, and that the files be admissible into evidence.

---

[4]    A "peer review body" is "a committee, board, hearing panel or officer ... of
a health-care facility or agency, group practice or health care professional
association that engages in peer review. See D.C. Code §44-801. Peer review
includes, but is not limited to, the "grant, delineation, renewal, denial,
modification, limitation, or suspension of clinical privileges to provide health-care
services at a health-care facility or agency..." See id. Therefore, a medical peer
review committee or credentialing committee is a peer review body, and is files
are deemed privilege and confidential. Id.

12

Without the credentialing file, Plaintiff cannot prove that the credentialing committee was negligent in its decision. Similarly, the Health Care Providers will need to disclose these files in order to adequately defend their decisions. If the credentialing materials can be discovered, and if courts were to start judging the peer review process, the public policy behind a peer review would be completely frustrated. Any future discussions between physicians and hospitals regarding patient care would be guarded, and legal consequences would hover over every word.

This result was clearly contemplated and rejected when the City Council enacted § 44-801 *et seq.* The Council determined that the need for open discussion and critique within the medical community far outweighs the need for civil litigants to have access to credentialing information, notwithstanding a claim that such material is relevant to a plaintiff's claim. These confidentiality provisions, therefore, preclude potential plaintiffs from bringing a claim of negligent credentialing.

In accord with the above discussion, Plaintiff's negligent credentialing claim fails to state a cause of action recognized in the District of Columbia, and must therefore be dismissed.

## CONCLUSION

For all of the foregoing reasons, the Health Care Providers respectfully request that their Motion to Dismiss be granted.

Respectfully submitted,


_____ /s/ *Craig S. Brodsky* _____
Craig S. Brodsky (Bar #454924)
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland  21202
(410) 783-4000
Attorneys for the Health Care Providers

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


ROBIN D. BRUTON                          *

       Plaintiff,                    *

    v.                                   *

GEORGETOWN UNIVERSITY                    *      Civil Action No.:  CV01874 RJL
37th and O Streets, NW
Washington, D.C.  20057                  *

    and                                  *

MEDSTAR HEALTH, INC.                     *
5565 Sterrett Place
Columbia, Maryland  21044                *

    and                                  *

MEDSTAR-GEORGETOWN                       *
   MEDICAL CENTER
3800 Reservoir Road, NW                  *
Washington, D.C.  20007
                                         *
    and                                  *

GEORGETOWN UNIVERSITY HOSPITAL
3800 Reservoir Road, NW                  *
Washington, D.C.  20007
                                         *
    and                                  *

AMY LU, M.D.                             *
Georgetown University
3800 Reservoir Road, NW (4PHC)           *
Washington, DC  20007

and                                                    *

**LYNT JOHNSON, M.D.**                                 *
**Georgetown University**
**3800 Reservoir Road, NW (4PHC)**                     *
**Washington, DC 20007**
                                                       *
     **Defendants.**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>ORDER</u>

Upon consideration of Defendant Health Care Providers' Motion to Dismiss, and any opposition thereto, it is this _____ day of December, 2006, hereby

ORDERED that the Health Care Providers' Motion to Dismiss for lack of Subject Matter Jurisdiction is hereby GRANTED; and it is further

ORDERED that this matter is DISMISSED.

In the alternative, it is hereby

ORDERED that Defendant Health Care Providers' Motion to Dismiss for Failure to State a Claim is hereby GRANTED; and it is further

ORDERED that Defendant MedStar Health, Inc. is DISMISSED as a named Defendant.

In the alternative, it is hereby

ORDERED that Defendant Health Care Providers' Motion to Dismiss Plaintiff's negligent credentialing claim is hereby GRANTED; and it is further

2

ORDERED that Plaintiff's negligent credentialing claim is DISMISSED.

_____
United States District Judge

cc:    Spencer F. Cargle, Esquire
       Cargle & Associates
       Attorneys at Law
       67 Wall Street, 22nd Floor
       New York, New York  10005

       Craig S. Brodsky
       Goodell, DeVries, Leech & Dann, LLP
       One South Street, 20th Floor
       Baltimore, Maryland  21202
       (410) 783-4000

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of December, 2006, a copy of the

foregoing Motion to Dismiss, Memorandum of Points and Authority in Support of

Motion to Dismiss, Entry of Appearance, Request for Hearing, and a proposed Order,

were mailed first class postage prepaid to:

Spencer F. Cargle, Esquire
Cargle & Associates
Attorneys at Law
67 Wall Street, 22nd Floor
New York, New York 10005

       _____ /s/ *Craig S. Brodsky*_____
       Craig S. Brodsky (Bar #454924)

4

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAVIER LOPEZ, *et al.*,           :
                                  :
          Plaintiffs,             :
                                  :
     v.                           :  Civil Action No. 00-2739 (JR)
                                  :
MEDLANTIC HEALTHCARE GROUP, INC.  :
d/b/a WASHINGTON HOSPITAL         :
CENTER, *et al.*,                 :
                                  :
          Defendants.             :

## MEMORANDUM

     Defendant MedStar Health, Inc. moves to dismiss for
failure to state a claim upon which relief can be granted,
arguing that a corporate parent is not liable for the torts of an
employee of its subsidiary, in this case Medlantic Healthcare
Group, Inc.  Plaintiffs oppose the motion and seek additional
discovery into the relationship between MedStar Health and
Medlantic Healthcare Group in order to demonstrate enough "unity
of interest and ownership" to support a finding of liability as
to the parent.[1]

     Unity of interest and ownership will not support an
order "piercing the corporate veil" without a showing that
"adherence to the fiction of the separate existence of the
corporation would sanction a fraud or promote injustice."
Material Supply Int'l v. Sunmatch Industrial Co., Ltd., 62 F.

---

[1] Medlantic Healthcare Group has conceded its own liability.

EXHIBIT
4
ALL-STATE® INTERNATIONAL

Supp. 2d 13, 21 (D.D.C. 1999), quoting <u>Shapiro, Lifschitz v.</u>
<u>Hazard</u>, 24 F. Supp. 2d 66, 70 n.3 (D.D.C. 1998) (requiring
affirmative evidence of unity of interest and ownership and
inequitable result if acts are treated as those of the
corporation alone); <u>see also</u> <u>Securities Industry Ass'n v. Federal</u>
<u>Home Loan Bank Bd.</u>, 588 F. Supp. 749, 754 (D.D.C. 1984)("Except
in unusual circumstances, courts will not disregard the separate
identities of a parent and its subsidiary, even a wholly-owned
subsidiary."); <u>Vuitch v. Furr</u>, 482 A.2d 811, 815 (D.C. App.
1984).

These plaintiffs do not suggest that defendants'
corporate structure sanctions a fraud or that further discovery
would uncover fraud.  Nor do they invoke the classic reason for
"piercing the corporate veil," which is to foreclose one
corporation from leaving liability in the lap of an alter ego
that is judgment proof.[2]  <u>See</u> <u>Labadie Coal Co. v. Black</u>, 672 F.2d
92, 100 (D.C. Cir 1982).

The fairness proposition advanced by plaintiffs is
that, since MedStar "exercises control" over Medlantic and
"facilitates the management of healthcare services rendered by
Medlantic," it would be "extremely unfair to prevent Mr. and Mrs.
Lopez from collecting punitive damages from MedStar."  Plf.'s

---

[2] Medlantic Healthcare Group is hardly judgment proof. It
has $40,000,000 of insurance coverage to satisfy any judgment.

Reply Mem. at 6-7. In other words, plaintiffs assert that it would be unfair not to permit them to put the assets of MedStar Health before the jury and point out that MedStar is a multi-state conglomerate.  No case is cited in support of that assertion, and it is rejected.

An appropriate order accompanies this memorandum.


_____
JAMES ROBERTSON
United States District Judge

Copies to:

Jack H. Olender
Harlow R. Case
Gary S. Freeman
Sandra H. Robinson
Melissa Rhea
Kim Keenan Solomon
Elizabeth J. Frey
Karen E. Evans
Narda M. Newby
888 17th Street, N.W.
Fourth Floor
Washington, DC 20006

<u>Counsel for Plaintiffs</u>

Brian J. Nash
Daniel C. Costell
Wharton, Levin, Ehrmantraut,
Klein & Nash, P.A.
P.O. Box 551
Annapolis, MD 21404-0551

<u>Counsel for Defendants</u>

- 4 -

# EXHIBIT 2

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

LETTICE E. McKENZIE, et al.

      Plaintiffs,

      v.

MEDLANTIC HEALTHCARE
  GROUP, INC. d/b/a
Washington Hospital Center

      Defendant.

            Civil Action No. 001974-CA-99
            Calendar #8
            Judge Rafael Diaz

## ORDER

UPON CONSIDERATION OF Defendant's Motion to Dismiss and any Opposition filed thereto, it is hereby this 25th day of October 2000

ORDERED that Defendant's Motion Dismiss is GRANTED, and it is further

ORDERED, that any and all claims asserted against MEDSTAR HEALTH and MEDSTAR HEALTH WASHINGTON are hereby struck and dismissed with prejudice.

*Dismissal of these parties from the case is proper; it is clear they are not the proper parties to this action; dismissal of these parties will not create prejudice for plaintiff should they prevail; while the remaining defendants are not conceding liability, defendants clearly state who the proper defendants are; lastly, the Court reviewed the pleadings concerned with the December 1999 Motion to Dismiss, and believes its ruling they does not have a preclusive effect to grant this motion. RD*

_____
Judge Rafael Diaz
Superior Court for the
District of Columbia

DOCKETED  OCT 3 0 2000
MAILED  OCT 3 0 2000

RECEIVED-WLEICN
NOV   2000
SCC          P

-1-

EXHIBIT
3
L-STATE® INTERNATIONAL