## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROBIN D. BRUTON                          *

     Plaintiff,                    *

v.                                       *

                                         Civil Action No.:  CV01874 RJL

                                  *

MEDSTAR-GEORGETOWN
  MEDICAL CENTER INC., et al.            *

     Defendants                    *

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## ANSWER OF DEFENDANTS MEDSTAR GEORGETOWN
## <u>MEDICAL CENTER, INC., AMY LU, M.D. AND LYNT JOHNSON, M.D.</u>

     Defendants, MedStar Georgetown Medical Center, Inc., Amy Lu, M.D., and Lynt

Johnson, M.D., by and through undersigned counsel, hereby Answer the Complaint filed

against them as follows:

     1.     Denied.

     2.     Admitted.

     3.     Denied.

     4.     Denied.

     5.     These Defendants are without knowledge sufficient to admit or deny the

allegations set forth in paragraph 5.

     6.     Denied.

     7.     These Defendants are without knowledge sufficient to admit or deny the

allegations set forth in paragraph 7.

8.      As Defendant Georgetown University has been dismissed from this action, no response to this paragraph is required.

9.      As Defendant MedStar Health, Inc. has been dismissed from this action, no response to this paragraph is required.  To the extent a further response is required, this allegation is denied.

10.     Answering Defendants admit the first sentence of paragraph 10, and deny as phrased the second sentence of paragraph 10.

11.     Georgetown University Hospital has been dismissed as an entity in this case; therefore, no response is required.

12.     Admitted.

13.     Admitted.

14.     Answering Defendants are without knowledge to admit or deny the allegations set forth in paragraph 14.

15.     Answering Defendants are without knowledge to admit or deny the allegations set forth in paragraph 15.

16.     Answering Defendants can neither admit nor deny the allegations set forth in paragraph 16 as the allegations constitute the Plaintiff's legal conclusions.

17.     Denied.

18.     Answering Defendants are without knowledge sufficient to admit or deny the allegations set forth in paragraph 18.

19.     Answering Defendants are without knowledge sufficient to admit or deny the allegations set forth in paragraph 19.

20.    Admitted.

21.    Denied as phrased.

22.    Admitted.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied as phrased.

27.    Denied.

28.    Denied.

29.    Admitted.

30.    Denied as phrased.

31.    Admitted.

32.    Denied.

33.    Denied.

34.    Denied as phrased.

35.    Denied.

36.    Denied.

37.    Admitted.

38.    Answering Defendants are without knowledge sufficient to admit or deny the allegations set forth in paragraph 38.

39.    Answering Defendants are without knowledge sufficient to admit or deny the allegations set forth in paragraph 39.

40.    Answering Defendants are without knowledge sufficient to admit or deny the allegations set forth in paragraph 40.

41.    Answering Defendants are without knowledge sufficient to admit or deny the allegations set forth in paragraph 41.

42.    Answering Defendants are without knowledge sufficient to admit or deny the allegations set forth in paragraph 42.

43.    Answering Defendants are without knowledge sufficient to admit or deny the allegations set forth in paragraph 43.

44.    Answering Defendants are without knowledge sufficient to admit or deny the allegations set forth in paragraph 44.

45.    Answering Defendants are without knowledge sufficient to admit or deny the allegations set forth in paragraph 45.

46.    Admitted.

47.    Admitted.

48.    Admitted.

49.    Answering Defendants are without knowledge sufficient to admit or deny the allegations set forth in paragraph 49.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Answering Defendants are without knowledge sufficient to admit or deny the allegations set forth in paragraph 60.

61.    Answering Defendants are without knowledge sufficient to admit or deny the allegations set forth in paragraph 61.

62.    Answering Defendants are without knowledge sufficient to admit or deny the allegations set forth in paragraph 62.

63.    Denied.

64.    Answering Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 64.

65.    Denied.

66.    Denied.

67.    Denied as phrased.

68.    Denied as phrased.

69.    Denied as phrased.

70.    Denied as phrased.

71.    Defendants admit that Defendant Lu was an employee of MedStar Georgetown Medical, Inc. and that Defendant Lu was a licensed physician.  Defendants

also admit that Defendant Johnson was a licensed physician employed by Defendant MedStar Georgetown Medical Center, Inc.  Defendants deny the remaining allegations set forth in paragraph 71.

72.    Defendants admit that Defendants Lu and Johnson had privileges at Defendant MedStar Georgetown Medical Center, Inc.  Defendants deny the remaining allegations set forth in paragraph 72.

73.    Defendants admit that Plaintiff was admitted to MedStar Georgetown Medical Center, Inc. and deny as phrased the remaining allegations set forth in paragraph 73.

74.    Denied.

75.    Admitted.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied as phrased.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Answering Defendants are without knowledge sufficient to admit or deny the allegations set forth in paragraph 91.

92.     As Count II has been dismissed, no responsive pleading is required.

93.     Answering Defendants specifically deny each and every allegation of fact non-specifically admitted above.

## AFFIRMATIVE AND OTHER DEFENSES

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff's claims are barred by assumption of the risk.

3.     Plaintiff's claims are barred by contributory negligence.

4.     Plaintiff's claims are barred by intervening and supervening causes.

5.     Plaintiff's claims are caused by individuals over whom these Defendants had no right of control.

6.     Plaintiff's claims are limited by the doctrine of charitable immunity.

WHEREFORE, having fully Answered the Complaint, these answering Defendants respectfully request that this Honorable Court dismiss this action with prejudice, award them their costs of suit, including attorney's fees incurred herein, and for such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

_____/s/   *Craig S. Brodsky*_____

Craig S. Brodsky (Bar #454924)
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland  21202
(410) 783-4000
Attorneys for the Health Care Providers

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of January, 2007, a copy of the

foregoing Answer of Defendants MedStar Georgetown Medical Center, Inc., Amy Lu,

M.D. and Lynt Johnson, M.D. was mailed first class postage prepaid to:

Spencer F. Cargle, Esquire
Cargle & Associates
Attorneys at Law
67 Wall Street, 22nd Floor
New York, New York  10005

_____/s/ *Craig S. Brodsky*_____
Craig S. Brodsky (Bar #454924)

813202

-8-