IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN D. BRUTON | * |
|     Plaintiff, | * |
| v. | * |
| |   Civil Action No.:  CV01874 RJL |
| | * |
| MEDSTAR-GEORGETOWN<br>  MEDICAL CENTER INC., et al. | * |
|     Defendants | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**JOINT RULE 16.3 REPORT**

Pursuant to Local Rule 16.3 and Fed. R. Civ. P. 26(f), the attorneys for the Plaintiff and Defendants conferred on January 24, 2007, and hereby submit the following joint statement pursuant to Rule 16.3(c):

(1) <u>WHETHER THE CASE IS LIKELY TO BE DISPOSED OF BY DISPOSITIVE MOTION</u>

Although the Parties anticipate the filing of dispositive motions, they also agree that the filing of any such motions would be premature at this time.  There are no pending dispositive motions at this time.

(2) <u>THE DATE BY WHICH ANY OTHER PARTIES SHALL BE JOINED OR THE PLEADINGS AMENDED</u>

It is presently unclear whether additional parties will be joined.  The Parties, however, agree that additional parties shall be joined by April 24, 2007.

(3) <u>WHETHER THE CASE SHOULD BE ASSIGNED TO A MAGISTRATE JUDGE FOR ALL PURPOSES, INCLUDING TRIAL</u>

The Parties do not consent to having the case assigned to a magistrate judge.

(4) <u>WHETHER THERE IS A REALISTIC POSSIBILITY OF SETTLING THE CASE</u>

While the Parties are not aware of any information that would preclude settlement, the likelihood of settlement is somewhat premature at this time, as the Parties have not engaged in any substantial discovery.

(5) <u>WHETHER THE CASE COULD BENEFIT FROM THE COURT'S ALTERNATIVE DISPUTE RESOLUTION (ADR) PROCEDURES</u>

The Parties believe that ADR would be premature, and that ADR would be appropriate after discovery.

(6) <u>WHETHER THE CASE CAN BE RESOLVED BY SUMMARY JUDGMENT OR MOTION TO DISMISS</u>

Although the Parties anticipate the filing of further dispositive motions, they also agree that the filing of any such motions would be premature at this time. The Parties have jointly proposed a deadline of 30 days after the close of discovery for filing dispositive motions.

(7) <u>WHETHER THE PARTIES SHOULD DISPENSE WITH THE INITIAL DISCLOSURES REQUIRED BY RULE 26(a))(1), F.R.CIV. P.</u>

The Parties agree to dispense with the initial disclosures required by Rule 26(a)(1).

(8) <u>THE ANTICIPATED EXTENT OF DISCOVERY</u>

The Parties were unable to agree on several matters regarding the extent of discovery. The Plaintiff proposes to address these issues at the initial scheduling conference, and the Defendants, respectfully propose the following schedule:

   a. All parties shall be joined on or before April 24, 2007.

   b. The close of factual discovery shall be September 24, 2007.

   c. The deadline for Plaintiffs to identify experts shall be May 24, 2007.

   d. The deadline for Defendants to identify experts shall be July 24, 2007.

   e. The deadline for Plaintiffs to identify rebuttal experts shall be August 15, 2007.

#825620                                    2

    f.    The deadline for the filing of Requests for Admission shall be August 16, 2007.

    g.    The deadline for the filing of dispositive motions and/or Daubert motions shall be October 23, 2007.

    h.    The date of the Pre-Trial Conference shall be provided by the Court.

    i.    Motions *in limine* shall be filed 30 days before trial.

    j.    The trial shall begin on the date provided by the Court.

(9) <u>WHETHER THE REQUIREMENT OF EXCHANGE OF EXPERT WITNESS REPORTS AND INFORMATION PURSUANT TO RULE 26(a)(2), F.R.CIV.P., SHOULD BE MODIFIED</u>

The Parties agree to make all expert witnesses available for depositions. Furthermore, the Parties agree to dispense with the exchange of formal expert witness reports pursuant to Rule 26(a)(2). Rather, counsel shall prepare a designation summarizing the experts' qualifications and opinions by the deadline set by the court.

(10) <u>CLASS ACTIONS</u>

Not applicable.

(11) <u>WHETHER THE TRIAL AND/OR DISCOVERY SHOULD BE BIFURCATED</u>

The Parties agree that it is premature to determine whether the trial and/or discovery should be bifurcated. The Parties will revisit this issue as discovery progresses.

(12) <u>DATE FOR PRETRIAL CONFERENCE</u>

The Parties respectfully request that the Court set a mutually-agreeable date for the pretrial conference. Defendants respectfully propose a date of November 28, 2007.

(13) <u>DATE FOR TRIAL</u>

The Parties prefer that a firm trial date be set at the first scheduling conference.

(14) <u>SUCH OTHER MATTERS THAT THE PARTIES BELIEVE MAY BE APPROPRIATE FOR INCLUSION IN THE SCHEDULING ORDER</u>

The Parties have no other matters that they believe need to be included in the scheduling order at this time.

Respectfully Submitted,

| ___/s/ Spencer F. Cargle_____ | ___/s/ Craig S. Brodsky_____ |
|---|---|
| SPENCER F. CARGLE (Fed. Bar No._____) | CRAIG S. BRODSKY (Fed. Bar No. #454924) |
| CARGLE & ASSOCIATES | GOODELL, DEVRIES, LEECH & DANN, LLP |
| 67 Wall Street, 22nd Floor | One South Street, 20th Floor |
| New York, New York 10005 | Baltimore, Maryland 21202 |
| ***Attorneys for Plaintiff*** | (410) 783-4000 |
| | ***Attorneys for the Health Care Providers, Defendants*** |

## **CERTIFICATE OF SERVICE**

I, Craig S. Brodsky, hereby certify that on this 25th day of January, 2007, a copy of the foregoing

Rule 16.3 Statement was electronically served upon:

SPENCER F. CARGLE
CARGLE & ASSOCIATES
67 Wall Street, 22nd Floor
New York, New York  10005
*Attorneys for Plaintiff*


             _____/s/ Craig S. Brodsky_____
             Craig S. Brodsky (Fed. Bar No. #454924)