IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBIN D. BRUTON** | * |
| **Plaintiff,** | * |
| v. | * |
| | *     Civil Action No.: CV01874 RJL |
| | * |
| **MEDSTAR-GEORGETOWN** | |
| **MEDICAL CENTER INC., et al.** | * |
| **Defendants** | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **INTERROGATORIES**

TO:     Robin D. Bruton

FROM:   MedStar Georgetown Medical Center, Inc.

Pursuant to the Federal Rules of Civil Procedure, Defendant MedStar Georgetown Medical Center, Inc., by and through its undersigned counsel requests that, within 30 days after the date on which these interrogatories are served, Plaintiff Robin D. Bruton answer, under oath or affirmation, the following Interrogatories:

## **DEFINITIONS**

Unless negated by the context of the specific Interrogatory, the following definitions shall apply:

A.      "Plaintiff" refers to Robin D. Bruton, including employees, representatives, attorneys, consultants, agents, and any person or entity acting or purporting to act on their behalf or at her direction.

B.      "MedStar-Georgetown" refers to MedStar Georgetown Medical Center, Inc., including its employees, representatives, attorneys, consultants, agents, and any person or entity acting or purporting to act on MedStar-Georgetown's behalf or at its direction.

C.      "Defendants" refers to MedStar-Georgetown, Amy Lu, M.D. ("Dr. Lu"), and Lynt Johnson, M.D. ("Dr. Johnson"), including their employees, representatives, attorneys, consultants, agents, and any person or entity acting or purporting to act on Defendants' behalf or at their direction.

D.      "You" and "your," shall mean Plaintiff including her employees, representatives, attorneys, consultants, agents, and any person or entity acting or purporting to act on your behalf or at your direction.

E.      "Complaint" refers to the Complaint in the above-captioned action filed by Plaintiff on or about November 2, 2006.

F.      "Person" or "persons" as used herein includes, without limitation, individuals, associations, partnerships, corporations, and government organizations.

G.      "Communication" means any transmission, exchange, or making known of information, facts, ideas, opinions, inquiries, or thoughts by oral, written, electronic, pictorial, or other means, including but not limited to personal conversations, conferences, telephone conversations, memoranda, letters, correspondence, reports and publications, and shall include any means of

conveying a message from one or more persons to one or more persons including (but not limited to) electronic mail and voice mail. The term "communication" shall be given the broadest possible interpretation.

H.      The term "document", "documents" or "documentation" includes, but is not limited to, any written, printed, typed, recorded, filmed, punched, transcribed, taped or other graphic matter of any kind or nature held or produced or reproduced, whether sent or received, including the original, draft, copies and non-identical copies bearing notation or marks not found on the original, and includes, but is not limited to, all the correspondence, records, drawings, calculations, memoranda, reports, financial statements, telegrams, cables, telex messages, tabulations, studies, analyses, evaluations, projections, work appointment books, diaries, lists, comparisons, questionnaires, surveys, charts, graphs, books, pamphlets, booklets, articles, magazines, newspapers, microfilms, microfiche, photographs, tapes, recordings, punched cards, magnetic tapes, discs, data sales, drums, print-outs, telecopies, faxes, computer generated reports and print-outs, e-mails, computer files, computer disks, and any data compilations from which information can be obtained, which are in your custody, possession and/or control or to which you otherwise have access.

I.      A document "relating to", "related to", "regarding", "concerning", or "pertaining to" any given subject matter, means a document that constitutes, pertains to or in any way directly or indirectly bears upon or deals with that subject matter,

830277                                      - 3 -

including, without limitation, a document concerning the preparation of other documents.

J. The term "identify" when used in reference to a person means to state the person's full name, present address, and home and business telephone number, if known, and the person's present or last known position, title, position, and business affiliation. The term "identify" when used in reference to a document means to state the date and author, type of document (letter, memorandum, telegram, chart, etc.), or some other means of identifying it, and its present location or custodian. If any such document was, but is no longer in the possession, custody, or control of Plaintiff, state what disposition was made of such document.

K. The terms "and" and "or" as used in these Interrogatories shall be construed both disjunctively and conjunctively so as to bring within the scope of each of these interrogatories the broadest possible range of information.

## INSTRUCTIONS

A. These Interrogatories are continuing in nature as stated in Rule 33 of the Federal Rules of Civil Procedure, and thus require Plaintiff to timely file supplemental answers if Plaintiff learns that her response is in some material respect incomplete or incorrect and if the additional or corrective information has

not otherwise been made known to the other parties during the discovery process or in writing.

B.   Plaintiff shall answer each Interrogatory in accord with the Federal Rules of Civil Procedure.

C.   If Plaintiff's answer to any Interrogatory refers to an oral communication, state the date, time, and place of the communication, identify each and every person participating in or present during the communication and state the substance of what was said by each participant in the communication. If any record, including but not limited to a written, mechanical, magnetic, or digital record was made of the communication, identify the record and the custodian thereof.

D.   If Plaintiff is unable to respond to any Interrogatory completely, Plaintiff should: (a) so state, (b) respond to the extent possible, (c) set forth the reason(s) for the inability to respond more fully, and (d) state whatever knowledge or information Plaintiff has concerning the unanswered portion of the Interrogatory.

E.   If Plaintiff objects to only part of an Interrogatory, Plaintiff should identify the part of the Interrogatory to which Plaintiff objects and answer the remainder of the Interrogatory.

F.   Plaintiff should interpret each Interrogatory broadly, and the generality of any one Interrogatory should not be limited because of the specificity of any other Interrogatory.

830277                                          - 5 -

G.  If Plaintiff, in accord with Rule 33(d) of the Federal Rules of Civil Procedure, elect to specify and produce business records in answer to any Interrogatory, Plaintiff should provide information sufficient for MedStar-Georgetown to locate and identify the documents from which the answer may be ascertained. Additionally, Plaintiff shall provide in a narrative answer any supplemental facts or information which cannot be ascertained or derived from the documents and which are necessary to make the response to the Interrogatory complete and not misleading.

H.  If Plaintiff provides only a portion of the information called for by any particular Interrogatory, Plaintiff should state the reason(s) for the alleged inability to provide the remainder of the information requested.

I.  If Plaintiff perceives any ambiguities in a question, instruction, or definition, set forth the matter deemed ambiguous and the construction used in answering.

J.  Whenever necessary to bring within the scope of a Request the broadest possible range of information, the singular form of a word shall include the plural, the plural form of a word shall include the singular, and references to one gender shall include the other gender.

# INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify yourself fully, including your full name, date of birth, social security number, marital status, and your residence and business addresses for the last ten (10) years specifying the dates during which you were at each address.

**INTERROGATORY NO. 2:**

State particularly what damage or losses, whether economic or non-economic, you contend were caused by the negligence or failure to exercise proper standards of medical care by the Defendants.

**INTERROGATORY NO. 3:**

Describe clearly and in detail each symptom, disability, or abnormal physical or mental condition which you claim to have been caused by the alleged negligence of the Defendants, include in your answer the date or date and times upon which each symptom, disability or abnormal physical or mental condition first occurred, the nature and location of all injuries suffered, and the duration of each such symptom, disability, or abnormal physical or mental condition

**INTERROGATORY NO. 4:**

Describe the nature and subject matter of each picture, diagram, document, x-ray, or other object (real evidence) which is known to you and which pertains to

or is relevant to the alleged negligence and its alleged consequences. Name the present custodian of each and state the date each was produced or obtained.

**INTERROGATORY NO. 5:**

State the names and addresses of all physicians, clinics, hospitals, or other Defendants who have examined or treated you as a result of the alleged malpractice here involved, and after each state the dates of said examinations or treatments, and the nature and purpose therefore.

**INTERROGATORY NO. 6:**

State the names and addresses of all persons from whom you have written, signed or recorded statements, attaching to your answer a copy of any such statement in your control of the Defendants.

**INTERROGATORY NO. 7:**

If you contend that the Defendants made any oral or written statements which constitute an admission or declaration against interest with reference to any of the issues raised in this case, state the name or identity of the person making such statement, the content of such statement, the date, the time, the place of such statement, and the names and addresses of the individuals who heard such statement.

**INTERROGATORY NO. 8:**

State the names, addresses, and qualifications of all physicians or other experts whom you propose to call as witnesses, include in your answer the

830277                                       - 8 -

individual's field of expertise, the subject matter upon which he or she will testify, the substance of the facts and opinions to which he or she is expected to testify, and the grounds for each opinion. In addition, for each individual named please attach to your answers a copy of their curriculum vitae and all written reports received from the same.

**INTERROGATORY NO. 9:**

If you received any injuries in any accident or occurrence or suffered any illness prior or subsequent to the malpractice alleged in the Complaint, state the details, including date, place of occurrence, nature of injuries sustained, and the names and addresses of attending physicians and the dates of all examinations or treatments for such injuries.

**INTERROGATORY NO. 10:**

If you have ever been involved as a complaining party in any other claim for personal injury or property damage, state the date of each such claim, the place where it occurred, the nature of the claim, and the names and addresses of the other parties and identify fully any lawsuits arising out of such claims including the court, jurisdiction and docket reference.

**INTERROGATORY NO. 11:**

State the name and address of any person not otherwise mentioned in Answers to these Interrogatories who has personal knowledge of facts material to this case.

**INTERROGATORY NO. 12:**

State whether any organization or person (other than the Plaintiff) has any interest in this action by way of lien or subrogation. If so, state the name and address of each such organization or person, and the nature and extent of their interest.

**INTERROGATORY NO. 13:**

State the names and addresses of all physicians, psychiatrists, psychologists, clinics and/or hospitals from whom you have ever received either consultation or treatment within the past fifteen (15) years, including in your answer the reason for each consultation or treatment and the date of said consultation or treatments.

**INTERROGATORY NO. 14:**

If you have ever pleaded guilty to or have been convicted of any crime, other than minor traffic violations, state the nature of the crime, the date of the crime, the county or city (and state) in which the crime was committed, whether or not you were represented by counsel, and the Court's docket reference to such crime.

**INTERROGATORY NO. 15:**

If you have ever filed for Bankruptcy, state the date you filed, and the Court's docket reference to such filing.

830277                                              - 10 -

**INTERROGATORY NO. 16:**

State whether you have entered into any settlement agreement or compromise with any person or institution you claim is liable for your alleged injuries and if so, identify each such person or institution, set forth in full detail the terms of any settlement agreement or release you have entered into with each such person or institution and state whether a settlement agreement or release has been executed by you or anyone on your behalf and the present custodian of any such agreement.

**INTERROGATORY NO. 17:**

Describe in detail your educational and employment history, including, but not limited to, each school attended, the inclusive dates of attendance, the name and address of the school, your course of study, degrees awarded, the name and address of each employer, the inclusive dates of each employer, your hours of work, your rate of compensation, your duties, the inclusive dates of employment and why you left each employ.

**INTERROGATORY NO. 18**:

Do you claim that any medical record of yours is inaccurate, altered, missing?  If so, describe the record, its date, by whom authored, how the document is inaccurate or altered, and what any missing record should reflect.

**INTERROGATORY NO. 19**:

Identify each individual, including any person who is not specifically named and identified as a party in this action, that you contend breached the standard of care.

**INTERROGATORY NO. 20**:

If you contend Dr. Lu breached the standard of care, set forth all facts and circumstances that support your contention.

**INTERROGATORY NO. 21**:

If you contend Dr. Johnson breached the standard of care, set forth all facts and circumstances that support your contention.

**INTERROGATORY NO. 22**:

If you contend that any other individual or entity (other than Dr. Lu or Dr. Johnson) breached the standard of care, set forth all facts and circumstances that support your contention.

**INTERROGATORY NO. 23**:

If you contend that MedStar-Georgetown is liable on any basis other than vicarious liability, state the basis and any and all facts on which you intend to rely to support your contention, including an exact description of how MedStar-Georgetown is liable, and how Medstar-Georgetown caused or contributed to the occurrence.

Respectfully submitted,

/s/ Craig S. Brodsky
CRAIG S. BRODSKY (Fed. Bar No. #454924)
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
***Attorneys for the Health Care Providers, Defendants***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of February, 2007, a copy of the foregoing Interrogatories was mailed first-class, postage prepaid to:

SPENCER F. CARGLE
CARGLE & ASSOCIATES
67 Wall Street, 22nd Floor
New York, New York  10005
***Attorneys for Plaintiff***

Pursuant to Local Rule 104.5, the original of the above-described discovery materials shall be kept in the file of undersigned counsel until the conclusion of this action.

/s/ Craig S. Brodsky
Craig S. Brodsky