IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ROBIN D. BRUTON** | * | |
| **Plaintiff,** | * | |
| v. | * | **Civil Action No.: CV01874 RJL** |
| | * | |
| **MEDSTAR-GEORGETOWN MEDICAL CENTER INC., et al.** | * | |
| **Defendants** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants, by their attorneys, Craig S. Brodsky and Goodell, DeVries, Leech & Dann, LLP, pursuant to Rule 34 of the Federal Rules of Civil Procedure, request Plaintiff to produce at the offices of Goodell, DeVries, Leech & Dann, One South Street, 20th Floor, Baltimore, Maryland 21202 within thirty (30) days after receipt of this Request all the following documents in Plaintiff's possession or control:

## DEFINITIONS

A.   The term "documents" includes, but is not limited to any written, printed, typed, recorded, filmed, punched, transcribed, taped or other graphic matter of any kind or nature held or produced or reproduced, whether sent or received, including the original, draft, copies and non-identical copies bearing notation or marks not found on the original, and includes, but is not limited to, all the correspondence, records, drawings, calculations, memoranda, reports, financial

statements, telegrams, cables, telex messages, tabulations, studies, analysis, evaluations, projections, work appointment books, diaries, lists, comparisons, questionnaires, surveys, charts, graphs, books, pamphlets, booklets, articles, magazines, newspapers, microfilms, microfiche, photographs, tapes or other recording, punched cards, magnetic tapes, discs, data sales, drums, print-outs, computer generated reports and print-outs, other data compilations from which information can be obtained, any other documents defined in Rule 34 of the Federal Rules of Civil Procedure, which is in your custody, possession and/or control or to which you otherwise have access.

    B.    A document "relating", "related", "related to", "regarding", to any given subject matter, means the documents that constitute, pertain to or in any way directly or indirectly bear upon or deal with that subject matter, including, without limitation, documents concerning the preparation of documents.

    C.    If the document request calls for a document which Plaintiff claims to be privileged, in lieu of production, state:

        (1)    the reason for withholding;

        (2)    the author of the document;

        (3)    each individual or other person to whom the document indicates the original or copy has been sent;

        (4)    the date of the document; and

        (5)    the general subject of the document.

**SCHEDULE OF DOCUMENTS**

1.      All medical records, surgical records, x-rays, mental health records, emotional records, psychiatric records, psychological care records, consultation records, financial records, bills, invoices, writings, notes, memoranda or other documents relating in any way to Plaintiff's, Robin D. Bruton ("Plaintiff"), physical, mental, or medical condition, illnesses, or disabilities, including, but not limited to those of doctors, nurses, practitioners, hospitals, clinics, institutions, or other health care providers or third party private or governmental health or accident insurers, without regard to whether it is Plaintiff's contention that such physical, mental or medical conditions, illnesses or disabilities were caused in any way by the Defendants or by any of the Defendants' agents or employees.

2.      All documents of any kind or description pertaining to, referring or evidencing medical expenses or other financial losses or damages claimed by Plaintiff or anyone on her behalf including, but not limited to, invoices, statements, receipt for payment, or insurance vouchers of payment of medical bills, expenses or losses.

3.      Any and all photographs, sketches, videotapes, diagrams, or pictorial representations relating in any way to the allegations of the Complaint.

4.      Any and all notes and reports provided by any and all treating physicians and/or independent experts for Plaintiff.

5. Any and all documents referred to in your Answers to Interrogatories or other discovery responses.

6. All documents of any kind or description containing opinions, analyses or conclusions of any expert expected to be called to testify at the trial or hearing hereof.

7 Any documents that Plaintiff contends or reflects admissions against interest by the Defendants or by any of the Defendants' agents or employees.

8 Any and all correspondence between Plaintiff and any Defendant.

9 Any and all documents that support any claim for loss of income, if any.

10. Any and all statements (written, transcribed and/or recorded) made by Defendants and/or their agents, servants or employees relating in any manner to the care and treatment of Plaintiff.

11. Any and all diaries, journals, notations, writings or other documents (either handwritten or computer maintained) which Plaintiff has authored either prior to and/or subsequent to the occurrence which forms the basis for your lawsuit and which concerns any matter alleged in the lawsuit.

12. Any and all tangible objects that the Plaintiff plans to introduce into evidence or otherwise use at trial of this matter.

13. All documents of any kind purporting to have been authored by Defendants or their agents, regarding any issue in the within lawsuit.

14. All documents given to the Plaintiff or any family member of the Plaintiff by Defendants or any of Defendants' agents, servants or employees.

15. All documents that pertain to any payment made by an insurance company, or a self-insured payer, or any other institution or company, for treatment rendered to Plaintiff within the last fifteen (15) years.

16. All documents pertaining or relating to written or oral communications with any expert whom you intend to call to testify in this matter.

17. All documents provided by counsel to any expert expected to be called to testify at the trial of this case.

18. All documents provided to counsel to any expert expected to be called to testify at the trial of this case.

19. Any and all other documents or other items that the Plaintiff asserts are relevant to the alleged occurrence, the alleged negligence, the alleged damages and/or any other aspect of this case.

20. All federal and state income tax returns from 1992 through the present filed by Plaintiff, either individually or jointly with another individual or entity.

21. All W-2 forms from 1992 through the present reflecting Plaintiff's earned income.

22. All documents evidencing Plaintiff's employment history for the past fifteen (15) years, including documents which evidence the place of employment, job title and duties assigned to each place of employment, average number of hours worked at each place of employment, the dates and length of each employment, and the identity of a supervisor or someone of authority from each place of employment who could testify with respect to her job titles, duties and salaries.

23. Each and every treatise, exhibit, memorandum, drawing, writing, diagram, or other tangible item or piece of real evidence upon which you intend to rely at the time of the hearing or trial.

24. All documents pertaining to any claim made by you, other than this claim, against any person, firm, corporation or other entity arising out of the occurrence or the damages which are the subject of this claim.

25. Copies of the current *curriculum vitae* of all experts whom you intend to call to testify at the trial or hearing of this case.

26. All statutes, protocols, guidelines, written recommendations for treatment you intend to rely on in your case in chief as relevant to any issue in the above case.

Respectfully submitted,

    /s/ Craig S. Brodsky
CRAIG S. BRODSKY (Fed. Bar No. #454924)
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
***Attorneys for the Health Care Providers, Defendants***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of February, 2007, a copy of the foregoing Request for Production of Documents was mailed first-class, postage prepaid to:

SPENCER F. CARGLE
CARGLE & ASSOCIATES
67 Wall Street, 22nd Floor
New York, New York 10005
***Attorneys for Plaintiff***

Pursuant to Local Rule 104.5, the original of the above-described discovery materials shall be kept in the file of undersigned counsel until the conclusion of this action.

    /s/ Craig S. Brodsky
Craig S. Brodsky

830318    - 7 -