IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBIN D. BRUTON | * | |
| **Plaintiff,** | * | |
| v. | * | Civil Action No.:  CV01874 JDB |
| | * | |
| MEDSTAR-GEORGETOWN MEDICAL CENTER INC., et al. | * | |
| **Defendants** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### DEFENDANTS' MOTION FOR A QUALIFIED PROTECTIVE ORDER PERMITTING *EX PARTE* CONTACTS WITH TREATING HEALTHCARE PROVIDERS

Defendants, Amy Lu, M.D., Lynt Johnson, M.D., and MedStar-Georgetown Medical Center, Inc., ("Defendants"), by and through their counsel, Susan T. Preston, Craig S. Brodsky and Goodell, DeVries, Leech & Dann, LLP, respectfully request a qualified protective order permitting *ex parte* contacts with the treating healthcare providers of Plaintiff Robin D. Bruton, as grounds therefore Defendants state as follows:

1.     The instant case is a medical malpractice claim involving allegations of medical negligence on the part of three named defendants, and numerous fictitious defendants.  Plaintiff has had a long and complicated medical history, with multiple providers, much of which bears on the nature and extent of the allegations raised in this case.  Plaintiff has been on hemodialysis since 2004 as a result of end-stage renal disease, and her medical history is remarkable for systemic lupus erythematous since 1989.

2.      In August of 2004, Plaintiff elected to undergo a surgical procedure in which a peritoneal dialysis catheter was inserted into her abdomen to artificially remove waste products and extra fluid from her blood because her kidneys were unable to remove the waste materials on their own.  Plaintiff alleges that Defendants negligently inserted the peritoneal catheter into her bowel during the procedure, and that they failed to timely recognize that her bowel had been perforated.  As a result of the alleged negligence, Plaintiff claims to have suffered permanent and lasting physical pain and mental anguish.

3.      As noted above, Plaintiff has been treated by non-party health care providers who have knowledge relating to her condition and her alleged damages.

4.      In filing suit, Plaintiff has placed her medical condition (and thus, the medical care rendered by her various providers) squarely at issue.

5.      District of Columbia law permits *ex parte* communication with treating healthcare providers once a plaintiff places her medical condition at issue in a lawsuit.  Street v. Hedgepath, 807 A.2d 1238, 1246 (D.C. 1992).  However, in order to comply fully with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Defendants seek a qualified protective order permitting communication with Plaintiff's treating healthcare providers.

6.      Defendants incorporate as if fully set forth herein the Points and Authorities set forth in the attached Memorandum of Points and Authorities in Support of their Motion for Qualified Protective Order.

7.    Defense counsel attempted to obtain consent for <u>ex</u> <u>parte</u> interviews with these health care providers prior to filing this Motion.  Plaintiff's counsel, however, has not consented.

8.    A proposed order is attached.

**WHEREFORE**, for the reasons stated in this motion and the attached memorandum, Defendants respectfully request the Court to enter a Qualified Protective Order permitting *ex parte* communication by Defendants' counsel with Robin D. Bruton's treating health care providers on issues relevant to this matter.

Respectfully submitted,


      /s/ Craig S. Brodsky
CRAIG S. BRODSKY (Fed. Bar No. #454924)
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
*Counsel  for the Health Care Providers,*
*Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of July, 2007 a copy of Defendants'

Motion for a Qualified Protective Order Permitting *Ex Parte* Contacts with Treating

Physicians; Memorandum of Points and Authorities in Support of their Motion for Qualified

Protective Order Permitting *Ex Parte* Contacts with Treating Physicians; Request for a

Hearing; and proposed Order was served electronically to:

Spencer F. Cargle, Esquire
Cargle & Associates
67 Wall Street, 22nd Floor
New York, New York  10005

***Counsel for Plaintiff***

_____/s/ Craig S. Brodsky_____
CRAIG S. BRODSKY (Fed. Bar No. #454924)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**ROBIN D. BRUTON**                          *

    **Plaintiff,**                          *

**v.**                                       *

                                 **Civil Action No.:  CV01874 RJL**

                                *

**MEDSTAR-GEORGETOWN**
  **MEDICAL CENTER INC., et al.**          *

    **Defendants**                          *

    **\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### <u>REQUEST FOR HEARING</u>

      Defendants, Amy Lu, M.D., Lynt Johnson, M.D., and MedStar-Georgetown

Medical Center, Inc.,  by and through undersigned counsel, respectfully request a hearing on

their Motion for a Qualified Protective Order Permitting *Ex Parte* Contacts with Treating

Health Care Providers.

                       Respectfully submitted,

                       _____/s/ Craig S. Brodsky_____
                       CRAIG S. BRODSKY (Fed. Bar No. #454924)
                       GOODELL, DEVRIES, LEECH & DANN, LLP
                       One South Street, 20th Floor
                       Baltimore, Maryland 21202
                       (410) 783-4000
                       ***Counsel for  the Health Care Providers,***
                       ***Defendants***

### IN THE UNITED STATES DISTRICT COURT

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROBIN D. BRUTON** | * |
| **Plaintiff,** | * |
| **v.** | * |
| | *      **Civil Action No.:  CV01874 RJL** |
| | * |
| **MEDSTAR-GEORGETOWN** | |
|   **MEDICAL CENTER INC., et al.** | * |
| **Defendants** | * |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION FOR A QUALIFIED PROTECTIVE ORDER <u>PERMITTING _EX PARTE_
CONTACTS WITH TREATING PHYSICIANS</u>**

Defendants, Amy Lu, M.D., Lynt Johnson, M.D., and MedStar-Georgetown Medical Center, Inc., ("Defendants"), by and through their counsel, Susan T. Preston, Craig S. Brodsky and Goodell, DeVries, Leech & Dann, LLP, respectfully submit this Memorandum of Points and Authorities in support of their Motion for a Qualified Protective Order permitting _ex parte_ contacts with Plaintiff's treating physicians:

**I.      _BACKGROUND_**

This is a medical malpractice action filed by Robin D. Bruton ("Plaintiff") alleging that the Defendants provided inappropriate medical care and treatment to the Plaintiff during a surgical procedure in which a peritoneal dialysis catheter was inserted into the Plaintiff's abdomen to artificially remove waste products and extra fluid from the Plaintiff's blood because her kidneys were unable to remove the waste materials on their own.  The Plaintiff had been on hemodialysis since 2004 as a result of end-stage renal disease.  Plaintiff alleges that as a result of the Defendants' negligence, Plaintiff has suffered permanent injury.

Plaintiff has placed her health condition squarely at issue. In addition, Plaintiff has an unrestricted opportunity to entertain ex parte communications with her treating heath care providers.  In order to properly investigate and defend against Plaintiff's allegations, it is essential for Defendants to have the same ability to speak with these health care providers through ex parte communications.

The Defendants file this motion in light of the need for compliance with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") in harmony with the law of the District of Columbia.  Defense counsel attempted to obtain consent for *ex parte* interviews with these healthcare providers prior to the filing of this motion.  Plaintiff's counsel, however, has not consented.

## II.    ARGUMENT

### A.    The District of Columbia Law Permits Ex parte    Communications With Treating Healthcare Providers.

In filing this medical malpractice lawsuit, Plaintiff has waived her statutory privilege that would otherwise prevent her healthcare providers from discussing her medical condition without her consent.  Although the District of Columbia has created a statutory privilege that prevents physicians from testifying about their patients' medical conditions (See D.C. Code § 14-307), a plaintiff puts his/her medical condition at issue by filing suit, and District of Columbia law implies a waiver of this privilege as to all medical information relevant to the suit.  Street v. Hedgepath, 807 A.2d 1238, 1246 (D.C. 1992), citing Sklagen v. Greater Southeast Community Hospital, 625 F. Supp. 991, 992 (D.D.C. 1984); Doe v. Eli Lilly & Co., 99 F.R.D. 126, 127 (D.D.C. 1983).  Having placed her medical treatment at issue, Plaintiff must inevitably see the release of information related to her medical condition.

Defendants seek an opportunity through this proposed protective order for counsel to speak with Plaintiff's healthcare providers about matters relating to her lawsuit, should the providers be so willing.  In withholding consent to a limited protective order, however, counsel for Plaintiff seeks merely to gain a tactical advantage over Defendants, and seeks to deny Defendants access to one of the most basic forms of informal discovery that are available to parties in a lawsuit:  investigation through informal interviews of non-party witnesses.

*Ex parte* communications with non-party witnesses have long been recognized as a proper means of obtaining discovery.  "While the Federal Rules of Civil Procedure have provided certain specific formal methods of acquiring evidence from recalcitrant sources by compulsion, they have never been thought to preclude the use of such venerable, if informal, discovery techniques as the ex parte interview of a witness who is willing to speak." Doe v. Eli Lilly & Co., Inc., 99 F.R.D. at 128.  Permitting such voluntary *ex parte* communications is "less costly and less likely to entail logistical or scheduling problems; it is conducive to spontaneity and candor in a way depositions can never be; and it is a cost-efficient means of eliminating non-essential witnesses from the list completely." Id.  The Street court acknowledged that "*[e]x parte* interviews with a treating physician are a permissible means of informal discovery when the plaintiff has put the medical condition of that physician's patient at issue by filing a lawsuit." Street, 807 A.2d at 1247.  The ends of justice are well-served by providing counsel for both parties equal opportunity to speak with treating providers, and those providers who do not wish to speak to counsel informally are not compelled to do so.

> **B.**   ***A Court Order For Disclosure Of Protected Health Information Serves Both The Privacy Interests Of HIPAA And The Interests Of Fairness To Litigants Under D.C. Law.***

With the advent of HIPAA privacy regulations, the Department of Health and Human Services set forth rules specifying when medical information may and may not be disclosed. The privacy standards promulgated pursuant to HIPAA permit the use of person's protected health information ("PHI") in a judicial proceeding as long as satisfactory safeguards are in place to limit the use and disclosure of the PHI. See 45 C.F.R. § 164.512(e). Accordingly, HIPAA's privacy standards are satisfied by, inter alia, the entry of a protective order that:

(1) prohibits the parties from using or disclosing the PHI for any purpose other than the subject litigation; and

(2) requires that the PHI (including all copies made) be returned to the health care provider from whom the PHI was obtained, or that the PHI (including all copies made) be destroyed, at the conclusion of the litigation, including appellate proceedings.

45 C.F.R. § 164.512(e)(1)(v). In addition, HIPAA allows protected health information to be disclosed in the course of a judicial proceeding "in response to an order of a court or an administrative tribunal, provided that the covered entity discloses only that protected health information expressly authorized by such an order." 45 C.F.R. § 164.512(e)(1). Therefore, with an appropriate order, the PHI of Plaintiff may be protected pursuant to HIPAA while still permitting *ex parte* communications between defense counsel and Plaintiff's treating healthcare providers. The proposed order attached to this Memorandum strictly defines the limits of permissible disclosure of Ms. Bruton's PHI. The treating physicians will not be permitted to release confidential information outside of the scope of the court's order.

The instant request for a qualified protective order that allows *ex parte* communications with Plaintiff's treating physicians is not a novel concept under the law of the District of Columbia. Multiple decisions out of the Superior Court for the District of Columbia have granted similar motions for qualified protective order. Recently in the case of Rein, et al. v.

<u>Stiglitz</u>, Civil Action No.: 05-6445, Judgye Jennifer Anderson entered an order and expressly authorized each identified physician to speak, ex parte, with Defendant's counsel if he or she was willing to do so.   <u>See</u> Order, attached as Exhibit 1.   <u>See</u> <u>also</u> <u>Sherri Maybin v. George Washington</u>, Civil Action No. 03ca583 (Duncan-Peters, J.) (attached as Exhibit 2); <u>Rafael Kalish v. Medical Faculty Associates</u>, Civil Action No. 05-002601 (Terrell, J.) (attached as Exhibit 3); <u>Jay Taylor v. Kaiser Foundation Health</u>, Civil Action No. 05-4630 (Retchin, J.) (attached as Exhibit 4); <u>Starlisha Gray v. Dallas Johnson, M.D.</u>, Civil Action No. 05-7868 (Retchin, J.) (attached as Exhibit 5); <u>Julie Okemma v. George Washington Univ.</u>, Civil Action No. 04-2941 (Rossberg, J.) (attached as Exhibit 6); <u>Vernon Sharps v. District Hospital Partners</u>, Civil Action No. 04-0004878 (Combs-Greene, J.) (attached as Exhibit 7); <u>Sonya Taubin v. Lucie Webb Hayes National Training School for Deaconesses and Missionaries</u>, Civil Action No. 05-1436 (Fisher, J.) (attached as Exhibit 8); <u>Stephanie Golebieski v. Frederick Brody, M.D.</u>, Civil Action No. 05-9754 (Retchin, J.) (attached as Exhibit 9); <u>Jacqueline Stone v. E. Pendleton Alexander, M.D.</u>, Civil Action No. 04-0008322 (Wright, J.) (attached as Exhibit 10).

### C.    *Defendants Would Be Unfairly Prejudiced If* **Ex Parte** *Communications With Plaintiff's Treating Healthcare Providers Were Not Permitted.*

Because the Plaintiff has placed her medical condition at issue, principles of equity and fundamental fairness require that Defendants be permitted to interview her treating healthcare providers, as long as the providers are willing, on the same terms available to Plaintiff's counsel.  The inability to do so would hamper the Defendants' ability to defend this case, as treating physicians and other providers are independent fact witnesses who possess unique knowledge that is likely relevant to the claim or defense.  Plaintiff's counsel is afforded

free access to Ms. Bruton's treating healthcare providers without the presence of defense counsel at any such discussions, but counsel has refused to permit Defendants the same opportunity. "As a general proposition…no party to litigation has anything resembling a proprietary right to any witness's evidence." Street v. Hedgepath, 607 A.2d 1238, 1246 (D.C. 1992) (quoting Doe, 99 F.R.D. at 128); see also Sklagen, 625 F. Supp. at 993. Because plaintiff has already waived privilege and privacy interests in medical matters relating to the lawsuit, fairness in discovery dictates that defense counsel should have the same opportunity afforded to Plaintiff's counsel.

The ability to depose Plaintiff's treating healthcare providers does not satisfactorily resolve this potential prejudice against Defendants, given the cost and cumbersome nature of formal discovery compared to informal discussions. Perhaps more significant to the interests of fundamental fairness to litigants, however, depositions and formal discovery do not allow defense counsel the ability to investigate and formulate their defense outside of the presence of Plaintiff's counsel, a freedom in investigating and formulating theories of the case that is now available to one side only. In some instances, the well-intended privacy protections have thus been used as a sword, rather than a shield, to obtain a strategic advantage. The law does not condone such tactics.

Formal discovery also imposes a greater burden on the non-party physician witnesses, most of whom have busy medical practices are who are often required to cancel or reschedule patient appointments in order to appear for deposition. Informal discussions, on the other hand, can often take place briefly, often by telephone, and usually at the physician's convenience. Moreover, counsel can frequently determine with a brief informal interview whether the doctor has knowledge that is likely to be significant to the case, and if not, the informal interview avoids

the need to waste the doctor's time, and that of counsel, to discover that there is very little to

discover.

Ex parte interviews are a "historical and … necessary way in which lawyers act within

the framework of our system of jurisprudence to promote justice and to protect their clients'

interests." Hickman v. Taylor, 329 U.S. 495 (1947). Under Hickman, an attorney's ex parte

interview is considered attorney work-product, and any information obtained during an ex parte

interview would be confidential and protected from disclosure. See generally, Hickman, 329

U.S. at 495. Ensuring that an attorney's work-product remains confidential helps to promote the

legal profession by ensuring efficiency, fairness, client's interests, and the cause of justice. See

id. at 511.

In other cases some Plaintiffs' counsel have attempted to divert the court's attention

from the issue at hand (i.e., counsel's desire to obtain a tactical advantage over defendants) by

"offering" to schedule informal interviews with physicians – with the caveat that plaintiffs'

counsel must be present. Such a tactic is but a smokescreen that belies its true motive. By

volunteering to procure the release of confidential information to defense counsel on an

informal basis, counsel necessarily concede that the patient's medical information is bound to be

disclosed in some form, and thus that privacy interests are not paramount to Plaintiff's counsel.

What is truly sought by such an "offer" is an opportunity to gain insight into the thought

processes and mental impressions of defense counsel, which would become readily apparent to

anyone observing counsel's questioning.[1] Forcing a lawyer to conduct informal investigation in

the presence of opposing counsel invades the work product of defense counsel, and "enables

[plaintiffs' counsel] to monitor his adversary's progress in preparing his case by his presence on

each occasion such information is revealed while his own preparation is under no such scrutiny." Doe v. Lilly, 99 F.R.D. at 128-29. Defendants, similar to Plaintiff, have a legitimate need to protect the confidentiality of their discussions with treating physicians. See Hickman, 329 U.S. at 510-11. The privilege to conduct a private and informal interview is a time-honored and decision-honored right of all parties, and this principle remains as true under HIPAA as it was before the regulations became effective. See Hickman, 329 U.S. at 510-11.

Courts have frowned on these attempts to cloak tactical advantage in the mantle of privacy. As Judge Jackson stated, "[t]he [physician – patient] privilege was never intended…to be used as a trial tactic by which a party entitled to invoke it may control to his advantage the timing and circumstances of the release of information he must inevitably see revealed at some time." Doe, 99 F.R.D. at 128. The interests of equity and efficient discovery dictate that defense counsel be permitted to engage in *ex parte* communications with Plaintiff's treating healthcare providers.

## III.    CONCLUSION

Wherefore, for the reasons stated herein, and in order to ensure HIPAA compliance in harmony with the law of the District of Columbia, Defendants respectfully request:

(1)    That the Court grant Defendants' Motion for Qualified Protective Order permitting *ex parte* contacts with treating physicians; and

(2)    The Court issue an order permitting Defendants' counsel in this case to speak *ex parte* to the treating physicians identified herein.

Respectfully submitted,

---

[1] Notably, when such "offers" have been made in the past, plaintiffs' counsel have never offered to bind themselves to such a restriction (i.e., that counsel should not be permitted to speak with a treating physician outside the presence of defense counsel).

_____/s/ Craig S. Brodsky_____

SUSAN T. PRESTON
CRAIG S. BRODSKY (Fed. Bar No. #454924)
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
**Counsel for the Health Care Providers,
Defendants**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**ROBIN D. BRUTON**                          *

      **Plaintiff,**                    *

**v.**                                       *

                                      **Civil Action No.:  CV01874 RJL**

                                             *

**MEDSTAR-GEORGETOWN
   MEDICAL CENTER INC., et al.**        *

      **Defendants**                   *

     **************************************************************

<u>**ORDER**</u>

UPON CONSIDERATION of the Defendants' Motion for Qualified Protective Order, and any opposition thereto, it is this _____ day of _____ 2007,

**ORDERED,** that the Motion for Qualified Protective Order be and it is hereby GRANTED; and it is further

**ORDERED**, that counsel for the Defendants are hereby permitted to speak to Plaintiff's treating healthcare providers outside of the presence of Plaintiff's attorneys, Plaintiff and without an authorization by the Plaintiff; and it is further

**ORDERED,** that the Defendants' attorneys are ordered to provide to the Court and to the Plaintiff a list of healthcare providers whom they will seek to contact pursuant to this Order; and it is further

**ORDERED,** that it is for the physicians alone to decide whether they will communicate *ex parte* with the Defendants' attorneys: the Defendants may not advise them to speak , and the Plaintiff may not advise them to remain silent; and it is further

**ORDERED,** that any protected health information obtained by the parties in this matter

may be used only in connection with this litigation, and that the parties to this matter, their

counsel, the employees of their counsel and their respective agents, including both testifying and

non-testifying experts and consultants, are prohibited from using or disclosing the protected

health information for any purposes other than in connection with this litigation.


_____

John D. Bates, United States District Judge


cc:     Susan T. Preston
        Craig S. Brodsky
        Goodell, DeVries, Leech & Dann, LLP
        One South Street, 20th Floor
        Baltimore, Maryland 21202
        (410) 783-4000
        Counsel for  the Health Care Providers, Defendants

        Spencer S. Cargle, Esquire
        Cargle & Associates
        67 Wall Street, 22nd Floor
        New York, New York  10005
        *Counsel for Plaintiff*

**List Of Health Care Providers To Be Contacted *Ex Parte**\*

\*This list is not exclusive and may be supplemented as discovery continues.  Any additions to this list will be provided to the Court and to the Plaintiff as required by the Court's Order.

1.      Edward Anthony Rankin, M.D.

2.      Craig M. Thomas, M.D.

3.      Nixon O. Asomani, M.D., F.A.C.O.G.

4.      Eric P. Finzi, M.D., Ph.D.

5.      Robert J. Neviaser, M.D.

6.      Kamaljit Sethi, M.D.

7.      Martin G. Dillard, M.D.

8.      Eric B. Lieberman, F.A.C.C.

9.      James C. Roberson, II, M.D.

10.     David A. Blass, M.D., F.C.C.P., F.A.C.P.

11.     Norman G. McKoy, M.D.

12.     Kenneth M. Brown, M.D.

13.     Buari Osman, M.D.

14.     Joel Stevens, M.D.

15.     John P. George, M.D.

16.     Mark R. Abbruzzese, M.D.

17.     James G. Kane, M.D.

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

JACQUELINE E. STONE, Personal          :
Representative of the Estate of        :
Next of kin of IRMA STONE, et. al.     :
                                       :
                      Plaintiff,       :
                                       : Civil Action #: 04-0008322
                                       : Honorable Melvin Wright
        v.                             : Calendar #: 13
                                       : Next Event:
                                       :
E. PENDLETON ALEXANDER, M.D.           :
                                       :
                                       :
                                       :
                      Defendants.      :
                                       :
                                       :
                                       :

### QUALIFIED PROTECTIVE ORDER

Upon consideration of the Non-Consent Motion for Qualified Protective Order Permitting

Defense Counsel to Speak to Plaintiff's decedent's Treating Physicians filed by Defendant, E.

Pendleton Alexander, M.D., and any opposition thereto, it is this _57k_ day of

_August_ 2005,

ORDERED that the Non-Consent Motion for Qualified Protective Order Permitting

Defense Counsel to Speak to Plaintiff's decedent's Treating Physicians filed by Defendant, E.

Pendleton Alexander, M.D. be and it is hereby GRANTED; and it is further

ORDERED that counsel for the defendants are hereby permitted to speak to Plaintiff's

12

204465.1



decedent Irma Stone's treating healthcare providers outside of the presence of plaintiffs'

attorneys, plaintiffs and without an authorization by the plaintiffs; and it is further.

ORDERED that the Defendant's attorneys are ordered to provide to the Court and to the

Plaintiffs a list of the healthcare providers whom they will seek to contact pursuant to this Order.

The submission shall contain a brief description of each healthcare provider's connection to the

matters at issue in this case; and it is further

ORDERED that it is for the physicians alone to decide whether they will communicate ex

*parte* with the Defendants' attorneys: the Defendants may not advise them to speak, and the

Plaintiffs may not advise them to remain silent; and it is further

ORDERED that any protected health information obtained by the parties in this matter

may be used only in connection with this litigation, and that the parties to this matter, their

counsel, the employees of their counsel and their respective agents, including both testifying and

non-testifying experts and consultants, are prohibited from using or disclosing the protected

health information for any purposes other than in connection with this litigation.

Judge, Melvin R. Wright
Superior Court of the
District of Columbia

13

204465.1

Copies to:

Robert W. Goodson, Esquire
Deidre L. Kandianis, Esquire, #492013
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
The Colorado Building
1341 G Street, NW, Suite 500
Washington, DC 20005
(202) 626-7660
*Counsel for defendant E. Pendleton Alexander, M.D.*

Victor Long, Esquire
REGAN, HALPERIN & LONG, PLLC
1919 M Street, NW, Suite 350
Washington, D.C. 20036-3521
(202) 822-1867
*Counsel for Plaintiffs*

14

## <u>AUTHORIZATION FOR MEDICAL AND/OR HOSPITAL INFORMATION</u>

TO:    Farid Gharagolozloo, M.D.
       David Salter, M.D.
       Veronica Johnson / Easington, P.A.
       Chris George, M.D.
       Jason Rose, M.D.
       Bryant Haliburton, M.D.
       Kristin Handrahan, R.N.
       Massoud Nemati, M.D.
       Brigitte Maloof, R.N.
       Beverly Acierto, R.N.
       Robert Rybak, R.N.
       Michelle Phillips, R.N.

<u>Authorization to Release Medical Information</u>

In a case currently before Judge Melvin R. Wright of the District of Columbia Superior Court, Irma Stone, decedent, through Representative of her Estate, Jacqueline Stone, has sued Defendant E. Pendleton Alexander, M.D. asserting that his negligence caused the death of Plaintiff's decedent in October 2003.

The Defendant has petitioned the Court for permission to speak informally with the Plaintiff's decedent's former treating healthcare providers.

As one of Plaintiff's decedent Irma Stone's former treating healthcare providers, you are hereby authorized to speak with the Defendant's attorneys if you wish to.

If you choose to speak with the Defendant's attorneys, you may disclose to them any of the Plaintiff's decedent's medical information that could be relevant to the causes, treatment, extent, and consequences of the injuries suffered by the decedent in October 2003. You may not disclose medical information that is not relevant to these injuries. You may identify and refer to specific medical documents in the course of any discussion with the Defendant's attorneys, but you may not provide such documents or copies of such documents to them without further authorization from the Court.

The decision of whether to speak with the Defendant's attorneys is yours alone, and it would be inappropriate for any party to attempt to influence your decision. If you so desire, you are free to consult with an attorney regarding this matter, and you may have an attorney or member(s) of your staff present for any discussion with the Defendant's attorneys if you wish. If

you so desire, you are also free to invite the Plaintiff(s) and/or Plaintiff's attorney to be present. It would, however, be inappropriate for the Plaintiff and/or Plaintiff(s) representative to insist or even suggest that they be present. That decision is also entirely up to you.

So ordered, this __5th__ day of August 2005.

Judge Melvin R. Wright

209244.1



SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

BERT REIN, et al.,                      :
                                        :    Civil Action No. 05-6445
            Plaintiffs,                 :    Calendar 9
     v.                                 :    Judge Jennifer M. Anderson
                                        :
MICHAEL P. STIGLITZ, DDS., et al.,      :
                                        :
            Defendants.                 :

### ORDER GRANTING IN PART DEFENDANTS'
### PETITION FOR A QUALIFIED PROTECTIVE ORDER
### TO DISCLOSE PROTECTED HEALTH INFORMATION

This matter is before the Court on the Defendants' Petition for Qualified Protective Order and Order to Disclose Protected Health Information and Plaintiffs' Opposition thereto. For the reasons set forth below, defendants' motion is **granted in part**.

In this medical malpractice case plaintiffs allege that defendants were negligent in the care and treatment rendered to plaintiff Bert Rein. Defendants have contested plaintiffs' claims and, as part of the discovery process, seek to discuss the matter on an *ex parte* basis with plaintiff's treating physicians. Defendants maintain that because plaintiffs have had unrestricted access to Mr. Rein's treating physicians on an *ex parte* basis, the Court should allow the same opportunity for defense counsel.

Plaintiffs argue that such *ex parte* contacts would violate the Health Insurance Portability and Accountability Act of 1996 ("HIPPA), severely prejudice their case, and place plaintiff's treating physicians at risk for criminal and financial penalties. The Court does not find Plaintiff's arguments persuasive.





The requirements of HIPPA can be met with the issuance of a Court Order along with an Authorization regarding such communications:

> A covered entity may disclose protected health information in the course of any judicial or administrative proceeding . . . [i]n response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order.

See 45 C.F.R. § 164.512(e)(1)(i) (2004).

This Court recognizes the difficult balance between discovery and ensuring plaintiffs' privacy rights are protected. Thus, the Court will allow defendants to pursue *ex parte* communication with Mr. Rein's physicians only under certain conditions. First, the *ex parte* communication is permitted only as to information relevant to the cause, treatment, extent and consequences of the plaintiff's injuries and to any other non-privileged information that "appears reasonably calculated to lead to the discovery of admissible evidence." See Super. Ct. Civ. R. 26(b)(1). The physicians may identify and refer to medical documents in the course of any discussion with defendants' attorneys but may not provide such documents to them. Second, it is for the physicians alone to decide whether to speak *ex parte* with defendants' counsel. Defendants are required to advise them that there is no requirement to speak to defense counsel and that such communications are purely voluntary. Similarly, plaintiffs may not advise them to refuse to participate.

Defendants must provide the Court and plaintiffs' counsel with a list of physicians whom they will seek to contact pursuant to this order. The submission should be filed within 30 days of the docketing of this order and should set forth the physician's connection to the case and the general subject matter of the inquiry. Once the submission is filed, the Court will sign a separate authorization for each physician. Defendants' counsel are further ordered to provide the attached Authorization to Release Medical Information to any of plaintiff's physicians with whom they seek *ex parte* discussion.

2

Wherefore, it is this 30th day of October 2006,

**ORDERED** that, in accordance with the conditions set forth herein, the Petition for

Qualified Protective Order Permitting Defense Counsel to Speak to Plaintiff's Treating Providers is

**GRANTED IN PART.**


Jennifer M. Anderson
Associate Judge


DOCKETED in Chambers    OCT 3 1 2006

MAILED From Chambers    OCT 3 1 2006


Copies to:

Harlow Case
Narda M. Newby
Jack H. Olender & Associates, P.C.
888 17th Street, N.W.
4th Floor
Washington, D.C. 20006

Kelly Iverson Hughes
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street
20th Floor
Baltimore, MD 21202

Michele Bartoli Cain
Bartoli Cain & Matthews, PLLC
908 King Street
Suite 350
Alexandria, VA 22314

OCT-25-04 12:49  From:HAMILTON ALTMAN CANALE & DILLON, LLC      9016520936        T-884  P.02    Job-928

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

SHERRI MAYBIN, as Mother and
Representative of ALANTE MAYBIN,
a minor,

        Plaintiffs

    v.

GEORGE WASHINGTON
UNIVERSITY, et al.,

        Defendants

Case No. 03ca569
Calendar 9
Judge Duncan-Before
Courtroom 518

### ORDER GRANTING, IN PART, THE DEFENDANT'S MOTION FOR A QUALIFIED PROTECTIVE ORDER PERMITTING DEFENSE COUNSEL TO SPEAK TO PLAINTIFF ALANTE MAYBIN'S TREATING PHYSICIANS

This matter comes before the Court upon consideration of Defendant George Washington University's (GWU) Motion for a Qualified Protective Order Permitting Defense Counsel to Speak to Plaintiff Alante Maybin's Treating Physicians. The Plaintiffs filed an Opposition to the Motion. Defendant Dr. Lynne Schoonover filed a Response to Plaintiff's Opposition. The Plaintiffs filed a Supplemental Opposition to the Motion.

### BACKGROUND

The Plaintiffs filed an Amended Complaint on December 12, 2003, alleging that the Defendants were negligent in their assessment, triage, monitoring, and treatment of Plaintiff Alante Maybin's health condition, and that this negligence directly and proximately caused catastrophic injuries to the minor Plaintiff. See Pl. Complaint. The Defendants filed Answers to the Amended Complaint on January 9, 2004, denying any negligence in their treatment of Plaintiff Alante Maybin. See Def. Answers.

RECEIVED TIME  SEP. 24.  4:44PM

ALL-STATE LEGAL

3

OCT-25-04 12:49  From:HAMILTON ALTMAN CANALE & DILLON, LLC    3016520836    T-984  P.03    Job-828



Defendant GWU has moved for an order permitting defense counsel to speak with Plaintiff Alante Maybin's treating physicians; Defendant Dr. Schoonover has filed a Response supporting the Motion. The Defendants make four arguments: 1) under District of Columbia law, a plaintiff who files a lawsuit placing his/her medical condition in issue waives the privilege of confidentiality as to all personal medical information relevant to his/her claim; 2) where such waiver is made, District of Columbia law authorizes ex parte contacts between defense counsel and the plaintiff's treating physicians; 3) the Health Insurance and Portability Accountability Act of 1996 (HIPAA) does not in any way preempt or limit District of Columbia law as to these matters; and 4) since Plaintiffs' counsel has had the opportunity to make ex parte contacts with Plaintiff Alante Maybin's treating physicians, fairness requires that Defendants' counsel be given the same opportunity.  See Def. Motion for Qualified Protective Order; Def. Response to Plaintiff's Opposition.

The Plaintiffs have filed an Opposition, arguing that: 1) although District of Columbia law recognizes a waiver as to relevant medical information when a plaintiff puts his/her medical condition in issue by filing suit, the District of Columbia Court of Appeals has not decided the question of whether such waiver triggers an automatic right to ex parte contacts between defense counsel and the plaintiff's treating physician; 2) whatever the pre-existing status of District of Columbia law, HIPAA now requires either consent by the plaintiff or a court order before such contacts may be permitted; 3) if such ex parte contacts are permitted in the instant case, Plaintiff Alante Maybin could suffer harmful privacy violations; and 4) the Defendants would suffer no harm if they were limited to deposing

2

 

Plaintiff Alante Maybin's physicians or speaking to them in the presence of Plaintiffs' counsel, either of which Plaintiffs are prepared to consent to.  See Pl.'s Opposition to Motion for Qualified Protective Order.  The Plaintiffs have also filed a Supplemental Opposition referring the Court to a recent Order issued by the Honorable Neal E. Kravitz in a separate medical negligence case, denying the defendant's motion to compel the plaintiff to authorize ex parte communications between her treating physicians and the defendant.  See Pl.'s Supplemental Opposition to Motion for Qualified Protective Order.[1]

### ANALYSIS

Under District of Columbia law, a person's confidential medical information may not be disclosed without that person's consent.  See D.C. Code § 14-307 (2004).  Plaintiffs and Defendants agree that where a plaintiff puts his/her medical condition in issue by filing suit, District of Columbia law implies a waiver of this privilege as to all medical information relevant to the suit.  See Street v. Hedgepath, 607 A.2d 1238, 1246 (D.C. 1992), citing Skinner v. Greater Southeast Community Hospital, 625 F. Supp. 991, 992 (D.D.C. 1984); Doe v. Eli Lilly & Co., 99 F.R.D. 126, 127 (D.D.C. 1983).

The Street court rejected the appellant's argument that otherwise discoverable testimony obtained by means of ex parte communications should have been excluded at trial, holding that

> ex parte interviews with a treating physician are a permissible means of informal discovery when the plaintiff has put the medical condition of that physician's patient at issue by filing a lawsuit.

---

[1] See Mitchell v. Falk, No. 04-CA-261, Order Denying Defendant Richard J. Falk, M.D.'s Motion to Compel Authorization for Disclosure of Medical Information (D.C. July 23, 2004).

3

OCT-25-04  12:50  From:HAMILTON ALTMAN CANALE & DILLON, LLC          3016520836                T-984  P.05    Job-928

*Street v. Hedgepath, supra*, 607 A.2d at 1247.

The court cautioned in a footnote, however:

Nothing in our holding should be read to preclude the trial court from limiting ex parte contacts between defense attorneys and potential witnesses when requested to do so by either party. In this case, however, appellant never asked the court to impose any such limits.

*Id.*, n. 8, citing *Alston v. Greater Southeast Community Hospital*, 107 F.R.D. 35, 38 (D.D.C. 1985).

The Court need not resolve the parties' disagreement as to whether HIPAA requires a court order or Plaintiffs' consent before any ex parte communications between Defendants' attorneys and Plaintiff Alante Maybin's physicians may take place. With the issuance of this Order and the simultaneous issuance by the Court of an Authorization regarding such communications, the requirements of HIPAA are satisfied.

A covered entity may disclose protected health information in the course of any judicial or administrative proceeding . . . [i]n response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order.

*See* 45 C.F.R. § 164.512(e)(1)(i) (2004).

The rule that emerges from *Street v. Hedgepath* is that while ex parte contacts between defense counsel and a plaintiff's physicians are permissible when the plaintiff by filing suit has waived his/her privilege as to relevant medical information, the trial court retains discretion to limit such contacts upon either party's request, taking into account privacy concerns for the plaintiff, fairness concerns for the defendant, and the potential value to the truth-gathering process

4

OCT-25-04  12:50   From:HAMILTON ALTHAN CANALE & DILLON, LLC     3016520886          T-884  P.06    Job-928

of allowing this "venerable, if informal, discovery technique[ ]." Street v. Hedgepeth, supra, 607 A.2d at 1247.

In the instant case, the risk that privileged information could be disclosed in the course of unrestricted ex parte communications between Defendants' attorneys and Plaintiff Alante Maybin's treating physicians validates Plaintiffs' privacy concerns. At the same time, the Plaintiffs may not "control and restrict the manner in which the [D]efendant[s] . . . develop [their] case." Skinegan v. Greater Southeast Community Hospital, supra, 625 F. Supp. at 992. Plaintiff Alante Maybin's physicians are potential witnesses who may possess non-privileged information relevant to this case. Plaintiffs have not been restricted in their ex parte contacts with these physicians. Fairness to the Defendants requires that they should also be permitted to communicate informally with these physicians, so long as the Plaintiffs' privacy interests remain protected. Finally, the Court is mindful that "[t]he ex parte interview is an effective discovery procedure," id., which, unencumbered by the costs, time demands, and adversarial nature of formal proceedings, often contributes to the fair and timely resolution of civil disputes.[2]

## ORDER

Based on these considerations, the Court will issue an Order permitting limited ex parte communications between the Defendants' attorneys and Plaintiff Alante Maybin's treating physicians. Such communications may pertain to medical information as to which the Plaintiffs have waived the physician-patient

---

[2] The balancing of privacy, fairness, and efficiency concerns in this context will vary from case to case. Thus, while the Court has considered the Order issued in Mitchell v. Falk, supra, No. 04-

5

OCT-25-04  12:50  From:HAMILTON ALTMAN CANALE & DILLON, LLC    3016520636    T-984  P 07/23  Job-928

privilege by filing the instant suit -- that is, information relevant to the causes, treatment, extent, and consequences of the injuries for which the Plaintiffs here seek compensation from the Defendants -- and to any other non-privileged information that "appears reasonably calculated to lead to the discovery of admissible evidence." See Super. Ct. Civ. R. 26(b)(1). The physicians may identify and refer to medical documents in the course of any discussion with the Defendants' attorneys, but may not provide any such documents or copies of such documents to them. It should be emphasized that it is for the physicians alone to decide whether they will communicate ex parte with the Defendants' attorneys: the Defendants may not advise them to speak, and the Plaintiffs may not advise them to remain silent.[3] Should they so desire, the physicians will be free to consult with their own attorneys regarding this matter, and to have an attorney or staff member(s) present during any communication with the Defendants' attorneys. They are also free to request that the Plaintiff(s) or their attorneys be present at any interview. Any such request, however, would need to be independently generated by the physicians. It would be an inappropriate restriction on the Defendants' right to seek ex parte interviews for the Plaintiffs or their counsel to make such a suggestion to the physicians.

In order to safeguard the Plaintiffs' privacy interests, the Defendants' attorneys are ordered to provide to the Court and to the Plaintiffs a list of the

---

CA-291, it must determine, based on the particular facts of the instant case, how best to reconcile these concerns.
[3] The Court retains the discretion to impose sanctions on any party that "fails to obey [this] order to . . . permit discovery." See Super. Ct. Civ. R. 37(b)(2); see also Vincent v. Anderson, 621 A.2d 367, 373 (D.C. 1993); cf. In re J.W., 763 A.2d 1129 (D.C. 2000), citing Gregory v. United States, 125 U.S. App. D.C. 140, 369 F.2d 185 (1966) (improper for prosecutor to advise witnesses not to speak with defense counsel).

6

RECEIVED TIME  SEP. 24.  4:44PM

OCT-25-04  12:51  From:HAMILTON ALTMAN CANALE & DILLON, LLC    3016520836    T-964  P.09/23  Job-926

 

physicians whom they will seek to contact pursuant to this order. That submission shall be filed on or before September 27, 2004 and shall contain a brief description of each physician's connection to the matters at issue in this case. Once the submission is filed, the Court will sign a separate Authorization for each physician. The Defendants' attorneys are further ordered to provide the attached Authorization to Release Medical Information to any of Plaintiff Alante Maybin's physicians they approach for informal discovery purposes. This Authorization form describes the non-privileged matters these physicians may discuss with the Defendants' attorneys. The Authorization form informs the physicians that they are neither required to nor barred from providing information to Defendants' attorneys, and that they are free to consult with an attorney regarding this matter and to have an attorney or staff member(s) present during any communication with Defendants' attorneys. In accordance with HIPAA, the Defendants' attorneys are prohibited from using or disclosing the health information they receive from Plaintiff Alante Maybin's physicians for any purpose other than the instant litigation. See 45 C.F.R. § 164.512(e)(1)(v) (2004).

Therefore, it is this 14th day of September 2004,

ORDERED that, in accordance with the conditions set forth herein, the Defendants' Motion for a Qualified Protective Order Permitting Defense Counsel to Speak to Plaintiff Alante Maybin's Treating Physicians is GRANTED IN PART.

Stephanie Duncan-Peters
Associate Judge
(Signed in chambers)

DOCKETED SEP 15 2004

7

MAILED SEP 15 2004

RECEIVED TIME SEP. 24.  4:44PM

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

RAFAEL KALISH AND
SHULAMIT KALISH,
                Plaintiffs,

        v.

MEDICAL FACULTY ASSOCIATES, Inc.
d/b/a The George Washington
University Medical Faculty Associates,

DISTRICT HOSPITAL PARTNERS, LP,
d/b/a The George Washington
University Hospital,

Lavern Bentt, M.D., and

Bruce M. Abell, M.D.

              Defendants.

: Civil Action #: 05-002601
: Honorable Mary A. Terrell
: Calendar #: 5
: Next Event: Proponent's 26(b)(4) Statement
: — 10/21/05

## QUALIFIED PROTECTIVE ORDER

Upon consideration of the Non-Consent Motion for Qualified Protective Order Permitting Defense Counsel to Speak to Plaintiff's Treating Physicians filed by Defendants, Medical Faculty Associates; Lavern Bentt, M.D.; and Bruce M. Abell, M.D., and any opposition thereto, it is this

_3/1st_ day of _May_ 2006,

ORDERED that the Non-Consent Motion for Qualified Protective Order Permitting

12

208453.1

ALL-STATE LEGAL®

4

Case: 2005 CA 002601 N

Defense Counsel to Speak to Plaintiff's Treating Physicians filed by Defendants, Medical Faculty Associates; Lavern Bentt, M.D.; and Bruce M. Abell, M.D., be and it is hereby GRANTED; and it is further

ORDERED that counsel for the defendants are hereby permitted to speak to Plaintiff Rafael Kalish's treating healthcare providers outside of the presence of plaintiffs' attorneys, plaintiffs and without an authorization by the plaintiffs; and it is further

ORDERED that the Defendant's attorneys are ordered to provide to the Court and to the Plaintiffs a list of the healthcare providers whom they will seek to contact pursuant to this Order. The submission shall contain a brief description of each healthcare provider's connection to the matters at issue in this case; and it is further

ORDERED that any protected health information obtained by the parties in this matter may be used only in connection with this litigation, and that the parties to this matter, their counsel, the employees of their counsel and their respective agents, including both testifying and non-testifying experts and consultants, are prohibited from using or disclosing the protected health information for any purposes other than in connection with this litigation.

Judge Mary A. Terrell
Superior Court of the District of Columbia

MAILED From Chambers   JUN 0 5 2006

DOCKETED In Chambers   MAY 3 1 2006

13

208453.1

Copies to:

Robert W. Goodson, Esquire, #935239
Deidre L. Robokos, Esquire, #492013
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
The Colorado Building
1341 G Street, NW, Suite 500
Washington, DC 20005
(202) 626-7660
*Counsel for defendants Medical Faculty Associates; Lavern Bentt, M.D.; and
Bruce M. Abell, M.D.*

David Epstein, Esquire
David Epstein Law Firm
7507 Wyndale Road
Chevy Chase, MD 20815
(301) 920-1807
*Counsel for Plaintiffs*

Thomas V. Monahan, Esquire
Danielle S. Dinsmore, Esquire
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
*Counsel for defendants District Hospital Partners, LP*

14

208453.1

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

JAY A. TAYLOR,                    )
                                  )
        Plaintiff,                )
                                  )        Civil Action No.: 05-4630
v.                                )        Calendar 14 – Judge Retchin
                                  )        Next Event: Proponent's Rule
                                  )        26(b)(4) Statement – 1/27/06
KAISER FOUNDATION HEALTH,         )
PLAN OF THE MID-ATLANTIC          )
STATES, INC., *et al*             )
                                  )
        Defendants.               )
                                  )

## ORDER GRANTING, IN PART, DEFENDANTS' MOTION FOR QUALIFIED PROTECTIVE ORDER PERMITTING DEFENSE COUNSEL TO SPEAK TO PLAINTIFF'S TREATING PROVIDERS

This matter is before the Court on defendants' Motion for Qualified Protective Order Permitting Defense Counsel to speak to plaintiff's treating providers, plaintiff's Opposition, and defendants' Reply. For the reasons set forth below, defendants' motion is **granted in part**.

In this medical malpractice case plaintiff alleges that defendants were negligent in failing to properly treat, follow and diagnose plaintiff's colon cancer. Defendants have contested plaintiff's claims and as part of the discovery process seek to discuss the matter on an <u>ex parte</u> basis with plaintiff's treating physicians. Defendants maintain that since plaintiff's attorneys have been able to discuss matters with plaintiff's treating physicians on an <u>ex parte</u> basis, that equity should entitle them to the same opportunity. Defendants also argue that allowing this type of informal discovery will reduce the expense of the discovery process.

DOCKETED In Chambers      JAN 27 2006

MAILED From Chambers      JAN 27 2006          1



Plaintiff responds that the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") prohibits such contacts and that <u>ex parte</u> contact with plaintiff's treating physicians will have a chilling effect on plaintiff's desire to share information with his physicians. Additionally, plaintiff argues that even if the Court were to find that the filing of this lawsuit implied a waiver of plaintiff's doctor-patient privilege as to all personal medical information relevant to plaintiff's claim notwithstanding HIPAA, treating physicians may inadvertently or intentionally exceed the scope of the waiver during <u>ex parte</u> discussions with defendants' counsel.

The Court concludes that <u>ex parte</u> discussion between defendants' counsel and plaintiff's treating physicians are not precluded by HIPAA. HIPAA permits such communications pursuant to a court order. Plaintiff's argument that his physicians may exceed the scope of the waiver is an unlikely concern given that doctors typically understand what is relevant to the cause, treatment, extent and consequences of the injuries for which a patient seeks treatment. Nonetheless, to assure that plaintiff's privacy rights are protected, the Court will require defendants to pursue <u>ex parte</u> communication with plaintiff's physicians only under conditions. First, the <u>ex parte</u> communication is permitted only as to information relevant to the cause, treatment, extent and consequences of plaintiff's injuries and to any other non-privileged information that "appears reasonably calculated to lead to the discovery of admissible evidence." <u>See</u> Super. Ct. Civ. R. 26(b)(1). ." The physicians may identify and refer to medical documents in the course of any discussion with defendants' attorneys but may not provide such documents to them. Second, it is for the physicians alone to decide whether to speak <u>ex parte</u> with defendants' counsel. Defendants are required to advise them

2

that there is no requirement to speak to defense counsel and that such communications are purely voluntary. Similarly, plaintiff may not advise them to refuse to participate.

Defendants must provide plaintiff's counsel with a list of physicians whom they will seek to contact pursuant to this order. The submission should be filed within 30 days of the docketing of this order and should set forth the physician's connection to the case and the general subject matter of the inquiry. Once the submission is filed, the Court will sign a separate authorization for each physician. The defendants' counsel are further ordered to provide the attached Authorization to Release Medical Information to any of plaintiff's physicians with whom they seek ex parte discussion.[1]

Therefore, it is this 26th day of January, 2006,

ORDERED that, in accordance with the conditions set forth herein, the Defendants' Motion for Qualified Protective Order Permitting Defense Counsel to Speak with Plaintiff's Treating Physicians is GRANTED IN PART.

Judith E. Retchin
Associate Judge

Copies to:

Robert W. Goodson, Esq.
Deidre L. Robokos, Esq.
The Colorado Building
1341 G Street, N.W.
Suite 500
Washington, D.C. 20005

L. Palmer Foret, Esq.
The Law Firm of L. Palmer Foret, PC
2 Wisconsin Circle
Chevy Chase, MD 20815

Daniel Costello, Esq.
Wharton, Levin, Ehrmantraut & Klein, PA
104 West Street
P.O. Box 551
Annapolis, MD 21404

---

[1] The Court understands that several judicial colleagues have addressed similar motions and thanks both sides for providing some of my colleagues' orders to this Court. The Court concludes that Judge Duncan-Peters' Authorization in the case of Sherri Mayrin v. George Washington University, 03-CA-533, adequately protects plaintiff's rights.

3

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

STARLISHA R. GRAY, PERSONAL   :
REPRESENTATIVE OF THE ESTATE   :
OF EULA MAY COTTON,   :
        :
        Plaintiff,   :    Civil Action No. 05-7868
        :    Calendar 14
        v.  :    Judith E. Retchin
        :
DALLAS JOHNSON, M.D., et al.,   :
        :
        Defendants.   :

## ORDER
### (June 8, 2006)

This matter is before the Court on defendants' Non-Consent Motion for Qualified Protective Order Permitting Defense Counsel to Speak to Plaintiff's Treating Providers, plaintiff's Opposition thereto and defendant's Reply. For the reasons set forth below, defendants' motion is granted in part.

In this medical malpractice case plaintiff alleges that defendants were negligent in lacerating decedent's bowel. Defendants have contested plaintiff's claims and, as part of the discovery process, seek to discuss the matter on an ex parte basis with plaintiff's treating physicians. Defendants maintain that since plaintiff's attorneys have been able to discuss matters with plaintiff's treating physicians on an ex parte basis, equity should entitle them to the same opportunity.

Plaintiff concedes that defendants point to the "correct law in this jurisdiction," but plaintiff argues that defendants' request is overly broad. This Court recognizes the difficult balance between discovery and ensuring plaintiff's privacy rights are protected. Thus, the Court will require defendants to pursue ex parte communication with plaintiff's physicians only under

Order docketed 6/8/06 and copies mailed from chambers to Parties indicated above on 6/9/06.



conditions. First, the ex parte communication is permitted only as to information relevant to the cause, treatment, extent and consequences of plaintiff's injuries and to any other non-privileged information that "appears reasonably calculated to lead to the discovery of admissible evidence." See Super. Ct. Civ. R. 26(b)(1). The physicians may identify and refer to medical documents in the course of any discussion with defendants' attorneys but may not provide such documents to them. Second, it is for the physicians alone to decide whether to speak ex parte with defendants' counsel. Defendants are required to advise them that there is no requirement to speak to defense counsel and that such communications are purely voluntary. Similarly, plaintiff may not advise them to refuse to participate.

Defendants must provide plaintiff's counsel with a list of physicians whom they will seek to contact pursuant to this order. The submission should be filed within 30 days of the docketing of this order and should set forth the physician's connection to the case and the general subject matter of the inquiry. Once the submission is filed, the Court will sign a separate authorization for each physician. Defendants' counsel is further ordered to provide the attached Authorization to Release Medical Information to any of plaintiff's physicians with whom they seek ex parte discussion.

Wherefore, it is this 8th day of June, 2006,

ORDERED that, in accordance with the conditions set forth herein, the Defendants' Non-Consent Motion for Qualified Protective Order Permitting Defense Counsel to Speak to Plaintiff's Treating Providers is GRANTED IN PART.

Judith E. Retchin
Associate Judge

Copies to:

Robert W. Goodson, Esq.
Deidre L. Robokos, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN,
& DICKER, LLP
The Colorado Building
1341 G Street, N.W., Suite 500
Washington, D.C. 20005

Thomas V. Monahan, Esq.
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street
20th Floor
Baltimore, MD 21202

John F.X. Costello, Esq.
JOHN F.X. COSTELLO & ASSOCIATES, LLC
9500 Arena Drive
Suite 104
Largo, MD 20774

James M. Heffler, Esq.
Diane M. Uhl, Esq
G. Branch Taylor, Esq.
8401 Connecticut Avenue
Suite 501
Chevy Chase, MD 20815

OCT-25-04  12:52  From:HAMILTON ALTMAN CANALE & DILLON, LLC        3016620836              T-884  P.13/28  Job-928

Sep 29 04 10:29a                                                                          p.2

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JULIE OKEMMA,                      :
                                   :
            Plaintiff,             :          Civil Action No.: 04-2941
                                   :          Judge Bossberg
v.                                 :          Calendar 10
                                   :
GEORGE WASHINGTON UNIV., et al., :
                                   :
            Defendants.            :

### ORDER (1) GRANTING DEFENDANTS MEDICAL FACULTY ASSOCIATES, INC., SHAWNA WILLEY, M.D., AND THE GEORGE WASHINGTON UNIVERSITY'S MOTION TO COMPEL PLAINTIFF TO EXECUTE AUTHORIZATION AND (2) DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

The Court has reviewed Defendants Medical Faculty Associates, Inc., Shawna Willey, M.D., and The George Washington University's Motion to Compel Plaintiff to Execute Authorization, Plaintiff's Motion For Protective Order, and Defendants' Opposition thereto.

Plaintiff makes two requests of the Court. First, she asks that she not be required to sign blank medical authorizations. Second, she asks that her counsel be permitted to attend meetings between her doctors and defense counsel. As to the former, Defendants have now inserted names in the authorizations, mooting the issue. As to the latter, it is only equitable for defense counsel to have their sessions privately with the doctors, just as Plaintiff's counsel has. Street v. Hedgepath, 607 A.2d 1238, 1246-47 (D.C. 1992). Plaintiff's concerns seem unlikely to occur and do not outweigh Defendants' interest in private interviews.

The Court, therefore, ORDERS that:

1.      Defendants' Motion is GRANTED; and



OCT-25-04 12:52  From:HAMILTON ALTMAN CANALE & DILLON, LLC        3016520836        T-984  P 14/23  Job-928

Sep 29 04 10:28a                                                                    p.3

2.    Plaintiff's Motion is DENIED.

IT IS SO ORDERED.

Aug. 17, 2004
Date

James E. Boasberg
Judge

Copies mailed to:

Steven A. Hamilton, Esq.
4600 East-West Hwy.; Ste. 201
Bethesda, MD 20814

Robert J. Stanford, Esq.
2120 L St., NW
Suite 700
Washington, DC 20037

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

VERNON L. SHARPS

        Plaintiff,

        v.

DISTRICT HOSPITAL PARTNERS, et, al.

        Defendants.

Civil Action #: 04-0004878
Honorable Natalia M. Combs-Green
Calendar #: 11
Next Event: **Opponent's 26(b)(4) experts due –
9/1/05**

### QUALIFIED PROTECTIVE ORDER

Upon consideration of the Non-Consent Motion for Qualified Protective Order Permitting

Defense Counsel to Speak to Plaintiff's Treating Physicians filed by Defendant, Joel Falik, M.D.,

and any opposition thereto, it is this _1st_ day of _September_ 2005;

ORDERED that the Non-Consent Motion for Qualified Protective Order Permitting

Defense Counsel to Speak to Plaintiff's Treating Physicians filed by Defendant, Joel Falik, M.D.

be and it is hereby GRANTED; and it is further

ORDERED that counsel for the defendants are hereby permitted to speak to Plaintiff,

Vernon L. Sharps' treating physicians outside of the presence of plaintiffs' attorneys, plaintiffs

MAILED From Chambers ~~OCT~~ ~~OCT~~ ᴊ 2005

208450.1

DOCKETED in Chambers SEP. 1 ....



and without an authorization by the plaintiffs; and it is further

ORDERED that the Defendant's attorneys are ordered to provide to the Court and to the Plaintiffs a list of the healthcare providers whom they will seek to contact pursuant to this Order. The submission shall contain a brief description of each healthcare provider's connection to the matters at issue in this case; and it is further

ORDERED that any protected health information obtained by the parties in this matter may be used only in connection with this litigation, and that the parties to this matter, their counsel, the employees of their counsel and their respective agents, including both testifying and non-testifying experts and consultants, are prohibited from using or disclosing the protected health information for any purposes other than in connection with this litigation.

J Any information sought must be relevant to issues raised in this litigation.
The Court is in agreement with the arguments advanced by defendants

_____

Judge, Natalia Combs-Greene
Superior Court of the
District of Columbia

13

Copies to:

Robert W. Goodson, Esquire
Deidre L. Robokos, Esquire
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
The Colorado Building
1341 G Street, NW, Suite 500
Washington, DC 20005
(202) 626-7660
*Counsel for defendant Joel Falik, M.D.*

Patrick M. Regan, Esquire
Thanos Basdekis, Esquire
REGAN, HALPERIN & LONG, P.L.L.C.
1919 M Street, N.W.
Suite 350
Washington, D.C. 20036-3521
*Counsel for plaintiffs*

Thomas V. Monahan, Jr., Esquire
Goodell, DeVries, Leech & Dann, LLP
One South Street
20th Floor
Baltimore, MD 21202
*Counsel for defendants District Hospital Partners*

James P. Gleason, Jr., Esquire
Matthew P. Maloney, Esquire
11 North Washington Street
Suite 400
Rockville, MD 20850
*Counsel for defendants Medical Faculty Associates*

James M. Heffler, Esquire
Diane M. Uhl, Esquire
G. Branch Taylor, Esq.
8401 Connecticut Avenue
Suite 501
Chevy Chase, MD 20815
*Counsel for defendants George Washington University*

14

208450.1

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

SONYA G. TAUBIN, et al.,                    )
                                            )
        Plaintiffs,                         )
                                            )
    v.                                      )    Civil Action No. 05-1436
                                            )    Cal. 1 – Judge Fisher
LUCIE WEBB HAYES NATIONAL                   )    Discovery Closes 5/5/06
TRAINING SCHOOL FOR                         )
DEACONESSES AND MISSIONARIES                )
D/B/A SIBLEY MEMORIAL HOSPITAL, et al., )
                                            )
        Defendants.                         )

### ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL

Upon consideration of Defendants Kent Z. Ozkum, M.D. and Surgical

Anesthesia Associates, LLC's Motion for a qualified protective order permitting

defense counsel to speak to Plaintiff Sony G. Taubin's treating healthcare

providers without Ms. Taubin's authorization, Plaintiffs' Opposition, and

Defendants' Reply, it is this _6th_ day of March 2006

**ORDERED** that the Defendants' motion is **GRANTED, in part,** and that

the attorneys for the Defendants shall be permitted to engage in *ex parte*

discussions with treating health care providers regarding the scope of the

providers' care and treatment of Plaintiff Sony G. Taubin and shall be permitted

to obtain from such health care providers any and all health information, whether

oral or recorded in any form or medium, concerning the care and treatment of

Plaintiff Taubin for any condition for which she was treated by the Defendants or

any related medical condition, including the cause, treatment, extent, and

MAILED From Chambers  MAR 1 3 2006,

DOCKETED In Chambers  MAR 1 3 2006



consequences of any injury or medical condition for which the Plaintiffs seek compensation from the Defendants in this case. It is further

ORDERED that, without a subpoena, health care providers who have treated Plaintiff Taubin shall be permitted, but not compelled, to disclose in *ex parte* discussions with the attorneys for the Defendants Protected Health Information that falls within the scope of this order, although they may not disclose Protected Health Information that falls outside the scope of this order except in accordance with the discovery rules contained within the Superior Court Rules of Civil Procedure. It is further

ORDERED that any third-party who is served with a subpoena commanding the production of documents or his or her attendance at a deposition or trial shall be permitted, pursuant to Section 164.512(e)(1) of the privacy regulations promulgated under the Health Insurance Portability and Accountability Act of 1996, to disclose Protected Health Information in response to the subpoena. It is further

ORDERED that this order is not intended either to broaden or to restrict any party's ability to conduct discovery pursuant to the Superior Court Rules of Civil Procedure and District of Columbia law. To the contrary, the sole purpose of this order is to enable the attorneys for the Defendants to conduct a fact investigation of, and to prepare their defense to, the Plaintiffs' claims in a manner that complies with the Health Insurance Portability and Accountability Act of 1996. It is further

ORDERED that nothing in this order shall be construed to relieve any party or attorney of the obligation to comply with the requirements of the Superior Court Rules of Civil Procedure.  Nor shall anything in this order be construed to permit disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who participated in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family.  Nor does this order permit disclosure of records or information relating to HIV or AIDS testing or to sexually transmitted diseases, absent further order of the Court.  It is further

ORDERED that nothing in this order shall be construed to authorize any party, or any attorney for any party, to release, exchange, submit, or share any Protected Health Information with any other person or entity, other than an employee or other person who is an agent of the attorney or party for the purposes of this litigation.  No party or attorney, or agent of any party or attorney, may use or disclose any Protected Health Information obtained in the course of the litigation for any purpose other than this litigation.  It is further

ORDERED that at the conclusion of this litigation and at the written request of a person whose Protected Health Information has been disclosed, or of such person's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to the authorizations set forth in this order, except that Protected Health Information

3

included in insurance claims and law firm litigation files may be retained as necessary to allow compliance with the insurance laws and the Rules of Professional Conduct of the District of Columbia. It is further

ORDERED, that the physicians and medical providers subject of this Order are alone to decide whether they will communicate with Defendants' attorneys and neither party nor their counsel may advise them to either speak or not speak to counsel *ex parte*. Should they so desire, the physicians or medical providers are free to consult with their own attorneys regarding any request to speak and to have an attorney or other persons present during any interview or communication. The physicians and medical providers are also free to request Plaintiff's attorney also be present during any such interview or communication, if they so desire.

Gerald I. Fisher, Associate Judge
(Signed in Chambers)

Copies mailed to:

Albert d. Brault
David Mulquin
BRAULT GRAHAM, PLLC
101 South Washington Street
Rockville, MD 20850

Matthew P. Maloney
GLEASON FLYNN EMIG FOGLEMAN
11 North Washington Street, Suite 400
Rockville, MD 20850

Barry H. Helfand
BARRY H. HELFAND, PA
22 West Jefferson Street, Suite 101
Rockville, MD 20850

4

Robert W. Goodson
James C. Mehigan
1341 G Street, NW, Suite 500
Washington, DC  20005





SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

STEPHANIE CAROLYN GOLEBIESKI,     :
et al.,                            :
                                   :
            Plaintiffs,            :    Civil Action No. 05-9754
                                   :    Calendar 14
      v.                           :    Judith E. Retchin
                                   :
FREDERICK BRODY, M.D., et al.,     :
                                   :
            Defendants.            :

ORDER
(August 10, 2006)

This matter is before the Court on the Motion of All Defendants for Qualified Protective

Order Permitting Defense Counsel to Speak to Plaintiff's Decedent's Treating Providers and

plaintiffs' Opposition thereto. For the reasons set forth below, defendants' motion is **granted in

part**.

In this medical malpractice case plaintiffs allege that defendants were negligent in the care

and treatment rendered to plaintiff's decedent, Carroll Francis Golebieski, Sr. Defendants have

contested plaintiff's claims and, as part of the discovery process, seek to discuss the matter on an ex

parte basis with plaintiff's treating physicians. Defendants maintain that because plaintiffs have had

unrestricted access to Mr. Golebieski's treating physicians on an ex parte basis, the Court should

allow the same opportunity for defense counsel.

Plaintiffs concede that defendants point to the correct law in this jurisdiction, but plaintiffs

argue that defendants' request is overly broad. This Court recognizes the difficult balance between

discovery and ensuring plaintiffs' privacy rights are protected. Thus, the Court will allow

defendants to pursue ex parte communication with Mr. Golebieski's physicians only under

conditions. First, the ex parte communication is permitted only as to information relevant to the



cause, treatment, extent and consequences of the decedent's injuries and to any other non-privileged

information that "appears reasonably calculated to lead to the discovery of admissible evidence."

See Super. Ct. Civ. R. 26(b)(1). The physicians may identify and refer to medical documents in the

course of any discussion with defendants' attorneys but may not provide such documents to them.

Second, it is for the physicians alone to decide whether to speak ex parte with defendants' counsel.

Defendants are required to advise them that there is no requirement to speak to defense counsel and

that such communications are purely voluntary. Similarly, plaintiffs may not advise them to refuse

to participate.

Defendants must provide plaintiffs' counsel with a list of physicians whom they will seek to

contact pursuant to this order. The submission should be filed within 30 days of the docketing of

this order and should set forth the physician's connection to the case and the general subject matter

of the inquiry. Once the submission is filed, the Court will sign a separate authorization for each

physician. Defendants' counsel are further ordered to provide the attached Authorization to Release

Medical Information to any of plaintiffs' physicians with whom they seek ex parte discussion.

Wherefore, it is this 10th day of August, 2006,

**ORDERED** that, in accordance with the conditions set forth herein, the Motion of All

Defendants for Qualified Protective Order Permitting Defense Counsel to Speak to Plaintiff's

Decedent's Treating Providers is **GRANTED IN PART**.

Judith E. Retchin
Associate Judge

Order docketed _8-10-06_ and copies
mailed from chambers to Parties
Indicated above on _8-11-06_ .

2

Copies to:

Robert W. Goodson, Esq.
Jodi V. Terranova, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN,
& DICKER, LLP
The Colorado Building
1341 G Street, N.W., Suite 500
Washington, D.C. 20005

Thomas V. Monahan, Esq.
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street
20th Floor
Baltimore, MD 21202

Steven A. Hamilton, Esq.
Karen S. Karlin, Esq.
HAMILTON, ALTMAN, CANALE & DILLON, LLC
4600 East-West Highway, Suite 201
Bethesda, MD 20814

H. Kenneth Armstrong, Esq.
Edward Gonsalves, Esq.
ARMSTRONG, DONOHUE, CEPPOS & VAUGHAN
204 Monroe Street, Suite 101
Rockville, MD 20850

To:     _____

        _____

        _____

        _____

### Authorization to Release Medical Information

In a case currently before Judge Judith Retchin of the District of Columbia Superior Court, plaintiffs Stephanie Carolyn Golebieski and Carroll Francis Golebieski, Jr. have sued defendants Frederick Brody, M.D., Ronald Guritzky, M.D. Bruce Abell, M.D., Lakhmir S. Chawla, M.D., Martin Kneller, M.D., Barry Potter, M.D., Nadia Khati, M.D., District Hospital Partners, LP t/a George Washington University Hospital, Medical Faculty Associates, and George Washington University. Specifically, plaintiffs claim that defendants were negligent in the care and treatment of Mr. Carroll Francis Golebieski, Sr. during an admission to George Washington University Hospital with regard to a gastric bypass procedure and claim that defendants' negligence caused Mr. Golebieski's death.

The defendants have petitioned the Court for permission to speak informally with Carroll Golebieski's treating physicians. As one of Carroll Golebieski's current or former treating physicians, you are hereby authorized to speak with the defendants' attorneys if you wish.

If you choose to speak with the defendants' attorneys, you may disclose to them any of Carroll Golebieski's medical information that could be relevant to the causes, treatment, extent, and consequences of the injuries suffered by Carroll Golebieski. You may not disclose medical information that is not relevant to these injuries. You may

1

identify and refer to specific medical documents in the course of any discussion with the defendants' attorneys, but you may not provide such documents or copies of such documents to them without further authorization from the Court.

The decision of whether to speak with the defendants' attorneys is yours alone, and it would be inappropriate for any party to attempt to influence your decision. If you so desire, you are free to consult with an attorney regarding this matter, and you may have an attorney or member(s) of your staff present for any discussion with the defendants' attorneys if you wish. If you so desire, you are also free to invite the plaintiffs and/or plaintiffs' attorneys to be present. It would, however, be inappropriate for the plaintiffs and/or plaintiffs' representative to insist or even suggest that they be present. That decision also is entirely up to you.

So ordered, this ___ day of _____ 2006.


_____
Judith E. Retchin
Associate Judge

/Signed in chambers/

2

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

ANDRE M. DAVIS       *

          Plaintiff,     *      Civil Action No.: 2005
                                 CA 009585 M

     v.                     *      Judge Melvin R. Wright

MEDSTAR – GEORGETOWN MEDICAL *
CENTER, INC., et al.                   **Next Court Event:**
                              *      Status Conference
          Defendants.          March 30, 2007
                              *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ORDER

UPON CONSIDERATION of the Defendants' Motion for Qualified Protective Order, and any opposition thereto, it is this _____ day of _____ 2007,

**ORDERED,** that the Motion for Qualified Protective Order be and it is hereby GRANTED; and it is further

**ORDERED,** that counsel for the defendants are hereby permitted to speak to Plaintiff's treating healthcare providers outside of the presence of plaintiffs' attorneys, plaintiffs and without an authorization by the plaintiffs; and it is further

**ORDERED,** that the Defendants' attorneys are ordered to provide to the Court and to the Plaintiffs a list of the healthcare providers whom they will seek to contact pursuant to this Order. The submission shall contain a brief description of each healthcare provider's connection to the matters at issue in this case; and it is further

**ORDERED,** that it is for the physicians alone to decide whether they will communicate *ex parte* with the Defendants' attorneys: the Defendants may not advise them to

speak , and the Plaintiffs may not advise them to remain silent; and it is further

 **ORDERED,** that any protected health information obtained by the parties in this

matter may be used only in connection with this litigation, and that the parties to this matter,

their counsel, the employees of their counsel and their respective agents, including both

testifying and non-testifying experts and consultants, are prohibited from using or disclosing

the protected health information for any purposes other than in connection with this litigation.


        _____
        Honorable Melvin R. Wright
        Judge, Superior Court of the District of
        Columbia

cc:  Donald L. DeVries, Jr. (Bar No. 419935)
   Kelly Hughes Iverson (Bar No. 487816)
   Michael J. Wasicko (*Admitted Pro Hac Vice*)
   Goodell, DeVries, Leech & Dann, LLP
   One South Street, 20th Floor
   Baltimore, Maryland  21202

   Charles C. Parsons, Esquire
   Charles C. Parsons & Associates, Chtrd.
   128 C Street, N.W.
   Washington, D.C.  20001

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROBIN D. BRUTON                    *

      Plaintiff,               *

v.                                 *

                              **Civil Action No.:  CV01874 RJL**

                          *

MEDSTAR-GEORGETOWN
  MEDICAL CENTER INC., et al.      *

      Defendants                *

    **************************************************************

## <u>ORDER</u>

UPON CONSIDERATION of the Defendants' Motion for Qualified Protective Order, and any opposition thereto, it is this _____ day of _____ 2007,

**ORDERED,** that the Motion for Qualified Protective Order be and it is hereby GRANTED; and it is further

**ORDERED**, that counsel for the Defendants are hereby permitted to speak to Plaintiff's treating healthcare providers outside of the presence of Plaintiff's attorneys, Plaintiff and without an authorization by the Plaintiff; and it is further

**ORDERED,** that the Defendants' attorneys are ordered to provide to the Court and to the Plaintiff a list of healthcare providers whom they will seek to contact pursuant to this Order; and it is further

**ORDERED,** that it is for the physicians alone to decide whether they will communicate *ex parte* with the Defendants' attorneys: the Defendants may not advise them to speak , and the Plaintiff may not advise them to remain silent; and it is further

**ORDERED,** that any protected health information obtained by the parties in this matter may be used only in connection with this litigation, and that the parties to this matter, their counsel, the employees of their counsel and their respective agents, including both testifying and non-testifying experts and consultants, are prohibited from using or disclosing the protected health information for any purposes other than in connection with this litigation.

_____
John D. Bates, United States District Judge

cc:     Susan T. Preston
        Craig S. Brodsky
        Goodell, DeVries, Leech & Dann, LLP
        One South Street, 20th Floor
        Baltimore, Maryland 21202
        (410) 783-4000
        Counsel for  the Health Care Providers, Defendants

        Spencer S. Cargle, Esquire
        Cargle & Associates
        67 Wall Street, 22nd Floor
        New York, New York  10005
        _Counsel for Plaintiff_