# CARGLE & ASSOCIATES

ATTORNEYS AT LAW
67 WALL STREET, 22ND FLOOR
NEW YORK, NEW YORK 10005

TELEPHONE NO.: (212) 709-8045
FAX NO.: (609) 371-0585

SPENCER F. CARGLE, ESQ.                                              WASHINGTON, DC OFFICE:
DIRECT TELEPHONE NO. 646.234.6251

**PERSONAL & CONFIDENTIAL**

August 1, 2007

The Honorable John D. Bates
United States District Court Judge
U.S. District Court for the District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, Northwest
Washington, DC  20001

**Re**:     **Robin Bruton v. MedStar Georgetown Medical Center Inc. et al., Case # 06CV01874**

To Hon. John D. Bates:

My firm, Cargle & Associates, represent the Plaintiff in the above captioned matter. Enclosed you will find Plaintiff's Motion to Extend Time to Designate an Expert Witness, and To Amend the Scheduling Order by Extending the Time to Complete Discovery. I have consulted with defense counsel, Craig S. Browsky, Esq., regarding the motion, and during our telephone conversation, he indicated the defendants will not opposed the motion.

Regards,

/s/ Spencer F. Cargle

Spencer Frederic Cargle, Esq.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____X
**ROBIN D. BRUTON,**
                *Plaintiff,*

    v.

**MEDSTAR-GEORGETOWN**
**MEDICAL CENTER INC., et al.**
                *Defendants.*
_____X

**Civil Action No.: 06CV01874 JDB**
**NOTICE OF MOTION**

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

TAKE NOTICE that Robin D. Bruton, through and by her counsel, Spencer F. Cargle, Esq, will bring the attached motion on for hearing before this court on _____, at 9:00 am, or as soon thereafter as the matter can be heard, in Courtroom No. _____ of the United States Courthouse located at

Dated: August 1, 2007
New York, New York

For the Plaintiff: Robin D. Bruton.

Cargle & Associates

By:     /s/ Spencer F. Cargle
        Spencer F. Cargle, Esq. (2390)
        67 Wall Street, 22nd Floor
        New York, New York 10005
        646.234.6251
        Attorneys for *Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____X
ROBIN D. BRUTON,                        :
                    Plaintiff,          :     Civil Action No.:
                                        :     06CV01874 JDB
                                        :     MOTION
MEDSTAR-GEORGETOWN                      :
MEDICAL CENTER INC., et al.             :
                    Defendants.         :
_____X
```

**EX PARTE UNOPPOSED MOTION FOR EXTENSION OF TIME TO DESIGNATE EXPERT WITNESS AND TO AMEND THE SCHEDULING ORDER BY EXTENDING THE TIME TO COMPLETE DISCOVERY**

Robin D. Bruton, Plaintiff, by and through counsel, Spencer F. Cargle, Cargle & Associates, respectfully files this unopposed motion seeking an extension of time to designate an expert witness from May 24 2007 to August 20, 2007, and to amend the deadlines set forth in the Scheduling Order, dated.

### GROUNDS FOR RELIEF

1. The extension is required to designate Plaintiffs expert witness pursuant to Federal Rules of Civil Procedure Rule 26.

2. On January 29, 2007 this Court held a Pretrial Conference for the above caption matter. The pretrial Scheduling Order required the Plaintiff to designate an expert witness by May 24, 2007.

3. The Plaintiff has failed to designate the expert witness by May 24, 2007, but this failure was a result of excusable neglect.

4. This moving party's neglect was excusable because of several factors:

- At all times prior to filing this motion, and based upon numerous conversations with defense counsel, Plaintiffs counsel was under the

   impression that defense counsel wanted to settle this matter, and dispense with both parties incurring unnecessary cost.
- Plaintiff's counsel had other commitments due for a major complex litigation matter, in particular Amended Complaints and two (2) Memorandums in Opposition to Defendants Motion to Dismiss. In addition Plaintiffs counsel has exhausted all of his monetary resources into this major complex litigation matter referenced above.
- Although Plaintiff's counsel has had medical doctors to evaluate the Plaintiffs claims, however these medical doctors refuse to testify, are only willing to discuss the matter in strict confidence and "off the record." These medical doctors have indicated the Plaintiff has valid claims of medical malpractice. In addition Plaintiff's counsel has had difficulties finding medical experts to evaluate the Plaintiff's claims on a contingency fee basis.
- These factors mentioned above have prevented Plaintiff's counsel from designating a medical expert pursuant to the Scheduling Order issued by this Court.

5. Recently Plaintiff's counsel has located medical experts to evaluate the Plaintiff's claims on a contingency fee basis. These medical experts have requested a month to evaluate the Plaintiff's claims. In addition Plaintiffs counsel expects an influx of cash in the next month and will be able to pay the required fees for Plaintiffs reply medical experts already identified, and has agreed to be designated Plaintiff's medical experts pursuant to FRCP Rule 26(b)(4). However these reply medical experts are fee based medical experts.

6. Plaintiff's counsel has consulted with defense counsel by telephone and Defendants do not oppose this extension of time.

7. Through circumstances unforeseen at the time of the Initial Scheduling Conference and subsequent Scheduling Order dated January 30, 2007, the parties have failed to complete discovery pursuant to the Scheduling Order dated January 30, 2007.

8. The extension is required to complete discovery. Although the discovery process has begun, with both parties serving Interrogatories, the parties need

to finish discovery process by conducting depositions; producing documents pursuant to the parties request for production; and utilizing other discovery tools to complete discovery.

9. The extensions sought were unavoidable and will not delay the Court's schedule for this action in any significant degree. The extension of time is essential to gathering discovery, and to providing additional information in order to have a meaningful presentation of the factual issues at trial. Despite the diligence of all parties, discovery cannot be completed in time for the parties and this court to conduct a meaningful status conference currently scheduled for September 23, 2007.

10. The extension of time will not jeopardize a trial date because one has not been set in this matter, and the parties want to settle this matter before trial.

11. Plaintiff respectfully move this court to amend the Scheduling Order dated January 29, 2007 to the following dates:

12. The Plaintiff shall have until August 20, 2007 to designate Plaintiff's First Medical Expert pursuant to the Scheduling Order issued by this Court.

13. Plaintiff shall have until September 24, 2007 to designate Plaintiff's reply medical experts.

14. Defendants must answer Plaintiffs Interrogatories by August 20, 2007.

15. Plaintiffs must answer Defendants Interrogatories by August 20, 2007.

16. In addition Plaintiff's respectfully request this Court to amend the Scheduling Order dated January 30, 2007 to the following dates:

    a. to extend the date to complete factual discovery from September 24, 2007 until November 26, 2007;

    b. to extend the date for joining additional parties from April 24, 2007 until September 10, 2007;

    c. to extend the date for request for admissions from August 16, 2007 to October 1, 2007;

    d. to extend the date for any dispositive motions and Daubert motions to be filed from October 23, 2007 to December 10, 2007;

    e. to extend the date for the status conference from September 25, 2007 until November 27, 2007;

### NOTICE TO OPPOSING COUNSEL

17. Prior to making of this motion, counsel for the Plaintiffs and counsel for the Defendants agreed to the extension of time.

18. Plaintiff's counsel drafted a Stipulation of Extension of Time and submitted the document to Counsel for the Defendants for review. Counsel for the Defendants made changes to the Stipulation of Extension of Time, and indicated that a Consent Motion for Extension of Time is required.

19. On July 23, 2007, Plaintiffs counsel has consulted with Defendants counsel and Defendants counsel does not opposed this extension of time.

### SUPPORTING PAPERS

20. This motion is based on the pleadings and papers on file in this action, this motion, the attached Notice of Motion, the attached Supporting Memorandum of Points and Authorities, and on whatever additional argument or evidence this Court might hear on this matter.

Dated: August 1, 2007
New York, New York


For the *Plaintiff*, Robin D. Bruton

Cargle & Associates

By: ___/s/ Spencer F. Cargle_____
     Spencer F. Cargle, Esq. (2390)
     67 Wall Street, 22nd Floor
     New York, New York 10005
     646.234.6251
     Attorneys for *Plaintiff*

### CERTIFICATE OF SERVICE OF MOTION ON ALL PARTIES

I certify that on August 1, 2007, I filed the attached Notice of Motion and Motion, together with all attachments, exhibits, and supporting papers, with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the following:

| | |
|---|---|
| Craig S. Brodsky, Esq , | Susan T.Preston, Esq |
| Goodell, DeVries, Leech & Dann, LLP | Goodell, DeVries, Leech & Dann,  LLP |
| One South Street, 20th Floor | One South Street, 20th Floor |
| Baltimore, MD  21202 | Baltimore, MD  21202 |
| csb@gdldlaw.com | stp@gdldlaw.com, |
| 410-783-4014 | 410-783-4014 |
| Attorneys for *Defendants* | Attorneys for *Defendants* |

Dated: August 1,, 2007
New York, New York

For the Plaintiff: Robin D. Bruton.

Cargle & Associates


By: _____/s/ Spencer F. Cargle_____
     Spencer F. Cargle, Esq. (2390)
     67 Wall Street, 22nd Floor
     New York, New York 10005
     646.234.6251
     sfcargle.esq@gmail.com
     Attorneys for *Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____X
**ROBIN D. BRUTON,**                         :
                          *Plaintiff,*  :   **Civil Action No.:**
                                        :   **06CV01874 JDB**
    :
**MEDSTAR-GEORGETOWN**                       :
**MEDICAL CENTER INC., et al.**              :
                      *Defendants.*  :
_____X

**MEMORANDUM IN SUPPORT OF EXPARTE UNOPPOSED MOTION
FOR EXTENSION OF TIME FOR THE PLAINTIFF TO DESIGNATE AN
EXPERT, AND TO AMEND THE SCHEDULING ORDER BY EXTENDING THE
TIME TO COMPLETE DISCOVERY.**

The Plaintiff, Robin D. Bruton, by and through her counsel, Spencer F. Cargle, Esq, Cargle & Associates, respectfully submit this Memorandum of Points and Authorities in support of their Unopposed Motion to Extend Time to Designate an Expert Witness, and to Amend the Scheduling Order by extending the time.

**I.    BACKGROUND**

**NATURE OF THE CASE AND DISPUTE**

The Plaintiff filed this lawsuit against the Defendants for the medical malpractice and negligent surgeries they performed on the Plaintiff, and for the permanent injuries, pain and suffering, and mental anguish the Plaintiff has suffered with as a result of the Defendants actions. Plaintiff has an extensive medical history, however none of the Plaintiff's medical malpractice and negligent claims are in any way related to the Plaintiff prior medical history. The Plaintiff went in for a very minor routine surgery, placement of a PD catheter, and there were complications. The Defendants tore a whole in the

Plaintiffs colon. The Plaintiff had to be admitted immediately into the intensive care unit of the Defendant hospital. The Plaintiff in chronic pain remained in the Defendant Hospital for three weeks, although pursuant to the Defendants informed consent presentation this surgery was supposed to last 30 minutes and the Plaintiff would be home in two hours at most. Immediately following the surgery the Plaintiff became septic and almost died as a result of the Defendants actions. The Defendants failed to diagnose the Plaintiff was septic. The Defendants failed to diagnose that they had torn a whole in the Plaintiffs colon which resulted in the Plaintiff becoming septic. The Defendants performed a second emergency surgery and remove a portion of the Plaintiff colon which has resulted in permanent injuries, complications, and mental difficulties.

## II.   ARGUMENT

**NEED FOR EXTENSION OF TIME FOR PLAINTIFF TO DESIGNATE AN EXPERT, AND FOR EXTENSION OF TIME TO COMPLETE DISCOVERY**

**PLAINTIFF CLAIMS EXCUSABLE NEGLECT**

Plaintiff has failed to designate Plaintiffs Expert witness pursuant to the Scheduling Order dated January 30, 2007 because of "excusable neglect."

It is well established that this Court has the power to extend and/or modify the Scheduling Order, pursuant to the judicial doctrine of "excusable neglect.", and the Federal Rules of Civil Procedure Rule 6(b). In <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, The United States Supreme Court addressed the meaning of "excusable neglect". The Court held that the following factors should be considered when "neglect" should be "excusable:" (1) the danger of prejudice to the party opposing the modification; (2) the length of delay and its potential impact on judicial

proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. See also In re Vitamins Antitrust Litigation, 327, F.3d 1207, (D.C. Cir 2003)(citing Brunswick ). See also Howard v. Gutierrez, No. 05-cv-1968 (D.D.C February 6, 2007)(citing Brunswick ).

In the instant case, the Defendants are not opposing this Motion for Extension of Time to Designate Plaintiff's Expert Witness, and to Amend the Scheduling Order by Extension of Time to Complete Discovery.

The length of delay is just over two months. The judicial proceedings are only being extended by at most 90 days, which should not have a major impact on this case.

The factors for the delay detailed in the accompanying Motion are reasonable: 1.based upon conversations with defense counsel, Plaintiffs counsel was under the impression that both parties were heading towards attempting to mediate and/or settle this matter and avoid the costly discovery for a medical malpractice lawsuit; 2. the counsel for the Plaintiff had other commitments and pleadings due in a major complex litigation matter that prevented him from adhering to the Scheduling Order; and 3. the Plaintiff counsel's monetary resources were temporarily exhausted in prosecuting the major complex litigation matter.

Prior to filing the Complaint and the accompanying Motion, Plaintiff's counsel consulted with medical physicians, who evaluated the Plaintiff's medical reports which are the basis of this lawsuit. The aforementioned medical physicians determined that medical malpractice and negligence had occurred in the care and treatment of the Plaintiff by the Defendants. However those medical physicians refused to become

involved with this action, only consulted in strict confidence , and only discussed their findings "off the record."

In the interim, Plaintiff's counsel made a good faith effort to adhere to the Scheduling Order given the circumstances described above. Plaintiff's counsel diligently searched for medical experts that were willing to consult, and be designated as an expert for/on a contingency fee basis. On or about July 23, 2007 Plaintiff's counsel finally located an expert who has agreed to consult on this matter on a contingency fee basis, and currently has the medical reports for evaluation. The medical expert has requested 30 days to complete his report because his schedule is extremely busy at the present time. In addition, in the next 30-60 days, counsel for the Plaintiff will have the additional resources to pay the fees of the other medical experts counsel for the Plaintiff will be designating as the reply medical experts. Through preliminary discussions with the other medical experts, they have agreed to be designated as experts in this matter, and see the potential valid medical malpractice claims.

Both parties agree that the discovery deadlines set forth in the Scheduling Order dated January 30, 2007, need to be extended in order to complete discovery. The extension of time is essential to gathering discovery, and to providing additional information in order to have a meaningful presentation of the factual issues at trial. Despite the diligence of all parties, discovery cannot be completed in time for the parties and this court to conduct a meaningful status conference currently scheduled for September 25, 2007.

The parties have begun discovery in this case, by both submitting Interrogatories, Request for Production, and the Defendants have preliminarily designated their expert

witnesses. Defendants requested detail comprehensive technical information in Defendants First Set of Interrogatories. Plaintiff was delayed in serving Plaintiff Response to Defendants First Set of Interrogatories, and has to supplement Defendants First Set of Interrogatories upon consultation with Plaintiff's expert. Plaintiff has recently produced documents in response to Defendants Request for Production. Defendants have not answered Plaintiffs First Set of Interrogatories or produced documents requested in Plaintiff's First Set of Interrogatories.

### III.   CONCLUSION

WHEREFORE, the aforementioned reasons stated above, the Plaintiff respectfully ask this Court to grant her Unopposed Motion to Extend Time to Designate an Expert Witness, and to Amend the Scheduling Order by Extension of Time to Complete Discovery.

Dated: August 1, 2007
New York, New York

                          Respectfully submitted,

                          Cargle & Associates

                          By:   ___/s/ Spencer F. Cargle_____
                                  Spencer F. Cargle, Esq. (2390)
                                  67 Wall Street, 22nd Floor
                                  New York, New York 10005
                                  646.234.6251
                                  sfcargle.esq@gmail.com
                                  Attorneys for *Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____X
**ROBIN D. BRUTON,**                  :
                    *Plaintiff,*  :   **Civil Action No.:**
                                 :   **06CV01874 JDB**
                                 :   **ORDER**
**MEDSTAR-GEORGETOWN**                :
**MEDICAL CENTER INC., et al.**       :
                    *Defendants.*  :
_____X

**ORDER GRANTING EXTENSION OF TIME TO DESIGNATE PLAINTIFF
EXPERT WITNESS, AND TO AMEND THE SCHEDULING ORDER BY
EXTENDING THE TIME TO COMPLETE DISCOVERY**

On July 31, 2007, Plaintiff, Robin D. Bruton, by and through her Attorney, Spencer F. Cargle, Esq, Cargle & Associates, moved to extend the time to designate Plaintiffs first expert witnesses, and reply expert witness, and to amend the Scheduling Order dated January 30, 2007, by extending the time to complete discovery. The motion was made after the time allowed by the Scheduling Order, dated January 30, 2007, and was, therefore made by means of duly noticed motion.

The Court has considered the papers and authorities submitted by Plaintiffs counsel. The Court finds that the failure of the Plaintiffs counsel to designate an expert witness pursuant to the Scheduling Order dated January 30, 2007 was the result of excusable neglect, and because this motion is unopposed, the Defendants will not be prejudiced if the time for doing this act is extended. Therefore,

**IT IS ORDERED** that:

1. The Motion is GRANTED

**IT IS ORDERED** that:

1. The Plaintiff has until August 30, 2007 to designate first expert witness.

**IT IS ORDERED** that:

1. The Scheduling Order dated January 30, 2007 is hereby amended for the following dates:

   a) Plaintiff shall have until September 24, 2007 to designate Plaintiff's reply medical experts.
   b) Defendants must answer Plaintiffs Interrogatories by August 30, 2007.
   c) Plaintiffs must answer Defendants Interrogatories by August 30, 2007.
   d) to extend the date to complete factual discovery from September 24, 2007 until November 26, 2007;
   e) to extend the date for joining additional parties from April 24, 2007 until September 10, 2007;
   f) to extend the date for request for admissions from August 16, 2007 to October 1, 2007;
   g) to extend the date for any dispositive motions and Daubert motions to be filed from October 23, 2007 to December 10, 2007;
   h) to extend the date for the status conference from September 25, 2007 until November 27, 2007;

**Dated:** _____

_____
**JOHN D. BATES**
**UNITED STATES DISTRICT JUDGE**