**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

_____X

ROBIN D. BRUTON, Individually

                                              Plaintiff,

                -against-                              **Notice of Motion for Leave
to Amend the Verified
Complaint      Civil Action,
Number 06CV1874
JDB**

The Georgetown University,
MedStar Health Inc.
MedStar Georgetown Medical Center, Inc.
The Georgetown University Hospital,
Dr.  Amy Lu, M.D., Dr. Lynt Johnson M.D,
Does JOHN DOE "1" THROUGH JOHN DOE "20" both
inclusive; JOHN DOE "1" through JOHN DOE "20"
regardless of number being each a separate individual
and being fictitious and unknown to the Plaintiff
the persons or parties intended being the physicians,
nurses, technicians, employees, and servants involved
in the treatment of the Plaintiff, as alleged, and unknown
insurance company(s) responsible for insurance coverage
liability for collectively, and or individually each of the
defendants for treatment of patients and the Plaintiff.

                                               Defendants.
_____X

**NOTICE OF MOTION**

To:  MedStar Georgetown Medical Center, Inc. Dr.  Amy Lu, M.D., Dr. Lynt Johnson M.D,
], and their attorney's Goodell, DeVries, Leech & Dann, LLP

  PLEASE TAKE NOTICE that on _____, at _____, or as soon
thereafter as counsel can be heard, in Room _____, United States Court House, E. Barrett
Prettyman U.S. Courthouse, 333 Constitution Avenue, Northwest, Washington, D.C., the
undersign will bring the accompanying motion for leave to amend the verified complaint on for
hearing before the Honorable John D. Bates.will move this court for an order allowing plaintiff
to amend _her_ verified complaint filed in this action, as follows: _to add the_ claim for relief Failure
to Diagnos/Misdiagnosis, and to add the claim for relief Lack of Informed Consent; to add Dr.
Aimee Crago, M.D., Dr.Aarti Mathur, M.D., Dr. Michael Doff, M.D., Dr.Tedla Tessema, M.D.
and Dr. Jaime Schwartz,.as party defendants, and to amend the caption, adding the additional

party names; to remove and voluntarily dismiss Dr. Lynt Johnson as a party defendant. A copy of the proposed amended complaint is attached to this notice.

  The motion will be made on the ground that the amendment is in furtherance of justice, and the plaintiff's additional claims for relief and the additional party defendants arise out of the transaction, occurrence, medical procedures, medical treatment, or facts that are the subject matter of the plaintiff's claim against defendants, In addition after filing the verified complaint, discovery has revealed additional claims for relief, and additional party defendants who are liable for the plaintiff's claims for relief.

  The motion will be based on this notice, on all of the pleadings, records, and papers on file in this action, the attached memorandum of points and authorities.

Dated:            ) New York, New York
                  ) December 31 2007


                              Respectfully submitted,

                              ATTORNEYS FOR PLAINTIFFS


                       By:    /s/ Spencer Frederic Cargle
                              SPENCER FREDERIC CARGLE, ESQ.
                              CARGLE & ASSOCIATES
                              67 WALL STREET, 22ND FLOOR
                              NEW YORK, NEW YORK 10005
                              TELEPHONE: (212) 709-8045
                              BAR NO. 470448

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**
_____X

ROBIN D. BRUTON, Individually

                                              Plaintiff,

               -against-                     **Motion for Leave to Amend
the Verified Complaint
Civil Action No., 06CV1874
JDB**

The Georgetown University,
MedStar Health Inc.
MedStar Georgetown Medical Center, Inc.
The Georgetown University Hospital,
Dr.  Amy Lu, M.D., Dr. Lynt Johnson M.D,
Does JOHN DOE "1" THROUGH JOHN DOE "20" both
inclusive; JOHN DOE "1" through JOHN DOE "20"
regardless of number being each a separate individual
and being fictitious and unknown to the Plaintiff
the persons or parties intended being the physicians,
nurses, technicians, employees, and servants involved
in the treatment of the Plaintiff, as alleged, and unknown
insurance company(s) responsible for insurance coverage
liability for collectively, and or individually each of the
defendants for treatment of patients and the Plaintiff.

                                    Defendants.
_____X


**MOTION**

  Plaintiff, by and through her attorney, Spencer Frederic Cargle, Esq., moves this Court,

pursuant to Fed. R. Civ. P. 15, to enter its order granting plaintiff leave to file a first amended

verified complaint in the above action, based on the following grounds:

1.  More than 20 days have elapsed since defendant filed a pleading in response to plaintiff's

    verified complaint, thus necessitating leave of the court for plaintiff to amend her pleadings.

2.  At the time plaintiff filed her verified complaint, information available to plaintiff suggested

    that defendants was liable to plaintiff based only on medical malpractice and negligence.

3.  As a result of reviewing discovery documents, and conducting an extensive investigation, plaintiff has recently (within the last 30 days) discovered that the defendants are liable to plaintiff based on additional theories, including failure to diagnose/misdiagnosis and lack of informed consent.

4.  As a result of reviewing discovery documents, and conducting an extensive investigation, plaintiff has recently (within the last 30 days) discovered several additional defendants who are necessary party defendants. The additional defendants are directly responsible for the additional claims for relief, failure to diagnose/misdiagnosis, and several new necessary party defendants are responsible for all claims for relief set forth in the original verified complaint.

5.  As a result of reviewing discovery documents, and conducting an extensive investigation, Plaintiff voluntarily dismisses and request permanent removal from this law suit, party Defendant Dr. Lynt Johnson, M.D.

6.  If the amendment requested is allowed, the caption in this action should be changed to include the new necessary party defendants. Plaintiff respectfully requests that the caption of this action be so amended on the allowance of the requested amendment to the complaint.

7.  Based on the above newly discovered facts and theories, Plaintiff desires to file a first amended complaint including such new matter, a copy of which first amended complaint is attached as Exhibit "A".

8.  The newly discovered facts and theories contained in plaintiff's proposed first amended complaint are necessary to enable plaintiff to establish her cause of action against the defendants, and therefore the requested amendment will achieve the ends of justice, and justice so requires in order that the case may be fully and fairly adjudicated on the merits.

9. This motion to amend is not the result of undue delay, bad faith, or dilatory motive on the part of plaintiff.

10. Since discovery remains open and no trial date has yet been scheduled, defendant will not be unduly prejudiced by plaintiff filing a first amended complaint as above set forth.

  WHEREFORE, plaintiff requests leave to amend the original complaint by adding Defendant Aimee Crago, M.D., Defendant Michael D. Doff, M.D., Defendant Tedla Tessema, M.D., Defendant Jaime Schwartz, M.D. and Defendant Aarti Mathur M.D as a defendants, with proper allegations to charge defendants, and to amend the caption to include Defendant Aimee Crago, M.D.,  Defendant Michael D. Doff, M.D., Defendant Tedla Tessema, M.D., Defendant Jaime Schwartz, M.D. and Defendant Aarti Mathur  M.D as a party defendants; by adding the claims for relief, failure to diagnose, and lack of informed consent; by voluntarily dismissing and removing Defendant Dr. Lynt Johnson, M.D. as a party defendant.

Dated:          ) New York, New York
                ) December 31 2007


                              Respectfully submitted,

                              ATTORNEYS FOR PLAINTIFFS


                              By:    /s/ Spencer Frederic Cargle
                                     SPENCER FREDERIC CARGLE, ESQ.
                                     CARGLE & ASSOCIATES
                                     67 WALL STREET, 22ND FLOOR
                                     NEW YORK, NEW YORK 10005
                                     TELEPHONE: (212) 709-8045
                                     BAR NO. 470448

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

_____**X**

ROBIN D. BRUTON, Individually

                                                      Plaintiff,

          -against-                          **Civil Action No.: 06CV1874
                                              JDB**

The Georgetown University,
MedStar Health Inc.
MedStar Georgetown Medical Center, Inc.
The Georgetown University Hospital,
Dr.  Amy Lu, M.D., Dr. Lynt Johnson M.D,
Does JOHN DOE "1" THROUGH JOHN DOE "20" both
inclusive; JOHN DOE "1" through JOHN DOE "20"
regardless of number being each a separate individual
and being fictitious and unknown to the Plaintiff
the persons or parties intended being the physicians,
nurses, technicians, employees, and servants involved
in the treatment of the Plaintiff, as alleged, and unknown
insurance company(s) responsible for insurance coverage
liability for collectively, and or individually each of the
defendants for treatment of patients and the Plaintiff.

                                             Defendants.
_____**X**

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED VERIFIED COMPLAINT

          Plaintiff, Robin D. Bruton, by and through her counsel, Spencer F. Cargle, Esq., Cargle &

Associates, respectfully submits this Memorandum of Points and Authorities in support of her

Motion for Leave to File First Amended Verified Complaint to add additional clams of Failure to

Diagnose/Misdiagnosis; add additional indispensable party defendants; and remove Dr. Lynt

Johnson as a party defendant.

## I.     INTRODUCTION

          This action arises from negligent and carelessly committed medical malpractice surgery

performed by the Defendant Lu, and Defendant Doctors, under the direct supervision of

Defendant, Johnson, Defendant Hospital, and Defendant University. The surgery performed on

the Plaintiff was a surgical placement of a PD Catheter into the Plaintiff to assist with dialysis of

the Plaintiff's kidney. Defendant Lu, Defendant Johnson, and Defendant Doctors negligent and

carelessly committed medical malpractice surgery that caused the Plaintiff's bowel, or lower

intestine or upper intestine to be perforated, and thus causing the Plaintiff severe pain and

suffering. In furtherance of Defendant Lu, Defendant Johnson, and Defendant Doctors negligent

and carelessly deviated from the standard of care by failing to diagnose the plaintiff's bowel, or

lower intestine or upper intestine was perforated, and thus causing the Plaintiff severe pain and

suffering. Defendant Lu, Defendant Johnson, and Defendant Doctors failed to inform the

Plaintiff that her bowel, or lower intestine or upper intestine had been perforated. In fact the

Plaintiff was informed that the severe pains, vomiting, and loose stools that she experienced were

due to her intestines being twisted, which would resolve in time. Prior to the surgery Defendant

Lu, Defendant Johnson, and Defendant Doctors failed to properly inform the plaintiff of Upon of

the risk inherently related to this type of surgery, and in fact only informed the plaintiff that this

type of surgery is a routine surgery, and considered to be a 45 minute outpatient surgery with

very low risk of failure or complications.

## II.    ARGUMENT

### PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 15, and THE DISTRICT OF COLUMBIA JUDICIALCOMMON LAW, PLAINTIFF'S MOTION FOR LEAVE TO AMEND PLAINTIFF'S VERFIED COMPLAINT SHOULD BE GRANTED

It is well established by the Federal Rules of Civil Procedure and the US Court Appeals for the District of Columbia Circuit and Courts under its authority that a Motion for Leave to Amend a Complaint is squarely within the discretion of the Court and leave to amend should be freely given. *See Stanford v. Potomac Electric Power Company* 394 F. Supp. 2d. 81 (D.D.C. 2005). In *Stanford,* the Court held "before a defendant responds to a complaint, the plaintiff may amend the complaint once as a matter of right.  Fed.R.Civ.P. 15(a). However after a responsive pleading has been filed, the complaint may be amended"only by leave of court or by written consent of the adverse party."  *Id.* While the court has sole discretion to grant or deny leave to amend, absent a sufficient reason to deny an amendment request, leave should be "freely given." (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (quoting Fed.R.Civ.P. 15(a)).   The rationale for this liberal perspective is that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Id.* at 182, 83 S.Ct. 227.   Reasons to deny leave to amend include "undue delay, bad faith or dilatory motive ..., repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility."   *Id.* The primary consideration in deciding whether to permit an amendment focuses on whether the non-moving party will be prejudiced due to unfair disadvantage or deprivation of the opportunity to discover and present facts. (citing *In re Vitamins Antitrust Litigation,* 217 F.R.D. 34, 36-37 (D.D.C.2003) (finding that despite significant inexcusable delay in filing, absent prejudice to non-moving party, leave to file should be granted.) In addition Fed R. Civ. P. Rule 15(a) allows a party to amend its pleading to add a new party. *See Wiggins v. Dist. Cablevision, Inc.,* 853 F.Supp. 484, 499 (D.D.C.1994). The grant or denial of leave to amend is committed to the sound discretion of the district court. *See*

*Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C.Cir.1996). The court must, however, heed <u>Rule</u> <u>15</u>'s mandate that leave is to be "freely given when justice so requires." *See Caribbean Broad.* *Sys., Ltd. v. Cable & Wireless PLC,* 148 F.3d 1080, 1083 (D.C.Cir.1998). Indeed, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182, 83 S.Ct. 227, 9 L.Ed.2d 222.

As such, "[a]lthough the grant or denial of leave to amend is committed to a district court's discretion, it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive ... repeated failure to cure deficiencies by [previous] amendments ... [or] futility of amendment.' " *Firestone,* 76 F.3d at 1208 (quoting *Foman,* 371 U.S. at 182, 83 S.Ct. 227, 9 L.Ed.2d 222);*see also Caribbean Broad. Sys.,* 148 F.3d at 1084 (citing *Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir.1991) for the proposition that a district court's discretion to grant leave to amend is "severely restricted" by <u>Rule 15</u>'s command that such leave "be freely given"). Moreover, " 'Rule 15(a) does not prescribe any time limit within which a party may apply to the court for leave to amend.... In most cases[,] delay alone is not a sufficient reason for denying leave.... If no prejudice [to the non-moving party] is found, the amendment will be allowed.' " *Caribbean Broad. Sys.,* 148 F.3d at 1084 (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure: Civil 2d § 1488, at 652, 659, 662-69 (1990 & Supp.1997)).

In the instant case Plaintiff files this Motion for Leave to Amend the Verified Complaint, in particular, to respectfully ask this Court for permission to do the following: add (2) two additional claims for relief, lack of informed consent, and failure to diagnose which includes claims for relief of ; substitute real party names for the fictitious names designated in the original

complaint, in the alternative add new party defendants who are directly responsible for the failure to diagnose claims for relief, and claims for relief expressed in the Original Verified Complaint; and voluntarily dismiss and or remove Defendant Dr. Lynt Johnson as a party defendant to this law suit.

## Motion for Leave to Amend the Verified Complain, by Adding New Claims for Relief Should be Granted

The defendants, by and through their attorneys have been given notice of the additional claims. Whereas plaintiff's attorney has had many conversations with opposing counsel, and during several of these conversations early on in the litigation, January 2007 and or February 2007, plaintiff's attorney gave notice of failure to diagnose or misdiagnosis claim for relief and the lack of informed consent claim for relief. In addition the new claims for relief arise out of the same facts and circumstances which were the basis of the Original Verified Complaint. In furtherance, the plaintiff's designated expert has testified during deposition that the failure to diagnose claim for relief is clearly evident, and the defendants deviated from the standard of care. As such the defendants are not prejudice by adding in the new claims for relief. The defendants have had sufficient notice. Therefore, in light of the above cited case the plaintiff's Motion for Leave to Amend the Verified Complaint by adding additional claims for relief should be granted.

## Motion for Leave to Amend the Verified Complain, by Substituting Real Party Names for Properly Designated Fictitious Names, or in the Alternative Adding New Party Name Defendants Should be Granted.

The judicial common law in the U.S. Court of Appeals for the District of Columbia Circuit is well established for adding new parties to the matter after the responsive pleading has been filed. In *I.A.M. NATIONAL PENSION FUND, et al v. . TMR REALTY CO, INC.*, 2006 WL

544012 (D.D.C.), where the Court held 'it is well-settled law within this Circuit that "[w]here an amendment would do no more than clarify legal theories or make technical corrections ... delay, without a showing of prejudice, is not a sufficient ground for denying ... [a] motion. (citing "*Harrison v. Rubin,* 174 F.3d 249, 252-53 (D.C.Cir.1999); *see also Dove v. Wash. Metro. Area Transit Auth.,* 221 F.R.D. 246, 248-49 (D.D.C.2004)) (stating that "a court should not deny leave to amend based solely on the time elapsed between the filing of the complaint and the request for leave to amend"). Although in a perfect world, pleading parties would get all elements of their action correct on the first attempt, Fed R. Civ. P Rule 15(a) exists in order to give litigants the opportunity to correct their mistakes or omissions such that the Court may truly resolve a case on the merits; (citing *Dove,* 221 F.R.D. at 247 (quoting *Foman,* 371 U.S. at 181-82, 83 S.Ct. 227, 9 L.Ed.2d 222) indeed, "the purpose of pleading under the Federal Rules of Civil Procedure is 'to facilitate a proper decision on the merits,' not to set the stage for 'a game of skill in which one misstep by counsel may be decisive to the outcome.")'

In particular the Courts in the U.S. Court of Appeals for the District of Columbia Circuit have held a Motion for Leave to Amend the Original Complaint by adding a new party is govern by Fed R. Civ. P Rule 15(c)(3) which allows a plaintiff to add an omitted party to a complaint when "the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." FED. R. CIV. P. (15)(c)(3); *See also Rendall-Speranza v. Nassim,* 107 F.3d 913, 917-18 (D.C.Cir.1997) (explaining the meaning of a "mistake concerning the identity of the proper party"). The c

An amendment relates back to the date of the original pleading when "the claim or

defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2).

In the Original Verified Complaint the fictitious name defendants properly appear in the caption, whereas, the caption reads "Does JOHN DOE "1" THROUGH JOHN DOE "20" both inclusive; JOHN DOE "1" through JOHN DOE "20" regardless of number being each a separate individual and being fictitious and unknown to the Plaintiff the persons or parties intended being the physicians, nurses, technicians, employees, and servants involved in the treatment of the Plaintiff, as alleged, and unknown insurance company(s) responsible for insurance coverage liability for collectively, and or individually each of the defendants for treatment of patients and the Plaintiff." In addition in the Original Verified Complaint, the fictitious name defendants (Designated as "Defendant Doctors") actions, which deviated from the standard of care, in the care and treatment of the plaintiff, and the plaintiff suffered injuries as a direct result of their deviation from the standard of care, these facts are clearly asserted throughout the claims for relief. The Defendant Doctors actions and deviations from the standard of care arise from the same facts and circumstances which are the basis of this law suit. The Defendant Doctors actions and deviations from the standard of care caused the plaintiff's injuries.

In addition, if this Court grants permission to substitute real party name defendants for the fictitious name defendants, as employees of Defendant MedStar Georgetown Hospital Center, Inc. their attorneys would be the same opposing counsel representing the Defendant MedStar Georgetown Hospital Center, Defendant Dr. Amy Lu, and Defendant Dr. Lynt Johnson. Upon information and belief, the fictitious name defendants have participated in the preparation of defending this lawsuit. As such the fictitious name defendants would not be prejudice by being name as a defendant party to this law suit. The proposed real name party defendants will

not be prejudiced due to unfair disadvantage or deprivation of the opportunity to discover and present facts. In addition there is no undue delay, bad faith, or dilatory motive on behalf of the plaintiff. The plaintiff files this Motion within two months of being provided the information during discovery. No unfair burden would be placed upon the substituted or new real name party defendants. This Court has granted permission for plaintiff's attorney to depose many of the proposed real name party defendants. Their counsel will have the opportunity to ask questions during the deposition.

In furtherance, as the caption reads any "Does JOHN DOE "1" THROUGH JOHN DOE "20" both inclusive; JOHN DOE "1" through JOHN DOE "20" regardless of number being each a separate individual and being fictitious and unknown to the Plaintiff the persons or parties intended being the physicians, nurses, technicians, employees, and servants involved in the treatment of the Plaintiff," this caption gives any real person involved with treating the plaintiff proper notice that they are included in this law suit. The names of the real party defendants were not clearly presented until plaintiff's attorney received Defendant's Answer to Plaintiff's Interrogatories. Although the medical records provide the information, a reasonable person can not read many of the handwritten notations of the potential real party name defendants.

Therefore the Plaintiff respectfully request this Court to grant Plaintiff's Motion for Leave to Amend by substituting real name defendants for the fictitious name defendants, in the alternative adding new real name defendants.

### Voluntary Dismissal or Removal of Defendant Dr. Lynt Johnson as a Party Defendant

Defendant Dr. Lynt Johnson was named as a defendant in Plaintiff's Original Verified Complaint. After careful consideration, and consultations, the plaintiff respectfully asks this Court accept her voluntary dismissal of Dr. Lynt Johnson as a defendant in this matter, as

referenced in the above captioned. In furtherance, plaintiff respectfully asks the Court permission to amend the caption to reflect her request to voluntarily dismiss defendant Dr. Lynt Johnson from this matter, as referenced in the above caption.

### III.    CONCLUSION

Wherefore, for reasons stated herein, the plaintiff respectfully asked this Court to grant her Motion for Leave to Amend the Original Complaint.

Respectfully submitted,

/s/ Spencer F. Cargle_____
Spencer Frederic Cargle, Esq.
Cargle & Associates
67 Wall Street, 22nd Floor
New York, NY 10005
Bar No. 470448
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**
_____**X**

ROBIN D. BRUTON, Individually

                                                    Plaintiff,

        -against-                                **Order for Leave to Amend
                                                 the Verified Complaint
                                                 and Jury Demand
                                                 Civil Action No. 06CV1874
                                                 JDB**

The Georgetown University,
MedStar Health Inc.
MedStar Georgetown Medical Center, Inc.
The Georgetown University Hospital,
Dr.  Amy Lu, M.D., Dr. Lynt Johnson M.D,
Does JOHN DOE "1" THROUGH JOHN DOE "20" both
inclusive; JOHN DOE "1" through JOHN DOE "20"
regardless of number being each a separate individual
and being fictitious and unknown to the Plaintiff
the persons or parties intended being the physicians,
nurses, technicians, employees, and servants involved
in the treatment of the Plaintiff, as alleged, and unknown
insurance company(s) responsible for insurance coverage
liability for collectively, and or individually each of the
defendants for treatment of patients and the Plaintiff.

                                                    Defendants.
_____**X**

This cause was heard upon Plaintiff's Motion to Add Parties Plaintiff and to file an Amended

Complaint. It is upon consideration,

ORDERED AND ADJUDGE, that Plaintiff's Motion for Leave to Amend Verified

Complaint by to Add Defendant Parties Defendant Aimee Crago, M.D.,  Defendant Michael

D. Doff, M.D., Defendant Tedla Tessema, M.D., Defendant Jaime Schwartz, M.D. and

Defendant Aarti Mathur  M.D is hereby granted, and it is further

ORDERED AND ADJUDGE that Plaintiff's Motion for Leave to Amend Verified

Complaint by Adding (2) two New Claims for Relief, Failure to Diagnose, and Lack of

Informed Consent is hereby granted, and it is futher

ORDERED AND ADJUDGE    that Plaintiff's Motion for Leave to Amend Verified

Complaint be and the same is hereby granted and Plaintiff's First Amended Complaint shall

be deemed filed as of the date of this order.

The Clerk of the Court shall re-style the cause as indicated by Plaintiff's First Amended

Complaint.

Dated: _____, 200_____.


_____
John D. Bates
United States District Judge

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**
_____**X**

ROBIN D. BRUTON, Individually

                                     Plaintiff,

        -against-                         **Amended Verified
Complaint and Jury
Demand
Civil Action No. 06CV1874,
JDB**

MedStar Georgetown Medical Center, Inc.
The Georgetown University Hospital,
Dr.  Amy Lu, M.D., Dr. Aimee Crago, M.D.,
Dr. Michael D. Doff, M.D., Dr. Tedla Tessema, M.D.
Dr. Jaime Schwartz, M.D., Dr. Aarti Mathur, M.D.
                                    Defendants.
_____**X**

ROBIN D. BRUTON, plaintiff (hereinafter "Plaintiff"), by and through her attorney, Spencer F.

Cargle, complaining of the defendants, The Georgetown University Hospital, a/k/a MedStar

Georgetown Medical Center, Inc. ( hereinafter Defendant Hospital), Dr. Amy Lu, M.D.

(hereinafter "Defendant Lu"),  and Defendant Aimee Crago, M.D.,  Defendant Michael D. Doff,

M.D., Defendant Tedla Tessema, M.D., Defendant Jaime Schwartz, M.D. and Defendant Aarti

Mathur  M.D. (hereinafter "Defendant Doctors") for collectively, and or individually each of the

Defendants for treatment of patients and the Plaintiff by her attorney, Spencer Frederic Cargle,

Esq., and Cargle & Associates, respectfully show to this Court and allege:

## PRELIMINARY STATEMENT

1. This action arises from negligent and carelessly committed medical malpractice
   surgery performed by the Defendant Lu, Defendant Crago, under the direct
   supervision of Defendant Hospital.

2.  The surgery performed on the Plaintiff was the insertion of a PD Catheter into the Plaintiff's body to assist with dialysis of the Plaintiff's kidney.

3.  Defendant Lu, Defendant Crago negligent and carelessly committed medical malpractice surgery that caused the Plaintiff's bowel, or lower intestine or upper intestine to be perforated, and thus causing the Plaintiff severe pain and suffering.

4.  In furtherance of Defendant Lu, and Defendant Crago negligent and carelessly committed medical malpractice surgery, Defendant Lu, Defendant Crago Defendant Doff, Defendant Tessema, Defendant Schwartz, and Defendant Mathur  negligently carelessly and in a complete deviation from the standard of care failed to diagnose, and treat the Plaintiff's injuries as a result the negligent and careless surgery performed on the Plaintiff.

5.  Defendant Lu,  and Defendant Crago Defendant Doff, Defendant Tessema, Defendant Schwartz, and Defendant Mathur failed to inform the Plaintiff that her bowel, or lower intestine or upper intestine had been perforated. In fact the Plaintiff was informed that the severe pains, vomiting, and loose stools that she experienced were due to her intestines being twisted, which would resolve in time.

6.  Upon information and belief this type of surgery is a routine surgery, and considered to be a 45 minute outpatient surgery with very low risk of failure or complications.

7.  Defendant Crago Defendant Doff, Defendant Tessema, Defendant Schwartz, and Defendant Mathur (hereinafter "Defendant Doctors")


**<u>JURISDICTION</u>**

8.  Plaintiff ROBIN D. BRUTON is a citizen and resident of Maryland, and resides at

2600 Valley Way, Hyattsville, Maryland

9. Defendant MedStar-Georgetown Medical Center, Inc., is a non profit corporation duly organized under the laws of the District of Columbia, with its principal place of business located at 3800 Reservoir Road, NW Washington, DC 20007. Defendant MedStar-Georgetown Medical Center, Inc. was and still is the owner, and or partner in a partnership that owns Defendant Georgetown University Hospital.

10. Defendant Georgetown University Hospital, a non profit corporation duly organized under the laws of the District of Columbia, with its principal place of business located at 3800 Reservoir Road, NW Washington, DC 20007. Defendant Georgetown University Hospital is a subsidiary of Defendant MedStar Health Inc., and or Defendant MedStar-Georgetown Medical Center, Inc. Defendant Georgetown University Hospital was and still is a hospital, operating as a hospital.

11. Defendant Dr. Amy Lu, M.D., specializing in renal transplant, at all times hereinafter mentioned, was and now is a duly licensed and practicing physician, engaged in her profession in the District of Columbia, with medically practicing privileges given to her by Defendant Hospital and, with her office located Georgetown University, 3800 Reservoir Road N.W. (4PHC) Washington DC.

12. Defendant Dr. Amy Crago, M.D. at all times hereinafter mentioned, was and now is a duly licensed and practicing physician, engaged in his profession in the District of Columbia, at all times hereinafter mentioned, was and now is a duly licensed and practicing physician, engaged in her profession in the District of Columbia, with medically practicing privileges given to her by Defendant Hospital and, with her office located Georgetown University, 3800 Reservoir Road N.W. (4PHC) Washington DC.

13. Defendant Dr. Michael D. Doff, M.D. at all times hereinafter mentioned, was and now is a duly licensed and practicing physician, engaged in his profession in the District of Columbia, at all times hereinafter mentioned, was and now is a duly licensed and practicing physician, engaged in her profession in the District of Columbia, with medically practicing privileges given to her by Defendant Hospital and, with her office located Georgetown University, 3800 Reservoir Road N.W. (4PHC) Washington DC.

14. Defendant Dr. Tedla Tessema, M.D. at all times hereinafter mentioned, was and now is a duly licensed and practicing physician, engaged in his profession in the District of Columbia, at all times hereinafter mentioned, was and now is a duly licensed and practicing physician, engaged in her profession in the District of Columbia, with medically practicing privileges given to her by Defendant Hospital and, with her office located Georgetown University, 3800 Reservoir Road N.W. (4PHC) Washington DC.

15. Defendant Dr. Jaime Schwartz, M.D. at all times hereinafter mentioned, was and now is a duly licensed and practicing physician, engaged in his profession in the District of Columbia, at all times hereinafter mentioned, was and now is a duly licensed and practicing physician, engaged in her profession in the District of Columbia, with medically practicing privileges given to her by Defendant Hospital and, with her office located Georgetown University, 3800 Reservoir Road N.W. (4PHC) Washington DC.

16. Defendant Dr. Aarti Mathur, M.D. at all times hereinafter mentioned, was and now is a duly licensed and practicing physician, engaged in his profession in the District of Columbia, at all times hereinafter mentioned, was and now is a duly licensed and practicing physician, engaged in her profession in the District of Columbia, with medically practicing privileges given to her by Defendant Hospital and, with her office

located Georgetown University, 3800 Reservoir Road N.W. (4PHC) Washington DC.

17. The Defendant Hospital, Defendant Lu, and Defendant Doctors regularly conduct business and legally practiced medicine in the District of Columbia.

18. The matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars.

## STATEMENT OF FACTS

19. Plaintiff was informed by her doctors, Dr. Buari Osman, M.D., Dr. Amy Lu, M.D., Dr. James Roberson M.D., and Dr. Sethi, M.D., that she was a great candidate for peritoneal dialysis (a tube placed in the pelvis so that one can perform dialysis at home), and that she should seriously consider the surgical procedure.

20. Plaintiff had been on hemodialysis for approximately 6 months, which proved to be hard on her body. She considered the recommendations of her doctors to try another type of dialysis, and weighed some of the side effects (headaches, not being able to remove enough fluid, and exhaustion), and benefits (less taxing on body, greater freedom, self efficacy, less painful) of peritoneal dialysis.

21. Plaintiff decided to have the peritoneal catheter placement procedure.

22. Plaintiff called Defendant Lu to schedule the catheter placement.

23. In August 2004, Plaintiff went to Defendant Hospital for a peritoneal catheter placement surgical procedure.

24. At all relevant times, the Plaintiff was informed by Defendant Lu, Defendant Doctors, and nurses, employees employed by Defendant Hospital that the peritoneal catheter placement surgical procedure was a 45 minute, in-out surgical procedure and it is very simple surgery and you should be home within a short period of time.

25.  At all relevant times, Defendant Hospital, its agents, employees, Defendant Lu, or
Defendant Doctors failed to inform Plaintiff of any risk involved with the surgery,
only that it was a simple 45 minute, in-out surgical procedure and she would be home
before evening rush hour traffic. .

26. Upon information and belief, Defendant Lu, and Defendant Crago performed the
placement of a peritoneal catheter surgery on the Plaintiff by inserting the peritoneal
catheter into the Plaintiff. The peritoneal catheter was placed into the Plaintiff's body
to assist with dialysis of the Plaintiff's kidney.

27. However, during the surgery performed on the Plaintiff for an insertion of peritoneal
catheter, Defendant Lu, and Defendant Crago negligent and carelessly committed
medical malpractice surgery by causing the Plaintiff's bowel, or lower intestine or
upper intestine to be perforated, and thus causing the Plaintiff severe pain and
suffering.

28. After the peritoneal catheter placement surgical procedure, Plaintiff was sent to
Defendant Hospital surgical recovery room.

29. While the Plaintiff was in the Defendant Hospital surgical recovery room, she started
to experienced severe abdominal pain.

30. After seven hours of severe pain and suffering, the Plaintiff was admitted to Defendant
Hospital.

31. The Plaintiff remained in the Defendant Hospital for the following three weeks.

32. During the Plaintiff's three week hospitalization at the Defendant Hospital, she
experienced extreme pain and suffering, had difficulty walking, was extremely weak,
vomited vile material, received a nasal gastric tube, was not allowed food for (11)

eleven days, developed pelvic abscess, received pelvic drainage tube, lost approximately (15) fifteen pounds, and expelled liquid waste.

33. A pelvic drainage tube was inserted into the Plaintiff right buttock to facilitate drainage of her infected pelvis area.

34. During the Plaintiff's three weeks hospitalization at the Defendant Hospital, Defendant Lu and Defendant Doctors continuously informed the Plaintiff that "it appeared that her bowels were twisted around each other and time was what was needed to allow them to untwist."

35. As a result of the negligent and careless peritoneal catheter placement surgical procedure performed by Defendant Lu, and Defendant Crago, and Defendant Lu, Defendant Doctors failure to diagnose and properly treat Plaintiff's injuries, the Plaintiff continuously suffered from severe pain, depression, and sever mental anguish for the entire three weeks she was admitted and hospitalized at Defendant Hospital.

36. Plaintiff was prescribed and intravenously administered large doses of antibiotics.

37. As a result of the Plaintiff's prolonged three week hospitalization at said Defendant Hospital, and due to Defendant Hospital, Defendant Lu, Defendant Crago and negligent and carelessly committed medical malpractice surgery, and Defendant Lu and Defendant Doctors failure to diagnose and properly treat Plaintiff's injuries, Plaintiff suffered sever depression and mental anguish because:

- Plaintiff missed spending time with her daughter, Autumn, who was scheduled to spend her junior year of high school in Zaragoza, Spain;

- Plaintiff was unable to participate in setting up or attending her daughter's sweet-sixteen / bon voyage party that was planned for two weeks before her daughter would leave for Spain;

- Furthermore, plaintiff was also unable to travel with her daughter to New York City, where her daughter boarded the plane that would take her away from the plaintiff for nine (9) months; and

38. Moreover, plaintiff was unable to complete her scheduled comprehensive b

39. Two days later, Defendant Lu called the Plaintiff to inform her that there was a "communication" between the catheter and Plaintiff's bowel, and that plaintiff "would need to have surgery as soon as possible."

40. Defendant Lu set up surgery for the following Monday, and informed the Plaintiff that "not only would she have to get the peritoneal catheter removed, but she would probably have to remove some of plaintiff's large intestine, and try to repair the hole."

41. In addition, Defendant Lu informed the Plaintiff that "she might need a temporary colostomy for about six weeks."

42. Plaintiff was mortified, angry, and confused by Defendant Lu's informed diagnosis and statement.

43. Plaintiff asked Defendant Lu "How did it happen?  It was supposed to be a simple, routine, in and out 45-minute procedure. I was supposed to be home before rush hour, and able to use my catheter in two weeks."

44. Defendant Lu replied "she did not know."

45. Plaintiff was leery about going back to Defendant Hospital to let them perform another operation.

46. Plaintiff decided to consult with her other doctors, Dr. Buari Osman, M.D., and Dr James Roberson M.D to get their opinion on the new surgical procedure Defendant Lu had recommended.

47. Plaintiff was under the mental impression that she had no other choice but to let Defendant Lu, Defendant Doctors, and Defendant Hospital correct their negligent and carelessly committed medical malpractice surgery.

48. After the corrective surgery, Plaintiff was admitted and hospitalized in Defendant Hospital for approximately another week to 10 days.

49. After the corrective surgery, Plaintiff was left with a four-inch scar from navel to her pelvis, and a raw two-inch gaping hole to the left of her navel.

50. The raw two-inch gaping hole had to be cleaned with saline, and packed with sterile gauze twice a day until it closed on its own, which took over (3) three weeks.

51. The Plaintiff continues to suffer pain from the area where raw two-inch gaping hole was located.

52. Plaintiff had an appointment with Defendant Lu to have her staples removed approximately (10) ten days after being discharged from Defendant Hospital for the corrective surgery.

53. During the Plaintiff's appointment with Defendant Lu, Plaintiff informed Defendant Lu that she was still suffering from sever pain, abdominal swelling, loose stools, and an urgency to use the bathroom approximately every half hour to 45 minutes.

54. Defendant Lu's indicated she did not know when sever pain, abdominal swelling, loose stools, and an urgency to use the bathroom approximately every half hour to 45 minutes would stop.

55. In fact for the next month, the Plaintiff continued to suffer from sever pain, abdominal swelling, loose stools, and an urgency to use the bathroom approximately every half hour to 45 minutes.

56. On or about November 15, 2004, Plaintiff called Defendant Lu's office to schedule an appointment, because she had not received a call from Defendant Lu regarding a follow-up appointment to check on the status of the Plaintiff's wound, and her recovery.

57. Plaintiff inquired with the nurse regarding why she had not heard from the Defendant Lu for a follow-up appointment.

58. In furtherance, the Plaintiff asked the nurse "why she had not received a request from Dr. Lu for the barium enema x-ray of her intestines or some other diagnostic tool to check her abdomen."

59. Plaintiff informed the nurse that "she had only gained 3 pounds since she left the Defendant Hospital in September."

60. Plaintiff was given an appointment for the following Monday, but had to reschedule because her only access (graft) for dialysis was clotted.

61. Plaintiff went to Defendant Lu a week later, and a few weeks thereafter so Dr. Lu could lance an abscess that developed approximately 1 inch below her navel.

62. Defendant Lu informed Plaintiff "that one of the self-dissolving stitches had forced its way out". Plaintiff was seen by Defendant Lu a few times in the beginning months of 2005.

63. Furthermore, Plaintiff telephoned Defendant Lu several times about the terrible gastric problems she was experiencing, including severe bloating, pain, loose stools, and inability to eat certain foods.

64. Defendant Lu prescribed Plaintiff medication to help reduce the loose stools, but the medication did not work.

65. Plaintiff asked Defendant Lu "when the problems would cease?" Defendant Lu replied, "I don't know."

66. Plaintiff sought help from Dr. Kenneth Brown, Gastroenterologist, who had the Plaintiff go thru several tests, and then prescribed several medications, that the Plaintiff must take several times a week to help decrease the pain and bloating in her abdomen.

**FOR A FIRST CAUSE OF ACTION IN FAVOR OF THE PLAINTIFF:**

67. Plaintiffs restate each and every allegation of paragraphs 1 through 65 of this complaint as if fully set forth herein.

68. That at all time hereinafter mentioned, the Defendant Hospital was and still is a hospital duly organized, existing, and licensed by the District of Columbia.

69. That at all times hereinafter mentioned, Defendant Hospital designated by it as the Georgetown University Hospital a/k/a MedStar Georgetown Medical Center, Inc. located at 3800 Reservoir Road, NW Washington, DC 20007

70. Upon information and belief, that at all times hereinafter mentioned, in connection with the said operation and maintenance of said Defendant Hospital, did employ various personnel for the conduct of said hospital for the purpose of rendering care, professional medical care, and treatment to various persons who had been admitted to

said Defendant Hospital suffering from various types of diseases and ailments of injuries.

71. That in connection with the conduct and management and control of said Defendant Hospital, the said Defendant Hospital, employed various other doctors, nurses and personnel for the purpose of rendering and assisting in rendering various forms of medical aid, care and treatment to those admitted to the hospital suffering from various ailments, diseases and injuries.

72. That on or about the 19th day of August, 2004, said Defendant Hospital, had duly in its employ, one Defendant Lu, a licensed physician assigned and attached to said Defendant Hospital, one Defendant Crago, a licensed physician assigned and attached to said Defendant Hospital, one Defendant Doctors, licensed physician(s) assigned and attached to said Defendant Hospital.

73. That at all times and hereinafter mentioned, Defendant Hospital gave 100% full authorization, granted, and conferred physician practicing privileges to Defendant Lu, and Defendant Doctors, whereas at all times and hereinafter mentioned Defendant Lu, and Defendant Doctors were acting in connection with the discharge and furtherance of their duties for and on behalf of said Defendant Hospital.

74. Upon information and belief from August 19, 2004 to on or about September 9, 2004, the Plaintiff, was admitted, hospitalized and confined to Defendant Hospital for care and treatment.

75. Upon information and belief, during the aforesaid admission of Plaintiff to Defendant Hospital, Defendant Hospital, their agents, servants, and employees, undertook to and did render certain medical care, treatment and diagnosis to the Plaintiff.

76. The aforesaid care, treatment, and diagnosis of the Plaintiff during the aforesaid hospitalization at Defendant Hospital concerned a surgical procedure performed on the Plaintiff to insert a peritoneal catheter into the Plaintiff's body to assist with dialysis of the Plaintiff's kidney.

77. Defendant Lu, Defendant Crago, and Defendant Hospital, its staff, agents, employees negligent and carelessly deviated from the standard of care and committed medical malpractice surgery, caused the Plaintiff's bowel, or lower intestine or upper intestine to be perforated, resulting in a huge hole, and thus causing the Plaintiff severe pain and suffering.

78. Defendant Lu, Defendant Crago, Defendant Doctors, and Defendant Hospital, its staff, agents, employees in treating the Plaintiff injuries of a perforated Cecum, deviated from the standard of care of this, and similar communities, by not properly obtaining and recording the Plaintiff's proper medical history.

79. On the day of but prior to the surgery, on (4) four different occasions, Plaintiff verbally provided a complete medical and surgical history to Defendant Hospital, its employees, staff, doctors, nurses, interns, medical students, attending and resident medical doctors, including a recent appendectomy surgery.

80. Defendant Lu, Defendant Crago, and Defendant Doctors negligent and carelessly deviated from the standard of care by having knowledge of the Plaintiff's prior abdominal surgeries, recent appendectomy, and hysterectomy, and with this knowledge of prior abdominal surgeries, failing to utilize a higher degree of skill, knowledge, and care in performing the placement of a peritoneal catheter surgery, and by failing to utilize a laparoscope to assist with the surgery, or by failing to insert the

peritoneal catheter into the Plaintiff staying clear of the abdominal area of the Plaintiffs body that was recently subjected to prior abdominal surgeries.

81. Defendant Lu, and Defendant Doctors negligent and carelessly deviated from the standard of care and failed to diagnose and treat the Plaintiff's injuries which consisted of the Plaintiff's Cecum, bowel, or lower intestine or upper intestine being perforated, resulting in a huge hole, and thus causing the Plaintiff severe pain and suffering.

82. In furtherance of Defendant Lu, and Defendant Doctors negligent and careless medical malpractice surgery, Defendant Lu, Defendant Johnson, and Defendant Doctors failed to inform the Plaintiff that her bowel, or lower intestine or upper intestine had been perforated, resulting in a huge hole.

83. Instead Defendant Lu, and Defendant Doctors informed the Plaintiff that the extreme discomfort she experienced after the surgery was due to her lower intestine or upper intestine being twisted and they would untwist in time.

84. Upon information and belief this type of surgery is a routine surgery, and considered an in out outpatient surgery with very low risk of failure or complications.

85. Commencing on or about August 19, 2004, during the aforesaid admission of the Plaintiff to Defendant Hospital, the Plaintiff was a patient of the Defendant Hospital, their agents, servants and/or employees for a surgical procedure performed on the Plaintiff to insert a peritoneal catheter into the Plaintiff's body to assist with Dialysis of the Plaintiff's kidney, and she was admitted to Defendant Hospital on or about August 19, 2004, under the medical diagnosis, care and treatment of the Defendant University, and Defendant Hospital, their agents, servants and/or employees; and thereafter the Plaintiff remained under the continuing diagnosis, care and treatment of

Defendant Hospital, Defendant Lu, and Defendant Doctors their agents, servants and/or employees.

86. As a result of the foregoing, including the medical diagnosis, care and treatment the Defendant Hospital, Defendant Lu, and Defendant Doctors, their agents, servants and employees, departed from approved medical and surgical methods in general use and deviated from standard and accepted medical and surgical practices and procedures in they, among other things, failed to use ordinary and reasonable medical care, diligence and skill and failed to possess the requisite degree of learning, knowledge and skill in the performance of surgically inserting a peritoneal catheter into the Plaintiff's body to assist with dialysis of the Plaintiff's kidney, and further that the Defendant Hospital, Defendant Lu, and Defendant Doctors their agents, servants and employees, failed to practice those procedures generally recognized by persons specializing in surgical procedures to insert a peritoneal catheter into the Plaintiff's body to assist with dialysis of the Plaintiff's kidney and preparation for inserting a peritoneal catheter into the Plaintiff's body to assist with dialysis of the Plaintiff's kidney.

87. That as a result of the aforesaid, Plaintiff was caused to suffer and still suffers severe, disabling, serious permanent personal injuries and upon information and belief, certain internal injuries, complications, and was caused to suffer severe physical pain and mental anguish as a result thereof, and upon information and belief some of these injuries are of a permanent severe and lasting nature.

88. That the said Defendant Hospital, Defendant Lu, and Defendant Doctors their agents, servants and employees, at all times hereinafter mentioned, at the time of the admission of said Plaintiff, had in its employ various interns in said Defendant

Hospital who were in the general charge of the ward in which the Plaintiff was admitted immediately following her admission into the Defendant Hospital; amongst said interns and under whose care and treatment the Plaintiff came, was Defendant Doctors.

89. That at all times hereinafter mentioned, the said intern(s) was charged with the duty and responsibility to render care, treatment, medication and give and direct various orders to various personnel, including nurses and others in the employ of the Defendant Hospital for the care and treatment of the said Plaintiff who was so admitted.

90. Defendant Hospital, at all times hereinafter mentioned, at the time of the admission of the Plaintiff in the Defendant Hospital on the 19th day of August, 2004 had then in its employ various doctors, Defendant Doctors, nurses and attendants who were charged with the responsibilities to attend to said ward wherein the said Plaintiff was admitted and stationed at and were charged with the responsibility to respond to the various calls of patients therein and to generally administer care and treatment to and for the various patients under their care, keep and guidance, one of which included the Plaintiff.

91. That at all times hereinafter mentioned, Defendant Hospital in question had various attendants whose duty, amongst other things, it was to assist the various nurses and/or doctors, the Defendant Doctors, and/or interns or other medical personnel in connection with the attendance of various patients in the aforesaid ward at which the Plaintiff was stationed, including rendering care and treatment to the Plaintiff herein.

92. That the Plaintiff was injured, as aforesaid, by reason of the carelessness and

negligence of the Defendant Hospital, Defendant Lu, , and Defendant Doctors, and their agents, servants and/or employees in failing to perform medical surgery on the Plaintiff for an insertion of peritoneal catheter into the Plaintiff's body  to assist with dialysis of the Plaintiff's kidney in the accepted and proper medical manner to the extent of causing extensive and permanent severe injury as a result thereof; in carelessly and negligently failing and omitting to conduct themselves in the care and treatment of the plaintiff in the usual customary recognized and accepted and standardized manner for those in the position, as hospital and recipient of injured patients, as the Plaintiff was similarly situated; in carelessly and negligently failing and omitting to afford to the Plaintiff the usual accepted standardized, recognized and customary care and diligence and skill in the observation, care and treatment that such case so required; in carelessly and negligently failing and omitting to promulgate and enforce adequate and proper and appropriate Rules and Regulations for the sake of proper care and treatment of patients in said Defendant Hospital as was Plaintiff at the time in question, in accordance with recognized and customary approved, accepted and standardized methods then in effect in hospitals in the District of Columbia and/or nearby adjacent area; in failing and omitting to institute proper and adequate supervision and attendance over and about the said Plaintiff and in otherwise failing to maintain a norm or reasonable standard of care in connection with the supervision, attendance and care of treatment of the Plaintiff while under its care and control; in so carelessly and negligently failing and omitting to properly treat and care for the injuries so suffered by the Plaintiff in the usual, accepted, standardized, reasonable, customary and recognized manner; in carelessly and negligently failing and omitting

to provide the Plaintiff with the requisite care and treatment, medical attention and appropriate supervision which, under the circumstances, was reasonable, recognized, customary and standardized in hospitals in and about the District of Columbia and in and about said adjacent area thereof; in carelessly and negligently failing and omitting to institute and to control due, adequate and proper supervision over and about the aforesaid ward that the said Plaintiff was therein stationed at the time she was admitted to the hospital and thereafter in that it failed to have attendants, nurses and other medical aids and assistants on constant or regular attendance or supervision for the care and treatment of the Plaintiff who, under the circumstances, had been admitted, suffering from external internal injuries, severe pain, admitted internal injuries about various parts of the Plaintiff's body  and in a state of grave emergency and requisite need for diligent, constant care and supervision; in carelessly and negligently failing and omitting to maintain a reasonable standard of care in the maintenance, supervision and care of the ward in which the Plaintiff was a patient at said Defendant Hospital; in carelessly and negligently failing and omitting to reasonably foresee that the consequences of the method of care and treatment and supervision at the Defendant Hospital by its personnel, under the circumstances already outlined, would likely result in damage or injury to patients or individuals admitted to the Defendant Hospital requiring care and the need of care at said institution, including the Plaintiff herein; in carelessly and negligently failing and omitting to maintain a reasonable standard of care in the maintenance, supervision and care of the ward in which the Plaintiff was a patient, as well as to hire and maintain in the employ of said Defendant Hospital, Defendant Lu, and  Defendant Doctors and/or interns, nurses, attendants, medical aid

in attendance at said Defendant Hospital having the due responsibility for the care and treatment of the Plaintiff under the circumstances, and otherwise failing and omitting to maintain that degree of care and treatment for sick or injured patients at its institution that a due and prudent hospital institution would have maintained under like circumstances and like condition.

93. Said occurrence was due to the carelessness and negligence of the Defendant Hospital, Defendant Lu,  and Defendant Doctors and/or interns, nurses, attendants, medical aid in attendance their agents, servants and/or employees in failing to insert a peritoneal catheter into the Plaintiff's body to assist with dialysis of the Plaintiff's kidney in the accepted and proper medical manner and all without any fault or lack of care on the part of the plaintiff herein.

94. By reason of the foregoing, and solely by reason of the carelessness, negligence and medical malpractice of the Defendant Hospital, Defendant Lu, and Defendant Doctors and/or interns, nurses, attendants, medical aid in attendance their agents, servants and/or employees the Plaintiff was caused to suffer and still suffers severe, disabling, and serious internal injuries, and was caused to suffer severe physical pain and mental anguish as a result thereof, and upon information and belief some of these injuries are of a permanent and lasting nature; that Plaintiff was confined to her bed and home as a result thereof, and was incapacitated from attending to what otherwise would have been her regular activities; and there was caused to be expended sums of money for medical and hospital care on her behalf.

95. Plaintiff still suffers from sever pain, abdominal swelling, loose stools, and periodic urgency to use the bathroom approximately every half hour to 45 minutes

96. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

## FOR A SECOND CAUSE OF ACTION IN FAVOR OF THE PLAINTIFF AS TO DEFENDANT HOSPITAL

97.  Plaintiffs restate each and every allegation of paragraphs 1 through 92 of this complaint as if fully set forth herein.

98. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the complaint marked and designated 1 through 76 inclusive, with the same force and effect as if hereinafter set forth at length.

99. Defendant Hospital, prior to the granting or renewing of privileges or employment of Defendant Lu, and  Defendant Doctors and/or interns, residents, nurses, attendants, medical aid in attendance, and others involved in Plaintiff's care, failed to investigate the qualifications, competence, capacity, abilities and capabilities of said defendants, residents, nurses and other employees, including but not limited to obtaining the following information: patient grievances, negative health care outcomes, incidents injurious to patients, medical malpractice actions commenced against said persons, including the outcome thereof, any history of association, privilege and/or practice at other institutions, any discontinuation of said association, employment, privilege and/or practice at said institution, and any pending professional misconduct proceedings in this State or another State, the substance of the allegations in such proceedings and any additional information concerning such proceedings and the findings of the proceedings; and the Defendant Hospital failed to make sufficient inquiry of the physicians, nurses and/or employees and institutions which should and

did have information relevant to the capacity, capability, ability and competence of

said persons rendering treatment.

100.    Had the Defendant Hospital made the above stated inquiry or in the alternative

had it reviewed and analyzed the information obtained in a proper manner, privileges

and/or employment would not have been granted and/or renewed.

101.    By reason of the Defendant Hospital, failure to meet the aforementioned

obligation, Plaintiff was treated by physicians, nurses and/or other employees at

Defendant Hospital who were lacking the requisite skills, abilities, competence and

capacity, as a result of which Plaintiff sustained injuries and complications.

102.    The amount of damages sought exceeds the jurisdiction of all lower courts which

would otherwise have jurisdiction.

**FOR A THIRD CAUSE OF ACTION IN FAVOR OF THE PLAINTIFF
AS TO DEFENDANT LU, DEFENDANT DOCTORS, AND DEFENDANT HOSPITAL
FAILURE TO PROPERLY DIAGNOSE AND TREAT PLAINTIFFS INJURIES**

103.    Plaintiffs restate each and every allegation of paragraphs 1 through 98 of this

complaint as if fully set forth herein

104.    Plaintiff was admitted into Defendant Hospital after Defendant Lu's, and

Defendant Crago's careless and negligently performed surgery of inserting a peritoneal

catheter into the Plaintiff's body to assist with dialysis of the Plaintiff's kidney.

105.    Upon being admitted into Defendant Hospital, Plaintiff complained of severe pain

in her abdomen.

106.    Defendant Doctors ordered an x-ray of Plaintiffs abdomen.

107.    The x-ray revealed significant amounts of free air in the Plaintiff's abdomen area

and other parts of the right and left lower quadrant her body.

108.    Upon analyzing the aforementioned symptoms Defendant Lu, and Defendant Doctors failed to diagnosed and treat Plaintiffs injuries, a perforated Cecum, (bowel, lower intestine or upper intestine), although immediately following the surgery performed on the Plaintiff, the Plaintiff continuously complained of sever pain in the abdomen and other parts of her body, the Plaintiff clearly suffered from peritonitis, and the fact that the x-ray revealed significant amounts of free air in the Plaintiff's abdomen area, and other parts of the right and left lower quadrant her body,

109.    Defendant Lu, and Defendant Doctors failed to order a CT Scan of the Plaintiff's abdomen and other parts of the right and left lower quadrant her body, although immediately after surgery, the Plaintiff complained of sever pain in the abdomen area, and a x-ray revealed significant amounts of free air in the abdomen area, and other parts of the right and left lower quadrant of Plaintiff's her body.

110.    Defendant Lu, and Defendant Doctors, in treating the Plaintiff injuries of a perforated Cecum, deviated from the standard of care of this, and similar communities, by after immediately following the surgery, by failing to recognize Plaintiff's peritonitis, severe abdominal pain, by failing to entertaining a proper differential, by failure to order a CT Scan right after the aforementioned symptoms were revealed, by failing to not entertaining the possibility of a perforated Cecum, although the clear signs were evident of a perforated Cecum , (bowel, lower intestine or upper intestine), by failing to recognize a pelvic abscess along with the other aforementioned symptoms as clear indication of a perforated Cecum.

111.    Defendant Doctors, in treating the Plaintiff injuries of a perforated Cecum, deviated from the standard of care of this, and similar communities, by not

communicating with Defendant Hospital, and or Defendant Lu to give the current medical condition of the Plaintiff.

112.     Defendant Lu, and Defendant Doctors, in treating the Plaintiff injuries of a perforated Cecum, deviated from the standard of care of this, and similar communities, by failing to entertain the possibility of a perforated Cecum (bowel, lower intestine or upper intestine).

113.     As a direct and proximate result of Defendant Lu, and Defendant Doctors deviation from the standard of care and negligence, plaintiff's perforated Cecum reached an advanced stage. Plaintiff was compelled to undergo a second surgery removing the Cecum and part of the Plaintiff's colon, and endure long course of treatment. Plaintiff is no longer a candidate for a PD catheter, Plaintiff was incapacitated for 6 months, and suffered greatly in body and mind, all of which would have been avoided had defendant properly diagnosed the illness and treated it as it should have been treated.

**FOR A FORTH CAUSE OF ACTION IN FAVOR OF THE PLAINTIFF
AS TO DEFENDANT LU, DEFENDANT DOCTORS, AND DEFENDANT HOSPITAL
FAILURE TO OBTAIN PROPER CONSENT**

114.     Plaintiffs restate each and every allegation of paragraphs 1 through 111  of this complaint as if fully set forth herein

115.     At all times mentioned in this complaint the Defendant Lu, Defendant Crago, Defendant Hospital negligently and carelessly failed to document and ensure that plaintiff, had been informed and advised of the dangers, risks, alternatives, and hazards of the course of treatment and general procedures to be performed on plaintiff; Defendant Lu, Defendant Crago, Defendant Hospital negligently and carelessly

concealed, withheld, and failed to disclose to plaintiff the dangers, risks, alternatives, and hazards, and negligently and carelessly minimized such dangers, risks, and hazards; and defendant induced and obtained the consent of plaintiff of such course of treatment and medical procedure by concealing, withholding, and minimizing such dangers, risks, hazards and alternatives to the above-mentioned procedure.

116.    Plaintiff, with her serious medical condition, and prior medical history, and a reasonably prudent patient in her position, would not have elected to having her Cecum, Colon, Upper and Lower intestines perforated by Defendant Lu, Defendant Crago, and Defendant Hospital and/or their agents, servants, and/or employees, had she been adequately and properly informed of the material risks associated with the procedure and the available options of treatment and non-treatment. Plaintiff would have continued with her current form of dialysis, and not elected to have the surgery.

117.    By reason of the above-mentioned conduct and resulting in inability to choose between other available alternatives, plaintiff was unable to and did not give any informed or intelligent consent to the course of treatment and medical procedures utilized.

118.    As a further legal result of the conduct, acts, and omissions of the defendant as mentioned above plaintiff sustained the damages and injuries described in this complaint.

119.    As a direct and proximate result of the aforementioned negligence, plaintiff experienced and will in the future experience severe pain, complications and pain from the hernia develop after the surgery, uncontrollable bowls, constant bloated abdominal area, has no quality of life, unable to ingest any more dairy products, unable to ever

WHEREFORE, Plaintiff demands judgment against Defendant Hospital, Defendant Lu, and Defendant Doctors jointly, severally or in the alternative, for damages and costs of suit in such sum as a jury would find fair, adequate and just, and attorney fees.

Dated:          ) New York, New York
                ) December 31 2007


                          /s/ Robin D. Bruton
                          **ROBIN D. BRUTON**


                          ATTORNEYS FOR PLAINTIFFS


                By:       /s/ Spencer Frederic Cargle
                          SPENCER FREDERIC CARGLE, ESQ.
                          CARGLE & ASSOCIATES
                          67 WALL STREET, 22ND FLOOR
                          NEW YORK, NEW YORK 10005
                          TELEPHONE: (212) 709-8045
                          BAR NO. 470448