UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA
_____X
ROBIN D. BRUTON, Individually

                                          Plaintiff,

      -against-                                          Civil Action No.: 06CV1874 JDB

The Georgetown University,
MedStar Health Inc.
MedStar Georgetown Medical Center, Inc.
The Georgetown University Hospital,
Dr. Amy Lu, M.D., Dr. Lynt Johnson M.D,
Does JOHN DOE "1" THROUGH JOHN DOE "20" both
inclusive; JOHN DOE "1" through JOHN DOE "20"
regardless of number being each a separate individual
and being fictitious and unknown to the Plaintiff
the persons or parties intended being the physicians,
nurses, technicians, employees, and servants involved
in the treatment of the Plaintiff, as alleged, and unknown
insurance company(s) responsible for insurance coverage
liability for collectively, and or individually each of the
defendants for treatment of patients and the Plaintiff.

                                          Defendants.
_____X

### REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED VERIFIED COMPLAINT

      Plaintiff, Robin D. Bruton, by and through her counsel, Spencer F. Cargle, Esq., Cargle & Associates, respectfully submits this Reply Memorandum of Points and Authorities in support of her Motion for Leave to File First Amended Verified Complaint to add additional clams of Failure to Diagnose/Misdiagnosis and Failure to Obtain Proper Consent or Lack of Informed Consent; add additional indispensable party defendants; and remove Dr. Lynt Johnson as a party defendant.

                              **I.      PRELIMINARY STATEMENT**

In Plaintiff's Motion for Leave to Amend the Verified Complaint, the Plaintiff's request of adding two additional claims, and adding indispensable necessary party defendants were reasonable and not futile at this stage in the litigation. Plaintiff's Motion for Leave to Amend the Verified Complaint is necessary to comply with opinion of the Plaintiff's expert regarding the deviations from the standard of care. In addition Plaintiff's Motion for Leave to Amend the Verified Complaint asserts to add the persons who deviated from the standard of care in treating the Plaintiff, and remove Defendant Johnson as a party defendant pursuant to the opinion of the Plaintiff's expert. Again at this stage in the litigation this is a reasonable request. Throughout the Defendant's opposition brief they utilizes only certain parts of the facts and evidence in light most favorable to the defendants while omitting all facts and evidence which supports the Plaintiff's position. It is clear Defendants failed to address the facts as a whole, in an attempt to persuade the Court.  If this Court reviews the facts and evidence as a whole, Plaintiff's requests are reasonable. .

## II.     ARGUMENT

### A.  DEFENDANTS MOTION TO STRIKE THE FIRST AMENDED VERIFIED COMPLAINT SHOULD BE DENIED

On January 1, 2008 Plaintiff filed Plaintiff's Motion for Leave to File First Amended Verified Complaint via ECF. In addition, on January 1, 2008, Plaintiff's counsel faxed a letter to the Court detailing the reason for the delay (See Exhibit 1). In that letter Plaintiff's counsel clearly explained the delay was due to his Adobe Acrobat software crashing. Furthermore, Plaintiff's counsel made every possible attempt to convert Plaintiff's First Amended Verified Complaint into a PDF format, but was unsuccessful prior to the December 31, 2007 deadline.

However on January 1, 2008, at Plaintiff's counsel first opportunity he was successful in converting Plaintiff's Motion for Leave to File First Amended Verified Complaint into a PDF format and filed the Plaintiff's Motion for Leave to File First Amended Verified Complaint via ECF. The reason set forth in Plaintiff counsel's letter to the Court does not attempt to disregard this Courts Order. However the letter provides a true account of the facts, and the 12 hour delay did not prejudice the Defendants. The Federal Rules do not define "excusable neglect," but the Supreme Court has directed that in determining what constitutes excusable neglect the court must "tak[e] account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assocs., L. P., 507 U.S. 380, 395 (1993). The Court specifically pointed to four factors relevant to the calculation: the danger of prejudice to the nonmoving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith. *See id.*

The Supreme Court stated in Pioneer that Congress allows the courts, where appropriate, to "accept late filings caused by inadvertence, mistake, or carelessness." *Id.* at 388. The defendant has the burden of establishing a sufficient reason for his failure to comply with the filing requirements. *See* United States v. Lucas, 597 F.2d 243, 245 (10th Cir. 1979).

This Plaintiff respectfully asks the Court to deny Defendant's Motion to Strike Plaintiff's Motion for Leave to File First Amended Verified Complaint, and deemed the untimely filing as excusable neglect.

### B. PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST VERIFIED AMENDED COMPLAINT SHOULD BE GRANTED

In Defendants opposition brief they cite one case in this jurisdiction that denied the

Plaintiff's motion to amend its complaint because the adding the claim of violation of due process would be futile, <u>James Madison Ltd. by Hect v. Ludwig</u>, 82 F.3d 1085 (D.C. Cir.1996). That case is distinguishable were as the Plaintiff was seeking permission to amend the complaint after a motion for summary judgment or in the alternative a motion to dismiss was filed. Here in the instant case, the Plaintiff seeks to amend the verified complaint in order to narrow the issues and claims pursuant to opinion of Plaintiff's expert. In addition, the U.S. Court of Appeals for the District of Columbia held "Because both the facts alleged in Madison's own complaint and the Government's statement of undisputed facts establish beyond doubt that the Government did not violate Madison's due process rights, we agree with the district court that amendment was futile." In the instant case, Defendants have not filed a motion to dismiss or a motion for summary judgment. Plaintiff's new claims are valid claims for relief pursuant to a medical expert opinion. The Defendants had plenty of notice regarding these new claims for relief. In early part of 2007, Plaintiff's counsel and Defendants counsel, Craig Brodsky had several conversations regarding the claims, issues, and possible settlement of the case. In one particular conversation, Plaintiff's counsel disclosed that there were additional claims, lack of informed consent, and failure to diagnose. Defendants counsel indicated he has been brief by his expert and is well aware of the issues in this matter. Defendant's counsel Craig Brodsky did not indicate that his expert or the Defendants acknowledge those claims as valid. However the fact remains that the Defendant's counsel was given notice regarding those claims. During the status conference on December 17, 2007, Defendant's counsel was given notice of the proposed additional claims of relief. In addition during that status conference the Court indicated that the proposed Motion for Leave to Amend the Verified Complaint was within the allotted time pursuant to the Scheduling Order entered August 17, 2007. Therefore the Defendants have had plenty of notice regarding

the new claims.

### 1. PLAINTIFF'S MOTION FOR LEAVE TO AMEND TO ADD NEW DEFENDANTS SHOULD BE GRANTED.

Defendant's opposition brief asserts that the new proposed defendants are not liable because the plaintiff did not answer Defendant's Request for Admission is ridiculous. Defendant counsel had notice of the claims during deposition of Plaintiff's expert. In addition the Motion For Leave to Amend and its proposed Amendment was filed, prior to Defendants brief in opposition to Plaintiff's Motion for Leave to Amend the Verified Complaint. This is an end around attempt to negate the Plaintiff's valid claims that the Defendants have had sufficient notice of the claims and the Plaintiff's intent on amending the Verified Complaint to include those claims.

In a recent case Baker v. Potter, 212 F.R.D. 8, 56 Fed R. Serv. 3d 995, 25 NDLR P 57 (D.D.C 2002), the Court thoroughly analyzed Federal Rules Of Civil Procedure Rule 36. The Court held "Federal Rules of Civil Procedure Rule 36 is "Designed to serve the "vital purpose" of reducing trial time, Federal Rule of Civil Procedure 36 seeks to define and limit the matters in controversy between the parties. Matters contained in the requested admissions are automatically deemed admitted unless the party served with the requests objects within 30 days of service or within a period specified by the court or by mutual agreement of the parties. FED.R.CIV.P.36(a); (citing Rainbolt v. Johnson, 669 F.2d 767, 768 (D.C.Cir.1981)).

In addition the Court held 'By its operation, then, Rule 36 ensures that the party securing the admissions may rely on their binding effect. Rainbolt, 669 F.2d at 768. This effect is intentional: if it were otherwise, the party that obtained the admission could not "safely avoid the expense of preparing to prove the very matters on which he has secured the admission, and the purpose of the rule [would be] defeated."" (citing FED.R.CIV.P. 36 advisory committee

notes.)

Furthermore the Court held 'Despite these strictures, however, the rule provides for a safety valve to ensure that the action is "resolved on the merits while assuring each party that justified reliance on an admission ... will not operate to his prejudice." *Id.* Under Rule 36(b), the court may permit withdrawal or amendment [of the admissions] when [1] the presentation of the merits of the action will be subserved thereby and [2] the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.'

In the instant case, the Defendants have had enough notice of these particular additional claims prior to the December 31, 2007 deadline. The purpose of Rule 36 is to narrow the claims issues, and matters in controversy. Plaintiff's proposed Amended Verified Complaint is attempting to accomplish this very task. If the Admissions are deemed admitted it would subserve the merits of this action. Clearly the Plaintiff has established thru expert testimony that additional Defendants deviated from the standard of care. Therefore the proposed defendants are necessary party defendants.

Next Defendants opposition brief asserts the argument that the statute of limitations has ran and the proposed amendment does not relate back. Plaintiff's Memorandum of Points and Authority clearly addresses this issue.

In addition Defendants opposition brief asserts that adding new defendants to this action is a result of undue delay. Subsequent to the initial Scheduling Conference in January 2007, during several telephone conversations with Defendant's counsel Craig Brodsky, Plaintiff's counsel requested Defendants counsel Craig Brodsky to identify the treating physicians because the medical records were not clear. Defendant's counsel Craig Brodsky never provided the

requested information. In addition Plaintiff's Counsel requested the information in several emails (See Exhibit 2, *whereas plaintiff's counsel made the request via email, and defendants counsel reply emails only addressed their request and ignored the request for the treating physicians*). The Defendants and their attorneys did not disclose the information until Defendants served their answers to Plaintiff's Interrogatories in October 2007.

Although the information was finally disclosed October 2007, Plaintiff was within the time allotted in the Scheduling Order to file a Motion for Leave to Amend the Verified Complaint. In addition, the Plaintiff's expert in preparing for his deposition, he further reviewed the medical records, and after re-reviewing the medical records discovered and presented additional deviations from the standard of care in treating the Plaintiff to the Plaintiff's counsel.

As such there is no undue delay in filing the Motion for Leave to file the Amended Verified Complaint.

The new party defendants will not be prejudice by being added to this litigation. The Plaintiff's injuries and claims are a direct result of the proposed new defendant's actions. In addition it is a truth that Defendants counsel was hired to represent all the current defendants in this matter, it not a stretch to assume that the Defendant's counsel would be retained to represent the additional new defendants. In addressing the issue of lack of participation in this action, the new defendants were put on notice that all persons employed by the Defendants who treated the Plaintiff were a party to this action. The defendants have had notice of the additional claims as early as February 2007, therefore Defendants argument that the new defendants will be prejudice because they have not participated in the discovery process, selection of witnesses, making decisions on tactical issues, advising Defendants counsel on shaping the conduct and development of the case, propounding discovery, and attending depositions are without merit. In

fact no defendant has attended any depositions. Furthermore, Defendant's assertion that witness memories have faded, and those witnesses might not be available is also without merit.

Plaintiff's expert has identified the deviations from the standard of care, and what doctors in the course of treating the Plaintiff deviated from the standard of care (See Exhibit 3, Deposition of Dr. Nizberg)

. In addition Plaintiff's expert can and will clearly identify that the new name defendants were the physicians that deviated from the standard of care.

### 2. PLAINTIFF'S MOTION FOR LEAVE TO AMEND TO ADD NEW CLAIMS SHOULD BE GRANTED.

#### (A) FAILURE TO OBTAIN PROPER CONSENT

Plaintiff's Memorandum and Point of Authority clearly address this issue. Plaintiff's request to add the claim of lack of informed consent, and failure to diagnose or misdiagnosis is valid and should be granted.

The plaintiff's new claim of failure to obtain proper consent is not futile. At no time prior to Plaintiff's surgery on August 19, 2004 did any of the Defendant's properly obtained the Plaintiff's consent to perform the surgery. First this surgery was an elective surgery, it was not necessary, nor was it performed during an emergency situation. The Plaintiff has a very serious medical condition, renal kidney failure. The Plaintiff has a significant medical history with numerous surgeries and procedures performed on the Plaintiff. Given the Plaintiff current medical condition, and the Plaintiff's medical condition at the time of the August 19, 2004 surgery there is no way she would have consented to this elective surgery if the risk of perforation of any internal organs would have occurred. The Plaintiff was on the list for kidney transplant which she desperately needs. If an injury occurs, like in this case, then the Plaintiff would be subjected to blood transfusion which if given to the Plaintiff would deleted her name

from the list of kidney transplant patients, for at least one to two months because a patient on the list for kidney transplant is not allowed to have any blood transfusions within a certain amount of days of the proposed kidney transplant surgery. Given the seriousness of the Plaintiff condition and the need for a kidney, the Plaintiff would have declined to have the peritoneal catheter elective placement surgery. Furthermore during Plaintiff's deposition, the Plaintiff testified that no Defendant disclosed any risk involved with this surgery. In fact the Plaintiff testified that the Defendants their agents, and or employee's only said that this was an in and out procedure done in 45 minutes and the Plaintiff should be home before rush hour traffic. Pursuant to the Plaintiff's perspective, and medical condition the risk of perforating an internal organ would have been critical and prevented the Plaintiff from obtaining a kidney transplant. This risk was not disclosed, and a reasonable person would consider this risk material if placed in the Plaintiff's shoes. In fact during the Plaintiffs deposition, the Plaintiff testified that on the day of the August 19, 2004 operation, she and Dr. Lu only talked about shoes, and no other doctor or employee of the hospital disclosed any risk. Furthermore the risk of perforation caused the injuries to the Plaintiff. The Plaintiff would not have consented to the surgery if she had been informed of the material risk of perforation of an internal organ.

In Defendant's opposition brief they assert that Plaintiff's expert did not know the incidence of bowl injury or pelvic abscess associated with placement of a peritoneal catheter. However, the information requested is in type that is obtained doing a quick research. However the Plaintiff's expert did identify that the peroration occurred as a result of the surgery. (See Exhibit 4, Deposition of Dr. Nizberg).

Defendant asserts Plaintiff signed a general consent form. During Plaintiff's deposition Defendants counsel asked numerous questions regarding consent forms and the Plaintiff's

knowledge of them. Defendants make a huge leap by stating because of the Plaintiff's education and work experience that she knew what she was signing. That is ludicrous. That is a far leap to say that because you are familiar with consent forms then you received proper disclosure and since you signed the form it does not matter if you did not receive any disclosure of the material risk. During Plaintiff's deposition the Plaintiff testified that the consent form was given to her to sign without any explanation or disclosure, and no disclosure of the risk of perforation was given at anytime prior to the August 19, 2004.

      **(B)   FAILURE TO DIAGNOSE OR MISDIAGNOSIS**

Plaintiff's request to file additional claim of failure to diagnose or misdiagnosis is not futile, untimely or prejudicial. In the paragraphs above the Plaintiff has addressed the issue of failing to respond to Defendants Request for Admission. If the admissions are deemed admitted it would subserve the merits of this case. In addition, Plaintiffs reason to amend the Verified Complaint is to narrow the issues and claims of relief. Plaintiff's expert has testified that these are valid claims of relief and the physicians whom treated the Plaintiff deviated from the standard of care by failing to diagnose the perforated bowl, cecum and or small or large intestines (see Exhibit 4, Deposition of Dr. Nizberg).

Defendants assert the Plaintiff's new claim is untimely. The Plaintiff's Motion to file is not untimely, pursuant to the August 2007, and December 2007 Scheduling Orders. During the Plaintiff's counsel's investigation, several Physicians not willing to go on the record, indicated that the treating physicians deviated from the standard of care by failure to diagnose the perforated bowl. Furthermore Plaintiff's expert initial review of the medical records indicated that it was probable that there was a deviation from the standard of care in failing to diagnose the perforation. In December 2007, during Plaintiff's expert review of the medical records in

preparation of his deposition, Plaintiff's expert again asserted that there was a deviation in the standard of care and at this time specifically named each deviation. The Defendants assertion that the Plaintiff is trying gain an advantage is without merit. Defendant's counsel was fully prepared and deposed Plaintiffs expert with questions designed to refute the Plaintiff's claim of failure to obtain proper consent or lack of informed consent, and failure to diagnose or misdiagnosis. As such Plaintiff is not attempting to sandbag the defendants but only filing Motion for Leave to File Plaintiff's First Amended Verified Complaint in order to narrow the issues and claims, pursuant to the Plaintiff expert's testimony.

### III.   CONCLUSION

Wherefore, for reasons stated herein, the plaintiff respectfully asked this Court to grant her Motion for Leave to Amend the Original Complaint.

Dated: New York, New York )
       January 22, 2008

                                    Respectfully submitted,

                                    /s/ Spencer F. Cargle
                                    Spencer Frederic Cargle, Esq.
                                    Cargle & Associates
                                    67 Wall Street, 22nd Floor
                                    New York, NY 10005
                                    Bar No. 470448
                                    *Attorney for Plaintiff*